UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

**YARON KWELLER,**

                        *Plaintiff*,

            *vs.*

**BROOME COUNTY, et al.,**

                        *Defendants*.

Civil Action No.:
3:24-cv-01328-ECC-ML

**DEFENDANTS MICHAEL A. KORCHAK AND MARK
LOUGHRAN'S MEMORANDUM OF LAW IN SUPPORT
OF THEIR MOTION TO DISMISS THE COMPLAINT**

**BARCLAY DAMON LLP**
*Attorneys for Defendants Michael A. Korchak
and Mark Loughran*
Office and Post Office Address
Barclay Damon Tower
125 East Jefferson Street
Syracuse, New York 13202

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................1

STATEMENT OF FACTS ..............................................................................................2

ARGUMENT .................................................................................................................3

      POINT I        ABSOLUTE PROSECUTORIAL IMMUNITY BARS
                           PLAINTIFF'S CLAIMS ..................................................................3

      POINT II      ALTERNATIVELY, KORCHAK AND LOUGHRANARE
                           PROTECTED BY QUALIFIED IMMUNITY ...............................6

      POINT III..... THE FIRST, EIGHTH AND TENTH CAUSES OF ACTION FAIL
                           TO REBUT THE PRESUMPTION OF PROBABLE CAUSE ......8

           a.  False Arrest Claim……………………………………………………….9

           b.  Malicious Prosecution Claim………………………………………...10

      POINT IV     THE SECOND CAUSE OF ACTION IS FORECLOSED
                           BY THE ACQUITTAL AND IS FACIALLY DEFICIENT AS A
                           MATTER OF LAW ....................................................................12

      POINT V      THE THIRD CAUSE OF ACTION FOR FAILURE TO
                           INTERVENE IS NOT PROPER AS AGAINST KORCHAK AND
                           LOUGHRAN AND IS FACIALLY INSUFFICIENT AS A
                           MATTER OF LAW .....................................................................13

      POINT VI     PLAINTIFF'S FOURTH CAUSE OF ACTION FAILS TO
                           ALLEGE INDIVIDUAL ACTIONS OF KORCHAK AND
                           LOUGHRAN WHICH VIOLATE PLAINTIFF'S
                           CONSTITUTIONAL RIGHTS AND FAILS TO ALLEGE
                           DELIBERATE INDIFFERENCE .................................................14

      POINT VII    THE SEVENTH CAUSE OF ACTION FOR CONSPIRACY
                             FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE
                           GRANTED ..................................................................................17

      POINT VIII  THE NINTH CAUSE OF ACTION FAILS TO PLEAD EXTREME
                             AND OUTRAGEOUS CONDUCT AND THEREFORE FAILS AS
                           A MATTER OF LAW .................................................................18

POINT IX      THE TWELFTH CAUSE OF ACTION FAILS TO MEET THE
                  HIGH PLEADING BURDEN FOR MALICIOUS ABUSE OF
                  PROCESS AND IS FACIALLY INSUFFICIENT AS A MATTER
                  OF LAW ........................................................................................19

CONCLUSION ................................................................................................................20

30650642.1

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ackerson v. City of White Plains*,
   702 F.3d 15 (2d Cir. 2012)........................................................................................9

*Acosta v. Ferraro*,
   2024 U.S. Dist. LEXIS 196716 (S.D.N.Y. Oct. 25, 2024) ....................................19

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..............................................................................................15

*Bank of Nova Scotia v. United States*,
   487 U.S. 250 (1988)..............................................................................................10

*Bd. of the Cnty. Commrs v. Brown*,
   520 U.S. 397 (1997)..............................................................................................15

*Berie v. Stevenson*,
   2019 U.S. Dist. LEXIS 33464 (N.D.N.Y. 2019) ....................................................9

*Breton v. City of New York*,
   404 F. Supp. 3d 799 (S.D.N.Y. 2019)..............................................................13, 14

*Cannistraci v. Kirsopp*,
   2012 U.S. Dist. LEXIS 68399 (N.D.N.Y. May 16, 2012)......................................12

*Connick v. Thompson*,
   563 U.S. 51 (2011)................................................................................................16

*Dory v. Ryan*,
   25 F3d 81 (2d Cir. 1994).........................................................................................3

*Dunlop v. City of New York*,
   2008 U.S. Dist. LEXIS 38250 (S.D.N.Y. May 6, 2008).........................................17

*Fernandez v. City of New York*,
   457 F. Supp. 3d 364 (S.D.N.Y. 2020)....................................................................19

*Gallop v. Cheney*,
   642 F.3d 364 (2d Cir. 2011)...................................................................................17

*Garnett v. Undercover Officer C0039*,
   838 F.3d 265 (2d Cir. 2016)..............................................................................12, 13

iii

*Harlow v. Fitzgerald*,
    457 U.S. 800 (1992)........................................................................................................7

*Hernandez v. United States*,
    939 F.3d 191 (2d Cir. 2019)........................................................................................15

*Hincapie v. City of New York*,
    434 F. Supp. 3d 61 (S.D.N.Y. 2020)..........................................................................12

*Jaegly v. Couch*,
    439 F.3d 149 (2d Cir. 2006)..........................................................................................8

*Jean-Laurent v. Wilkinson*,
    540 F. Supp. 2d 501 (S.D.N.Y. 2008), *aff'd*, 461 F. App'x 18 (2d Cir. 2012)........14

*Lopez v. Riley*,
    865 F.2d 30 (2d Cir. 1989)....................................................................................10, 11

*Manganiello v. City of New York*,
    612 F.3d 149 (2d Cir. 2010)....................................................................................8, 10

*Newton v. City of New York*,
    566 F. Supp. 2d 256 (S.D.N.Y. 2008)........................................................................13

*Outlaw v. City of Hartford*,
    884 F.3d 351 (2d Cir. 2018)........................................................................................16

*Pani v. Empire Blue Cross Blue Shield*,
    152 F.3d 67 (2d Cir. 1998)............................................................................................7

*Pinuad v. County of Suffolk*,
    52 F.3d 1139 (2d Cir 1995)........................................................................................3, 4

*Singer v. Fulton County Sheriff*,
    63 F.3d 110 (2d Cir. 1995)............................................................................................8

*Tangreti v. Bachmann*,
    983 F.3d 609 (2d Cir. 2020)........................................................................................15

*Thorpe v. Duve*,
    2020 U.S. Dist. LEXIS 177564 (N.D.N.Y. Sept. 28, 2020) ......................................10

*Tillman v. Hoffman*,
    2023 U.S. Ap. LEXIS 28976 (2d Cir. November 1, 2023)..........................................3

*United States v. Lombardozzi*,
    491 F.3d 61 (2d Cir. 2007)..........................................................................................10

iv

*United States v. Murphy,*
2024 U.S. App. LEXIS 16083 (2d Cir. July 2, 2024) ............................................................10

*Van de Kamp v. Goldstein,*
555 U.S. 335 (2009) ...................................................................................................................7

*Zappin v. Cooper,*
2024 U.S. App LEXIS 15081 (2d Cir. June 21, 2024) ........................................................19

**Statutes**

42 U.S.C. § 1983 ................................................................................................ *passim*

ADA ..........................................................................................................................7, 14

New York Criminal Procedure Law .............................................................................5

**Other Authorities**

Fourteenth Amendment ..............................................................................................13

Federal Rule of Civil Procedure 12(b)(6) ...................................................................1,7

New York State Constitution .........................................................................................8

v

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted on behalf of Defendants Michael A. Korchak ("Korchak") and Mark Loughran ("Loughran") in support of their motion to dismiss the Complaint [Dkt. 1] pursuant to Federal Rule of Civil Procedure 12(b)(6). Korchak and Loughran are protected from Plaintiff's claims by absolute and/or qualified immunity. Additionally, Plaintiff has failed to plead causes of action against Korchak and Loughran upon which relief can be granted. The Complaint is facially deficient on multiple causes of action asserted against Korchak and Loughran, and for the reasons more fully explained herein, the Complaint must be dismissed as a matter of law.

Korchak is the former District Attorney for Broome County and Loughran served as his Chief Assistant at the time that Plaintiff was arrested and subsequently prosecuted for various offenses arising out of an alleged sexual assault involving Defendants Samantha Herceg ("Herceg") and Hailey Demkovich ("Demkovich"). Defendant Alyssa Congdon ("Congdon") was the lead prosecutor assigned to the case and handled the investigation, presentation of the matter to grand jury, preparation of the case for trial and, ultimately, the prosecution of the action at trial. Following the trial, Plaintiff was acquitted.

Plaintiff, operating under the mistaken assumption that an acquittal equates to malicious prosecution, brought the instant action making allegations of violations of his constitutional rights under federal and state law including, malicious prosecution, false arrest, fabrication of evidence, withholding exculpatory evidence, failing to conduct an adequate investigation, failure to intervene, conspiracy, *Monell* claims for municipal liability, abuse of process, intentional, reckless or negligent infliction of emotional distress, and a theory of *respondeat superior* liability against

1

the municipal defendants. Each such cause of action is either improperly or insufficiently pled or inapplicable to Korchak and Loughran.

Even if the causes of action were properly and sufficiently pled, Plaintiff fails to overcome the significant hurdle of prosecutorial immunity afforded to Korchak and Loughran, whose activities as alleged in the Complaint, were entirely carried out in their capacity as prosecutors. For the reasons set forth below, the Complaint fails to assert any viable action for recovery of damages as against Korchak and Loughran and must therefore be dismissed as a matter of law.

## STATEMENT OF FACTS

The allegations in the Complaint, which are assumed to be true for purposes of this motion, claim violations of Plaintiff's constitutional rights relating to his arrest, the investigation of the charges against him, presentation of evidence to the grand jury, and prosecution at trial. Defendants Demkovich and Herceg allege that in the late evening/early morning of November 26-27, 2021, they were with Plaintiff at various establishments in Binghamton owned by Jordan Rindgen, as well as Rindgen's office on Washington Street, when they were sexually assaulted by Plaintiff, Rindgen, and Plaintiff's brother, Leor Kweller.

Plaintiff alleges that the District Attorney's Office and its employees, including Korchak and Loughran, failed to properly investigate the allegations made by Demkovich and Herceg. This includes an alleged failure to obtain electronic data from Demkovich and Herceg's cell phones which Plaintiff purports contained exculpatory evidence. Plaintiff also alleges that Congdon, the Assistant District Attorney assigned to prosecute the matter, was inexperienced, failed to properly investigate the case, failed to obtain evidence, and failed to disclose exculpatory materials. Plaintiff alleges that Korchak and Loughran failed to properly train and supervise Congdon in the investigation and prosecution of Plaintiff leading to alleged violations of his constitutional rights.

Plaintiff brings causes of action for malicious prosecution, false arrest, conspiracy, abuse of process, among others, each of which fails as to Korchak and Loughran due to the doctrine of absolute prosecutorial immunity.

## ARGUMENT

## POINT I

## ABSOLUTE PROSECUTORIAL
## IMMUNITY BARS PLAINTIFF'S CLAIMS

As the former District Attorney for Broome County and the former Chief Assistant District Attorney for Broome County, Korchak and Loughran are protected from Plaintiff's claims by absolute prosecutorial immunity. For the Court's convenience and to avoid repetition, Korchak and Loughran respectfully incorporate by reference the legal arguments and authority set forth by Congdon in Point I of her Memorandum of law in support of her motion to dismiss. [*See* Dkt. 65-1].

Notably, "[a] district attorney is absolutely immune from civil liability for initiating a prosecution and presenting the case at trial . . .[and] is also immune for conduct in preparing for those functions." *Tillman v. Hoffman*, 2023 U.S. Ap. LEXIS 28976, *3 (2d Cir. November 1, 2023) *quoting Hill v. City of New York*, 45 F.3d 653, 661 (2d Cir. 1995). Further, in determining whether absolute immunity attaches, the courts apply a "functional approach, as the liability shield covers virtually all acts that are associated with a prosecutor's function as an advocate." *Id.*; *see also Dory v. Ryan*, 25 F3d 81, 83 (2d Cir. 1994). In creating statutory relief pursuant to 42 U.S.C. § 1983, "Congress did not intend § 1983 to abrogate immunities 'well grounded in history and reason.'" *Pinuad v. County of Suffolk*, 52 F.3d 1139, 1147 (2d Cir 1995) *citing Tenney v. Brandhove*, 341 U.S. 367, 376 (1951). Further, "among the traditional official immunities that perdure is the absolute immunity for state prosecutors." *Pinaud*, 52 F.3d at 1147. Indeed, the Second Circuit has

3

described absolute immunity as a "formidable obstacle" to plaintiffs since it provides absolute immunity against a §1983 claim for a state prosecutor's conduct in "initiating a prosecution and in presenting the State's case . . . ." *Id.*

Plaintiff's Complaint fails to allege that Korchak or Loughran acted outside of their respective roles as the District Attorney and Chief Assistant District Attorney at any time. In fact, in paragraphs 13 and 14 of the Complaint, Plaintiff alleges the opposite. The application of absolute immunity turns upon whether the allegedly offending activity performed was a prosecutorial activity. *Pinaud,* 52 F.3d at 1150. Here, the only activities which Korchak and Loughran are alleged to have participated in, involve the supervision of Congdon. The Complaint is replete with allegations that Korchak and/or Loughran should have more closely supervised Congdon's work in investigating the case and preparing it for presentation to grand jury and trial. However, any act of supervision performed by Korchak or Loughran, whether done well or done poorly, was done in their capacity as District Attorney and Chief Assistant District Attorney and is therefore covered by the doctrine of prosecutorial immunity.

Specifically, Plaintiff alleges the following activities by Korchak and/or Loughran:

    a.  Korchak issued a video statement that several incidents had been reported and the investigation was ongoing. [Dkt. 1, ¶ 95].

    b.  Korchak and Loughran attended a meeting with Binghamton Police Department ("BPD") and asked Congdon to join, discussing the investigation so far and intended next steps to further the investigation. [Dkt. 1, ¶ 106, 107].

    c.  Korchak and/or Loughran assigned the case to Congdon. [Dkt. 1, ¶ 108].

    d.  Loughran attended a meeting with the BPD, Congdon, and criminal complainants, Herceg and Demkovich. [Dkt. 1, ¶ 111].

4

e. Loughran and Congdon undertook efforts to obtain electronic data from Herceg and Demkovich's cell phones. [Dkt. 1, ¶ 120].

f. Korchak and/or Loughran did not supervise or train Congdon as to procedure for obtaining a buccal swab or DNA sample. [Dkt. 1, ¶ 123].

g. Korchak and/or Loughran did not supervise or train Congdon as to procedure for obtaining electronic data. [Dkt. 1, ¶ 124].

h. Korchak and/or Loughran attended multiple meetings to discuss the investigation. [Dkt. 1, ¶ 125].

i. Korchak and/or Loughran assigned authority over the investigation to Congdon. [Dkt. 1, ¶ 127].

j. Korchak and/or Loughran did not recognize or disclose exculpatory information to the defense. [Dkt. 1, ¶ 150].

k. Korchak and/or Loughran did not supervise or train Congdon as to the procedure for discovery. [Dkt. 1, ¶ 152].

l. Korchak and/or Loughran did not supervise or train Congdon as to the procedure for indictment. [Dkt. 1, ¶ 153].

m. Loughran, with Congdon and Defendant Cronin, presented the case to Grand Jury. Korchak supervised the attorneys and presentation to the Grand Jury. [Dkt. 1, ¶ 156].

n. Korchak and Loughran filed a Certificate of Compliance pursuant to New York Criminal Procedure Law. [Dkt. 1, ¶ 159].

o. Korchak and Loughran did not disclose to Plaintiff Herceg's consensual relationship with another partner. [Dkt. 1, ¶ 161d].

5

p.  Korchak and Loughran did not take steps to have Herceg and Demkovich's cell phones preserved. [Dkt. 1, ¶ 162].

q.  Korchak and/or Loughran did not review the contents of a hard drive with the Herceg and Demkovich phone extractions. [Dkt. 1, ¶ 166].

r.  Materials extracted from Demkovich's cell phone were in the possession of the Broome County District Attorney's Office and text messages were not identified or disclosed to defense counsel. [Dkt. 1, ¶ 173].

Taking all of Plaintiff's allegations at face value and as true, as is required on a motion for dismissal, the activities of Korchak and Loughran alleged above were all prosecutorial in nature and performed within the scope of their employment and in their respective roles as District Attorney and Chief Assistant District Attorney. While Plaintiff may contend that the supervision of Congdon was performed poorly, which Defendants deny, this does not equate to malicious prosecution, violation of Constitutional rights, or a conspiracy against Plaintiff.

The application of prosecutorial immunity does not turn on how well a prosecutorial function was performed, but on whether the activity was prosecutorial in nature. Each of the activities alleged in the Complaint by Korchak and Loughran were part of their core functions as prosecutors and Korchak and Loughran are therefore entitled to the protections of absolute immunity. It is respectfully submitted that the Complaint must, therefore, be dismissed as against them in its entirety and with prejudice.

## POINT II

### ALTERNATIVELY, KORCHAK AND LOUGHRAN ARE PROTECTED BY QUALIFIED IMMUNITY

Korchak and Loughran are also protected by qualified immunity from Plaintiff's claims that they engaged in investigative or administrative tasks which fall outside the scope of absolute

6

prosecutorial immunity. Korchak and Loughran incorporate by reference as if more fully set forth herein the legal arguments and authority in Point II of Congdon's Memorandum of Law in support of her motion to dismiss. [*See* Dkt. 65-1].

Qualified immunity provides a shield to government officials from liability in performing discretionary tasks such as investigative functions or administrative activities when "not acting as an officer of the court" so long as their actions "[do] not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1992); *see also Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009) *citing Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Notably, application of qualified immunity can be determined on a motion pursuant to Federal Rule 12(b)(6) if the defense appears on the face of the complaint. *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998).

At all times referenced in the Complaint, Korchak and Loughran acted as officers of the Court, under color of law, and in their employment as District Attorney and Chief Assistant District Attorney. It was well within their duties and responsibilities to assign the investigation and prosecution of Plaintiff to ADA Congdon, an attorney with ten years of criminal defense experience. Korchak and Loughran were not alleged to have been involved in the investigation, interviewing/preparation of witnesses, collection of evidence, discovery, or the prosecution as a whole of Plaintiff. Korchak and Loughran were nominally involved in meetings to review and discuss the progress of the case as it proceeded and to be available to Congdon for consultation, advice, or guidance. To the extent that any of the above-referenced activities alleged to be performed by Korchak and Loughran (*see* Point I, subparagraphs "a" through "r" above) were not already covered by absolute prosecutorial immunity, then these activities are investigative or

administrative in nature, and therefore provide the protection of qualified immunity to Korchak and Loughran.

## POINT III

### THE FIRST, EIGHTH AND TENTH CAUSES OF ACTION FAIL
### TO REBUT THE PRESUMPTION OF PROBABLE CAUSE

Plaintiff's First Cause of Action (brought against Korchak but not Loughran) seeks damages for alleged violations of his constitutional right to be free from false arrest and malicious prosecution; his Eighth Cause of Action (brought against all defendants) seeks damages for the same under New York State law. Plaintiff's Tenth Cause of Action alleges violations of the New York State Constitution and alleges that Plaintiff was "wrongly arrested" and "maliciously prosecuted." [Dkt. 1, ¶ 289]. Korchak and Loughran incorporate by reference as if more fully set forth herein the legal arguments and authority set forth by Congdon in Points III and IV of her Memorandum of Law. Prosecutorial immunity shields Korchak and Loughran with respect to the claims made under the First, Eighth, and Tenth Causes of Action. Moreover, these causes of action are also baseless and require dismissal for the reasons set forth below.

The Second Circuit case law makes clear that "[t]he existence of probable cause for the arrest and malicious prosecution of [Plaintiff] . . . is a complete defense to [Plaintiff's] common law false arrest and malicious prosecution claims, as well as [Plaintiff's] § 1983 false arrest and malicious prosecution claims." *Manganiello v. City of New York*, 612 F.3d 149, 161-62 (2d Cir. 2010); *Jaegly v. Couch*, 439 F.3d 149, 152 (2d Cir. 2006); *Singer v. Fulton County Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995). Further, an "indictment by a grand jury establishes a rebuttable presumption of probable cause." *Manganiello*, 612 F3d at 162. The presumption of probable cause may be rebutted if there is evidence that the indictment was procured by "fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith." *Id.*

8

a.  <u>False Arrest Claim</u>

To prove false arrest under § 1983 (which are substantially the same elements under New York law), *Ackerson v. City of White Plains*, 702 F.3d 15, 19 (2d Cir. 2012), the plaintiff must establish "(1) the defendant intended to confine him, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." *Berie v. Stevenson*, 2019 U.S. Dist. LEXIS 33464, *14 (N.D.N.Y. 2019). "Probable cause is a complete defense to an action for false arrest . . ." *Ackerson*, 702 F.3d at 19.

In the instant matter, Congdon was responsible for the day-to-day handling of the Plaintiff's prosecution. She made the decision to arrest Plaintiff based upon ample probable cause that had been collected in the investigation which included the police report and sworn statements of the complainant victims, forensic rape examinations, and corroborating evidence that they were with Plaintiff and his criminal codefendants on the night in question. Additionally, there was surveillance video footage which corroborates the timeline of the evening provided by the complainants. The video footage, therefore, does not exonerate Plaintiff. Based upon the evidence gathered, Congdon had probable cause to have Plaintiff arrested. Korchak and Loughran were not alleged to have been involved in the day-to-day handling of the case, collection of evidence, discovery, or decision to present the matter to the grand jury.

Congdon made her presentation to the grand jury and obtained a proper grand jury indictment. The Complaint fails to allege with any specificity that the indictment was the result of fraud, perjury, suppression of evidence or bad faith. While there are broad allegations of "false testimony" and "fabricating evidence," Plaintiff fails to allege or identify the specific false testimony or the evidence that is alleged to have been fabricated. Absent such allegations, Plaintiff has failed to rebut the presumption of probable cause resulting from a grand jury indictment. For

these reasons, the claims for false arrest, even if not prohibited by prosecutorial immunity, must be dismissed as improper and without factual support.

    b.  <u>Malicious Prosecution Claim</u>

Plaintiff's First, Eighth and Tenth Causes of Action fail in their entirety since a grand jury indictment creates a presumption of probable cause, and probable cause is a complete defense to claims of malicious prosecution. *Manganiello v. City of New York*, *supra*; *Thorpe v. Duve*, 2020 U.S. Dist. LEXIS 177564 (N.D.N.Y. Sept. 28, 2020). Importantly, the government has no "legal obligation to present exculpatory evidence" to the grand jury since, such an obligation "would be incompatible with [the grand jury] system." *United States v. Murphy*, 2024 U.S. App. LEXIS 16083 (2d Cir. July 2, 2024) *quoting United States v. Williams*, 504 U.S. 36, 52 (1992). Further, dismissal of an indictment is only appropriate where there has been a knowing or reckless misleading statement as to an essential fact which "substantially influenced the grand jury's decision to indict . . ." *Bank of Nova Scotia v. United States*, 487 U.S. 250, 256 (1988).

"The mere fact that evidence presented to the grand jury was unreliable, misleading, or inaccurate, is not sufficient to require dismissal of an indictment." *United States v. Lombardozzi*, 491 F.3d 61, 79 (2d Cir. 2007). The dismissal of an indictment is particularly unwarranted when "[t]he particular claims of impropriety before the grand jury . . . concern the sufficiency of the evidence, a failure to develop exculpatory evidence by the prosecutor, the presentation of prejudicial evidence [, or] error in explaining the law . . ." which could be "cured in the trial before the petit jury." *Lopez v. Riley*, 865 F.2d 30, 33 (2d Cir. 1989).

Korchak did not work on the investigation or collection of evidence in this case, nor did he work in any capacity on the presentation of the case to the grand jury. Loughran was nominally involved in the case until it was assigned to Congdon for handling in December 2021. Korchak

and Loughran were not involved in the day-to-day handling of the case or investigation and relied upon the recommendations made by Congdon who was putting together the case for presentation to the grand jury. The case was presented to the grand jury and an indictment was returned which creates a presumption of probable cause. Additionally, it appears that Plaintiff is alleging that the failure to produce exculpatory evidence to the grand jury equates to fraud and fabrication of evidence. However, the prosecutor is not required to present exculpatory or allegedly exonerating evidence to a grand jury.

Claims that the prosecutor "failed to develop exculpatory evidence" or presented the testimony of a witness who may be unreliable is insufficient to require dismissal of an indictment. *See Lopez, supra.* Probable cause is an absolute defense to a malicious prosecution claim which Plaintiff has failed to rebut in his Complaint, and for these reasons, the First, Eighth and Tenth Causes of Action must be dismissed.

Further, Plaintiff also failed to allege that Korchak and Loughran acted against him with actual malice. The Complaint contains only posturing self-serving statements which are insufficient to meet the pleading requirement of a malicious prosecution claim. Notably, Korchak and Loughran were not involved in the investigation or decision-making as to the prosecution against Plaintiff. Having little to no interaction with the Plaintiff, the investigation, or the development of the prosecution against him, it cannot be said that Korchak or Loughran acted with any mal intent towards Plaintiff.

Lastly, prosecutorial immunity shields Korchak and Loughran from the malicious prosecution claim.

11

**POINT IV**

**THE SECOND CAUSE OF ACTION IS FORECLOSED
BY THE ACQUITTAL AND IS FACIALLY
DEFICIENT AS A MATTER OF LAW**

Plaintiff alleges in his Second Cause of Action (asserted against Korchak but not Loughran) violations of his constitutional rights and claims denial of a fair trial resulting from fabricating evidence, withholding exculpatory material and impeachment evidence, and deliberately failing to conduct a constitutionally adequate investigation. Korchak and Loughran incorporate by reference as if more fully set forth herein the legal arguments and authority set forth by Congdon in Point IV of her Memorandum of Law.

To be successful on a fabrication theory, Plaintiff must allege that "(1) an investigating official (2) fabricate[d] information (3) that is likely to influence a jury's verdict, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of life, liberty, or property as a result." *Garnett v. Undercover Officer C0039*, 838 F.3d 265 (2d Cir. 2016). An alleged fabrication of evidence by the police is not alleged to have been known to Korchak and liability cannot be imputed to him on this basis. Plaintiff's claims for alleged constitutional violations on this basis must fail as against Korchak and requires dismissal.

To prevail on a *Brady* claim, a plaintiff must show that "(1) the evidence at issue is favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the evidence was suppressed by the State; and (3) prejudice . . . ensued." *Hincapie v. City of New York*, 434 F. Supp. 3d 61 (S.D.N.Y. 2020) *quoting Leka v. Portuondo*, 257 F.3d 98, 98 (2d Cir. 2001). Notably, if a criminal defendant is acquitted, "notwithstanding an alleged *Brady* violation, the criminal defendant has not suffered prejudice and *Brady* has not been implicated." *Cannistraci v. Kirsopp*, 2012 U.S. Dist. LEXIS 68399, *52 (N.D.N.Y. May 16, 2012). The activities allegedly

12

undertaken by Korchak were supervisory in nature only and are primarily based on Plaintiff's contention that Korchak failed to properly supervise or train Congdon as to procedures for obtaining evidence or disclosing materials in discovery, not that Korchak himself fabricated evidence or withheld evidentiary materials. Even setting that aside, these allegations are explicitly prohibited by the doctrine of prosecutorial immunity and cannot lie against Korchak. Furthermore, because his acquittal extinguishes his claims for alleged violations of his Fourteenth Amendment rights, Plaintiff's claim of constitutional violations on this basis fails and must be dismissed.

Lastly, "there is no constitutional right to an adequate investigation." *Newton v. City of New York*, 566 F. Supp. 2d 256, 278 (S.D.N.Y. 2008). This claim is not recognized as a viable cause of action. Even if it were, Korchak was not involved in the investigation of Plaintiff. Even if he was, Korchak is entitled to the protections of qualified immunity.

For all of these reasons, the Second Cause of Action should be dismissed as a matter of law.

## POINT V

### THE THIRD CAUSE OF ACTION FOR FAILURE TO INTERVENE IS NOT PROPER AS AGAINST KORCHAK AND LOUGHRAN AND IS FACIALLY INSUFFICIENT AS A MATTER OF LAW

Plaintiff's Third Cause of Action claims a violation of his constitutional rights due to an alleged failure to intervene to prevent malicious prosecution. Korchak and Loughran incorporate by reference as if more fully set forth herein the legal arguments and authority set forth by Congdon in Point V of her Memorandum of Law.

A cause of action for failure to intervene is more appropriately asserted against law enforcement officers, not prosecutors. *See e.g. Garnett v. Undercover Officer C0039*, 838 F.3d 265 (2d Cir. 2016); *Breton v. City of New York*, 404 F. Supp. 3d 799 (S.D.N.Y. 2019). "A police

13

officer may be liable for failure to intervene under § 1983 where (1) the officer had a realistic opportunity to intervene and prevent the harm; (2) a reasonable person in the officer's position would know that the victim's constitutional rights were being violated; and (3) the officer does not take reasonable steps to intervene." *Jean-Laurent v. Wilkinson*, 540 F. Supp. 2d 501, 512 (S.D.N.Y. 2008), *aff'd*, 461 F. App'x 18 (2d Cir. 2012). Generally, a claim for failure to intervene cannot be brought against those actively involved in the prosecution itself. *Breton*, 404 F. Supp. 3d at 814.

Plaintiff failed to meet the requisite pleading elements for a failure to intervene cause of action as it pertains to Korchak and Loughran, who acted as prosecutors, not law enforcement officers. As set forth in the case law above, a claim for failure to intervene is not appropriate against the prosecutors involved in the prosecution. Since Korchak and Loughran were supervising the ADA assigned to the matter, this cause of action is not appropriate against them. Even if such a cause of action could properly be brought against Korchak and Loughran, which is denied, absolute immunity prohibits recovery. The Third Cause of Action must therefore be dismissed as a matter of law.

## POINT VI

### PLAINTIFF'S FOURTH CAUSE OF ACTION FAILS TO ALLEGE INDIVIDUAL ACTIONS OF KORCHAK AND LOUGHRAN WHICH VIOLATE PLAINTIFF'S CONSTITUIONAL RIGHTS AND FAILS TO ALLEGE DELIBERATE INDIFFERENCE

Plaintiff's Fourth Cause of Action under Section 1983 alleges supervisory liability alleging that the assistant district attorney prosecuting his case was not "adequately trained, supervised or disciplined. . ." [Dkt. 1, ¶ 212]. Plaintiff fails to plead facts which demonstrate that Korchak and Loughran, **through their individual actions**, violated Plaintiff's constitutional rights. Plaintiff also fails to plead facts which demonstrate the requisite deliberate indifference of his constitutional

14

rights by Korchak and Loughran making this cause of action inadequately pled and requiring dismissal.

To sufficiently attach liability based upon status as a supervisor, the plaintiff must plead that each "government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 612 (2d Cir. 2020); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Here, the only activities alleged to have been conducted by Korchak and Loughran were in their capacity as the supervisors of Congdon (*see* Point I, *supra*, subparagraphs "a" through "r"). There are no factual allegations to support individual actions taken by Korchak or Loughran which violated Plaintiff's constitutional rights. Even if properly pled, the activities alleged by Korchak and Loughran were done in the course of their employment as the District Attorney and Chief Assistant District Attorney and are therefore protected by absolute prosecutorial immunity.

The Supreme Court has held that municipal liability may be premised upon a failure to train employees if the inadequate training "reflects deliberate indifference to . . . constitutional rights." *City of Canton v. Harris*, 489 U…S. 378, 392 (1989). However, a plaintiff must allege that "a municipality's failure to train its employees in a relevant respect . . .amount[ed] to deliberate indifference to the rights of the persons with whom the untrained employees come into contact." *Hernandez v. United States*, 939 F.3d 191, 206 (2d Cir. 2019) *citing Connick v. Thompson*, 563 U.S. 51, 60 (2011).

A municipality may only be found to be deliberately indifferent where "it fails to act when it has actual or constructive notice, generally from a pattern of similar constitutional violations by untrained employees, that its training program is deficient." *Hernandez*, 939 F.3d at 207; *see also Bd. of the Cnty. Commrs v. Brown*, 520 U.S. 397, 409 (1997) ("[a] pattern of similar constitutional

violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train"). Importantly, a plaintiff must "demonstrate that the municipal action was taken with deliberate indifference to its known or obvious consequences. A showing of simple or even heightened negligence will not suffice." *Outlaw v. City of Hartford*, 884 F.3d 351, 373 (2d Cir. 2018).

Indeed, "proving that an injury or accident could have been avoided if an [employee] had had better or more training, sufficient to equip him to avoid the particular injury-causing conduct" is insufficient to sustain a failure to train cause of action pursuant to § 1983. *City of Canton*, 489 U.S. at 390. Section 1983 provides for a cause of action for failure to train or supervise "only where, in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers . . . can reasonably be said to have been deliberately indifferent to the need." *Id.*; *see also Connick v. Thompson*, 563 U.S. 51 (2011) ("recurring constitutional violations are not the 'obvious consequence' of failing to provide prosecutors with formal in-house training about how to obey the law").

Here, Plaintiff makes a conclusory allegations that the assistant district attorney should have been better trained so as to prohibit any instances of allegedly fabricating evidence or withholding exculpatory evidence. However, such allegations are insufficient, particularly where Plaintiff fails to allege **repeated** civil rights violations or **a pattern** of unlawful conduct by unsupervised employees which would give rise to deliberate indifference. *See Outlaw v. City of Hartford*, 884 F.3d 351, 373 (2d Cir. 2018). Plaintiff has failed to allege that Korchak or Loughran had any knowledge, actual or otherwise, that Congdon's prosecution of the case against Plaintiff was resulting in the violation of his constitutional rights. It cannot be said, therefore, that Korchak

and Loughran were deliberately indifferent in their roles as supervisors at the Broome County District Attorney's Office. For these reasons, the Fourth Cause of Action is improperly and insufficiently pled and must be dismissed as a matter of law.

**POINT VII**

**THE SEVENTH CAUSE OF ACTION FOR CONSPIRACY FAILS
TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

The Seventh Cause of Action seeks damages for alleged violations of Plaintiff's constitutional rights based upon a theory that Defendants conspired against him. Korchak and Loughran move for dismissal of this cause of action where Plaintiff has failed to properly plead the requisite elements against them. Korchak and Loughran incorporate by reference as if more fully set forth herein the legal arguments and authority set forth by Congdon in Point VII of her Memorandum of Law.

Significantly, "officers, agents, and employees of a single corporate or municipal entity, each acting within the scope of his or her employment, are legally incapable of conspiring with each other." *Dunlop v. City of New York*, 2008 U.S. Dist. LEXIS 38250, *28 (S.D.N.Y. May 6, 2008). Additionally, "claims of conspiracy containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss." *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011).

Plaintiff's complaint contains speculation and conjecture and lacks the specificity required to appropriately allege a conspiracy between the Binghamton Police Department ("BPD") and the District Attorney's Office. Even if properly pled, Korchak and Loughran were not involved in the investigation nor day-to-day activities of the prosecution and did not interact with the BPD in its collection of evidence or interviewing of witnesses. For those reasons, there could not have been any agreement between Korchak and Loughran and the BPD or a meeting of the minds to commit

17

any such activity or overt act against Plaintiff in the investigation of the criminal charges against Plaintiff. Plaintiff's Complaint fails to identify any such acts, activities, or acts done in concert by Korchak and Loughran and any other party. As the case law holds, Korchak and Loughran cannot be said to have conspired between themselves or with Congdon against Plaintiff, since they were all employees of the District Attorney's Office. Additionally, even had Korchak and Loughran been involved in building the case against Plaintiff, which is denied, their activities as District Attorney and Chief Assistant District Attorney are fully protected by the doctrine of absolute immunity and qualified immunity as set forth in Point I, *supra*.

## POINT VIII

### THE NINTH CAUSE OF ACTION FAILS TO PLEAD EXTREME AND OUTRAGEOUS CONDUCT AND THEREFORE FAILS AS A MATTER OF LAW

The Ninth Cause of Action asserts a claim for intentional, reckless and/or negligent infliction of emotional distress under New York law against all defendants. Korchak and Loughran incorporate by reference as if more fully set forth herein the legal arguments and authority set forth by Congdon in Point VIII of her Memorandum of Law.

Importantly, Plaintiff's Complaint is facially insufficient to meet the requisite elements of this state law tort. Namely, the failure to allege that the conduct is so "extreme and outrageous" which "transcends the bounds of decency." Korchak and Loughran were not involved in the prosecution of Plaintiff's case and did not exhibit any conduct which could possibly be deemed extreme or outrageous. Even if they had, any such activities of Korchak and Loughran were performed in their role as prosecutors and is therefore protected by the shield of absolute immunity.

As for a claim based upon negligent infliction of emotional distress, this too fails where Plaintiff failed to allege any facts showing that Korchak and Loughran breached any duty owed to Plaintiff which endangered his safety or caused him to fear for his safety. Without such allegations,

18

the pleading is insufficient and cannot sustain a cause of action for negligent infliction of emotional distress, requiring dismissal.

### POINT IX

### THE TWELFTH CAUSE OF ACTION FAILS TO MEET THE HIGH PLEADING BURDEN FOR MALICIOUS ABUSE OF PROCESS AND IS FACIALLY INSUFFICIENT AS A MATTER OF LAW

Plaintiff's Twelfth Cause of Action (asserted against Korchak but not against Loughran), alleges abuse of process and is not sustainable as against Korchak. According to the Second Circuit, we must look to state law for the elements of malicious abuse of process claims. In New York, a plaintiff must allege that the defendant "(1) employed regularly issued legal process to compel performance or forbearance of some act, (2) with intent to do harm without excuse or justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." *Zappin v. Cooper*, 2024 U.S. App LEXIS 15081, *4 (2d Cir. June 21, 2024). "Legal process means that a court issued the process, and the plaintiff will be penalized if he violates it." *Acosta v. Ferraro*, 2024 U.S. Dist. LEXIS 196716 (S.D.N.Y. Oct. 25, 2024). Importantly, "an arrest does not amount to 'regularly issued legal process' for the purposes of a malicious abuse of process claim." *Fernandez v. City of New York*, 457 F. Supp. 3d 364 (S.D.N.Y. 2020).

Plaintiff makes broad and conclusory allegations that Korchak had an ulterior motive for Plaintiff's arrest, namely, to quell public pressure. [Dkt. 1, ¶ 302]. Notably, Korchak did not make the decision to arrest Plaintiff, but, even if he had, the arrest itself is not "regularly issued legal process" sufficient to sustain a malicious abuse of process claim. Further, the grand jury indicted Plaintiff upon presentation of the same evidence upon which his arrest was based. Therefore, the commencement of the prosecution after indictment was proper and was not an abuse of process as a matter of law. Additionally, there is no allegation that Korchak had any intent to do harm to

19

Plaintiff. Since Korchak did not make the decision to arrest, present to grand jury, or institute a criminal proceeding following proper indictment, it can hardly be said that Korchak maliciously abused the legal process causing any damage to Plaintiff. As pled, the Twelfth Cause of Action is facially insufficient to meet the high burden required by a malicious abuse of process claim and must therefore be dismissed as a matter of law.

## CONCLUSION

For the reasons set forth hereinabove, Defendants Michael A. Korchak and Mark Loughran seek an Order and Judgment of this Court granting its motion pursuant to F.R.C.P. 12(b)(6) to dismiss the Plaintiff's Complaint in its entirety and for such other, further, and different relief as the Court deems just and proper.

**DATED:**     February 3, 2025          **BARCLAY DAMON LLP**

By: *s/Erin M. Tyreman*____
       Erin M. Tyreman, Esq.
       Robert A. Barrer, Esq.

*Attorneys for Defendants*
*Michael A. Korchak and Mark Loughran*
Office and Post Office Address
Barclay Damon Tower
125 East Jefferson Street
Syracuse, New York 13202
Telephone: (315) 425-2751
Facsimile: (315) 425-8544
E-mail: etyreman@barclaydamon.com
       rbarrer@barclaydamon.com

20

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2025, I filed the foregoing Memorandum of Law in Support of Motion to Dismiss of Michael A. Korchak and Mark Loughran with the CM/ECF system which sent notification of such filing to the following:

**THE FAST LAW FIRM, P.C.**
Attn: Elena Fast
521 Fifth Avenue 17th Floor
New York, NY 10175

**CUOMO LLC**
Attn: Oscar Michelen
200 Old Country Road, Suite 2 South
Mineola, NY 11501

**NEWIRTH LINEHAN PLLC**
Attn: Karen A. Newirth
43 West 43rd Street, Suite 160
New York, NY 10036

**WHITEMAN OSTERMAN & HANNA LLP**
Attn: Conor Lynch, Gabriella Levine, William S. Nolan
One Commerce Plaza
Albany, NY 12260
*Attorneys for City of Binghamton Defendants*

**LAW OFFICE OF EDWARD E. KOPKO**
Attn: Edward E. Kopko
202 East State Street, Suite 403
Ithaca, NY 14850
*Attorneys for Defendant Hailey Demkovich*

**BOUSQUET HOLSTEIN PLLC**
Attn: Lawrence M. Ordway, Jr., Kavitha Janardhan
110 West Fayette Street, Suite 1000
Syracuse, NY 13202
*Attorneys for Defendant Samantha Herceg*

30650642.1

**THE WLADIS FIRM, PC**
Attn: Christopher Baiamonte
Timothy J. Lambrecht
6312 Fly Road
East Syracuse, NY 13057
*Attorneys for Broome County and*
*Broome County District Attorney's Office*

**HACKER MURPHY LLC**
Attn: James C. Knox
Julie A. Cociolo
Alisha Elena Bhiomani
28 Second Street
Troy, New York 12180
*Attorneys for Defendant Alyssa Congdon*

**CAPEZZA HILL, LLP**
Attn: Benjamin W. Hill
Alexandra N. von Stackelberg
30 South Pearl Street, P-110
Albany, New York 12207
*Attorneys for Defendant Amanda Cronin*

s/ Erin M. Tyreman
Erin M. Tyreman
Bar Roll No. 700711

22

30650642.1