**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

YARON KWELLER,

                                        Plaintiff,

        v.

THE COUNTY OF BROOME, THE CITY OF
BINGHAMTON, THE BROOME COUNTY DISTRICT
ATTORNEY'S OFFICE, MICHAEL A. KORCHAK,
District Attorney, individual capacity, MARK LOUGHRAN,
Chief Assistant District Attorney, individual capacity,
ALYSSA CONGDON, Assistant District Attorney,
individual capacity, AMANDA CRONIN, Assistant District
Attorney, individual capacity, JEFF J. WAGNER, District
Attorney Investigator, individual capacity, JOSEPH
ZIKUSKI, Binghamton Police Department Chief, individual
capacity, CORY MINOR, Binghamton Police Department
Captain, individual capacity, AMANDA MILLER,
Binghamton Police Department Investigator, individual
capacity, JOHN DOES 1–10, representing Broome County
District Attorneys Office and Police Department Employees
Whose Names Are Currently Unknown, HAILEY
DEMKOVICH, and SAMANTHA HERCEG,

                                        Defendants.

Civil Action No.:
3:24-cv-01328 (AJB/ML)

---

**DEFENDANT JEFF J. WAGNER'S MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND IN SUPPORT OF
SETTING ASIDE THE CLERK'S ENTRY OF DEFAULT**

**HANCOCK ESTABROOK LLP**
James J. O'Shea, Esq. (Bar Roll #516403)
Erica L. Masler, Esq. (Bar Roll #703595)
*Attorneys for Defendant Jeff J. Wagner*
1800 AXA Tower I, 100 Madison Street
Syracuse, New York 13202
Telephone: 315-565-4500
joshea@hancocklaw.com

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ................................................................................. **1**

**BACKGROUND** ...................................................................................................... **1**

**ARGUMENT** ........................................................................................................... **3**

    I.    The Clerk's Entry of Default Should Be Set Aside Because Defendant Wagner's Default Was Not Willful. .................................................................................................. **4**

    II.   The Clerk's Entry of Default Should Be Set Aside Because There Is No Prejudice to Plaintiff. ..................................................................................................................... **5**

    III.    The Clerk's Entry of Default Should Be Set Aside Because Defendant Wagner Has Meritorious Defenses. ................................................................................................. **7**

    IV.    The Court Should Set Aside the Clerk's Entry of Default Given the Clear Preference for Resolving Disputes on the Merits. ........................................................................ **9**

**CONCLUSION** ....................................................................................................... **9**

4937-1570-9491, v. 1

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Am. Transit Ins. Co. v. Pierre*,
   No. 24-cv-360, 2024 WL 4648141 (E.D.N.Y. Aug. 27, 2024) .................................................5

*Axos Bank v. 64-03 Realty LLC*,
   No. 20-cv-3549, 2022 WL 3716538 (E.D.N.Y. May 12, 2022) ...............................................7

*Baykeeper, Inc. v. Skinnecock Baykeeper, Inc.*,
   No. 05-cv-4467, 2006 WL 436015 (E.D.N.Y. Feb. 22, 2006) .................................................7

*Car-Freshener Corp. v. Scented Promotions, LLC*,
   No. 19-cv-1158, 2020 WL 1188055 (N.D.N.Y. Mar. 12, 2020) ..............................................9

*De Curtis v. Ferrandina*,
   529 F. App'x 85 (2d Cir. 2013) ...............................................................................................3

*Enron Oil Corp. v. Diakuhara*,
   10 F.3d 90 (2d Cir. 1993).........................................................................................................3

*Finkel v. Romanowicz*,
   577 F.3d 79 (2d Cir. 2009)........................................................................................................8

*MD Produce Corp. v. 213 Food Corp.*,
   304 F.R.D. 107 (E.D.N.Y. 2014)..............................................................................................6

*New York v. Green*,
   420 F.3d 99 (2d Cir. 2005)....................................................................................................5, 9

*OEC Freight (NY) Inc. v. Stanley Furniture Co., Inc.*,
   No. 20-cv-9556, 2023 WL 3080775 (S.D.N.Y. Apr. 25, 2023) ..............................................3

*Oscilloscope Pictures, Inc. v. Monbo*,
   No. 17-cv-7458, 2019 WL 2435644 (E.D.N.Y. Mar. 25, 2019)......................................4, 5, 8

*Peoples v. Fisher*,
   299 F.R.D. 56 (W.D.N.Y. 2014)......................................................................................5, 7, 8

matter of *Rindgen v. Broome County, et al.*,
   N.D.N.Y. Case No. 3:24-cv-01325 (AJB/ML) .....................................................................2, 5

*SEC v. Alexander*,
   No. 00-cv-7290, 2003 WL 21196920 (S.D.N.Y. May 20, 2003) ............................................9

4937-1570-9491, v. 1

*Sibley v. Choice Hotels Int'l, Inc.*,
    304 F.R.D. 125 (E.D.N.Y. 2015) ........................................................................6, 9

*Swarna v. Al-Awadi*,
    622 F.3d 123 (2d Cir. 2010) ...................................................................................6

*United States v. Starling*,
    76 F.4th 92 (2d Cir. 2023) ..................................................................................3, 4

**Statutes**

42 U.S.C. § 1983 ........................................................................................................1

**Other Authorities**

Federal Rule of Civil Procedure 4(m) .......................................................................1

Federal Rule of Civil Procedure 55(c) ...................................................................1, 3

Federal Rule of Civil Procedure 55 .......................................................................3, 8

## PRELIMINARY STATEMENT

Plaintiff Yaron Kweller commenced this civil rights action against a number of Defendants asserting claims under 42 U.S.C. § 1983 and state law. After Defendant Jeff J. Wagner failed to answer or otherwise respond to the complaint and upon Plaintiff's request, the Clerk entered default against Defendant Wagner on March 19, 2025. That same day, Plaintiff filed a perfunctory motion for default judgment against Defendant Wagner. Because Defendant Wagner's default was not willful, Plaintiff is not prejudiced, and Defendant Wagner has meritorious defenses to the claims asserted against him, there exists good cause to set aside the Clerk's Entry of Default under Federal Rule of Civil Procedure 55(c) and deny Plaintiff's motion for default judgment.

## BACKGROUND

Plaintiff commenced this action on October 30, 2024. Dkt. No. 1. Plaintiff asserts a number of state and federal claims alleging that he was wrongfully arrested, charged, and prosecuted for rape. *See generally id.* At the time of the relevant events, Defendant Wagner worked as an investigator with the Broome County District Attorney's Office (the "DA's Office"). Declaration of Jeff J. Wagner dated April 7, 2025 ¶ 3. As against Defendant Wagner the complaint asserts causes of action for (1) false arrest and malicious prosecution under both 42 U.S.C. § 1983 and state law; (2) deprivation of liberty without due process of law and denial of a fair trial pursuant to 42 U.S.C. § 1983; (3) failure to intervene pursuant to 42 U.S.C. § 1983; (4) conspiracy pursuant to 42 U.S.C. § 1983; (5) intentional, reckless, or negligent infliction of emotional distress; (6) and violation of Article I, §§ 6, 12 of the New York State Constitution. *See generally* Dkt. No. 1.

Although Plaintiff sued many Defendants associated with the City of Binghamton and the County of Broome, Defendant Wagner was not served with the time allowed under Federal Rule

1

of Civil Procedure 4(m). After prompting from the Court, Plaintiff requested and received an extension of time to serve Defendant Wagner. *See* Dkt. Nos. 66, 69, 70. Plaintiff served Defendant Wagner on February 7, 2025 by delivering a copy of the summons and complaint to Defendant Wagner's wife at their residence. *See* Dkt. No. 72.

Defendant Wagner immediately contacted the Broome County Attorney to advise that he had been served in this lawsuit and in an attempt to secure legal representation. Wagner Decl. ¶ 11. Notably, Defendant Wagner had been served in the related matter of *Rindgen v. Broome County, et al.*, N.D.N.Y. Case No. 3:24-cv-01325 (AJB/ML), on November 12, 2024. Wagner Decl. ¶¶ 2–3, 5. Since that time, Defendant Wagner was in contact with the County Attorney regarding the County providing him with individual legal representation. *Id.* ¶¶ 6–7. On December 27, 2024, the County Attorney filed an answer in *Rindgen* on Defendant Wagner's behalf. *Id.* ¶ 8. Based on his communications with the County Attorney, and based on the fact that the County Attorney filed an answer on his behalf in *Rindgen*, Defendant Wagner reasonably understood and anticipated that the County would secure legal representation for him in this matter. *Id.* ¶ 12.

Plaintiff requested an entry of default against Defendant Wagner on March 18, 2025 (Dkt. No. 75), and a Clerk's Entry of Default was entered on March 19, 2025 (Dkt. No. 76). That same day, Plaintiff filed a motion for default judgment against Defendant Wagner (Dkt. No. 78). It was not until March 24, 2025 that the County Attorney informed Defendant Wagner that she had secured an outside firm to represent him in this matter and in *Rindgen*. Wagner Decl. ¶ 13. Although there was some delay and confusion in the process of securing his legal representation, Defendant Wagner did not deliberately fail to timely appear in this action or respond to the complaint. *Id.* ¶ 14.

4937-1570-9491, v. 1

Once retained, counsel promptly filed notices of appearance and this opposition to the default judgment motion. Defendant Wagner's appearance and opposition come only approximately two months after he was served and a little more than one month after his time to answer or respond to the complaint expired.

## ARGUMENT

Pursuant to Federal Rule of Civil Procedure 55(c), a court "may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Where there has not yet been an entry of default judgment, the Court should apply Rule 55(c)'s "good cause" standard for vacatur of a default. *See OEC Freight (NY) Inc. v. Stanley Furniture Co., Inc.*, No. 20-cv-9556, 2023 WL 3080775, at *2 (S.D.N.Y. Apr. 25, 2023). "When a default has been entered and a motion for default judgment has been filed, an 'opposition to a motion for a default judgment can be treated as a motion to set aside the entry of default despite the absence of a formal Rule 55(c) motion.'" *Id.* (quoting *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)).

The "good cause" standard for setting aside an entry of default "considers three factors: (i) the willfulness of the defaulting party, (ii) prejudice to the non-movant, and (iii) whether the defaulting party has a meritorious defense." *United States v. Starling*, 76 F.4th 92, 102 (2d Cir. 2023) (citing *Meehan*, 652 F.2d at 277). This standard "attaches consequences only to bad faith or tactical violations of court orders." *Id.* (citation omitted); *see id.* at 100 (describing the good cause standard as "lenient"); *see also De Curtis v. Ferrandina*, 529 F. App'x 85, 86 (2d Cir. 2013) (noting that, of the three factors, "willfulness carries the most weight"). A court may also consider other "relevant equitable factors," such as "whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993) (citation

3

omitted). Moreover, the Second Circuit "has 'expressed a strong preference for resolving disputes on the merits.'" *Oscilloscope Pictures, Inc. v. Monbo*, No. 17-cv-7458, 2019 WL 2435644, at *5 (E.D.N.Y. Mar. 25, 2019) (quoting *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)). Therefore, "all doubts must be resolved in favor of the party seeking relief from the judgment in order to ensure that[,] to the extent possible, disputes are resolved on their merits." *Id.*

The Court should deny Plaintiff's motion for a default judgment and set aside the Clerk's Entry of Default because all three good cause factors overwhelmingly favor Defendant Wagner.

## I.    The Clerk's Entry of Default Should Be Set Aside Because Defendant Wagner's Default Was Not Willful.

Defendant Wagner's default in this matter occurred due to confusion and delay in securing legal representation through the Broome County Attorney's office. This default does not rise to the level of willfulness.

A default is "willful" if it is "more than merely negligent or careless, but is instead egregious and not satisfactorily explained." *Oscilloscope Pictures, Inc.*, 2019 WL 2435644, at *6 (quoting *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 186 (2015)). A default may be "satisfactorily explained" when "it was caused by 'a mistake made in good faith.'" *Id.* (quoting *Swarna v. Al-Awadi*, 622 F.3d 123, 142 (2d Cir. 2010)). Because willfulness in this context "looks to 'egregious or deliberate conduct,'" even "'grossly negligent' actions do not necessarily qualify." *Starling*, 76 F.4th at 102.

Here, Defendant Wagner's default was not willful but rather was the product of confusion and delay in the process of Defendant Wagner's good-faith efforts to secure legal representation. At all relevant times—including the time the Clerk's Entry of Default was entered on March 19,

4

2025—Defendant Wagner was not represented by counsel in this matter. Defendant Wagner made diligent efforts to have representation secured on his behalf and was informed that the County Attorney's Office would secure him that representation. *Cf. Am. Transit Ins. Co. v. Pierre*, No. 24-cv-360, 2024 WL 4648141, at *4 (E.D.N.Y. Aug. 27, 2024) ("Courts in this district have previously held that a defendant's default was not willful when the defendant was not represented by an attorney at the time of service and had 'made diligent efforts to reach out to various attorneys to engage them' following service." (citation omitted), *report and recommendation adopted*, 2025 WL 863865 (E.D.N.Y. Mar. 19, 2025). Given that the County Attorney filed an answer on his behalf in *Rindgen*, Defendant Wagner also reasonably believed that the County Attorney's Office would represent his interests if individual representation were not secured. Once Plaintiff sought entry of default against Defendant Wagner, the County promptly retained individual counsel who responded timely to the motion for default judgment.

Accordingly, Defendant Wagner's default was not willful. Plaintiff's motion for default judgment should be denied and the Clerk's Entry of Default set aside.

## II. The Clerk's Entry of Default Should Be Set Aside Because There Is No Prejudice to Plaintiff.

The second factor the Court must consider in determining whether there exists good cause to set aside the Clerk's Entry of Default is "whether[,] and to what extent, vacating the default judgment will prejudice the non-defaulting party." *Oscilloscope Pictures, Inc.*, 2019 WL 2435644, at *8 (quoting *Green*, 420 F.3d at 110). Because "[s]ome delay is inevitable" when a motion to set aside a default is granted, "delay alone is not a sufficient basis for establishing prejudice." *Green*, 420 F.3d at 110; *accord Peoples v. Fisher*, 299 F.R.D. 56, 61 (W.D.N.Y. 2014) ("[D]elay standing alone does not establish prejudice."). Instead, the Court must consider "the effect of the delay caused by the defendant's default, such as thwarting 'plaintiff's recovery

5

or remedy, resulting in the loss of evidence, creating increased difficulties of discovery, or providing greater opportunity for fraud and collusion." *Swarna*, 622 F.3d at 142 (brackets, ellipses, and internal quotation marks omitted).

Here, Plaintiff cannot demonstrate that setting aside the Clerk's Entry of Default will prejudice him in any way. Setting aside the Clerk's Entry of Default and allowing Defendant Wagner to answer or otherwise respond to the Complaint will not occasion a material delay in this litigation, in which there are pending motions to dismiss the complaint filed by other Defendants. If the Clerk's Entry of Default is set aside, Defendant Wagner will be able to answer or respond to the complaint quickly and get on track with the other parties. Moreover, any delay, alone, is not enough to establish any prejudice to Plaintiff. Nor can Plaintiff make any showing that any delay will result in the loss of evidence or otherwise affect the discovery process, or that the delay will provide greater opportunity for fraud or collusion. Plaintiff therefore cannot "prevail on the prejudice prong." *Swarna*, 622 F.3d at 143 (finding no prejudice where there was "no explanation . . . as to how the delay would prejudice [the plaintiff's] claims"); *Sibley v. Choice Hotels Int'l, Inc.*, 304 F.R.D. 125, 131 (E.D.N.Y. 2015) (finding no prejudice where the case was "in its early stages and there [wa]s no indication that evidence has been lost or that vacating the default will result in difficulties of discovery"); *MD Produce Corp. v. 213 Food Corp.*, 304 F.R.D. 107, 110 (E.D.N.Y. 2014) (finding "no cognizable prejudice" where the plaintiff "fail[ed] to specify any particular prejudice it would suffer" and concluding that the delay occasioned by the defendants' default of more than one year was not "so prolonged as to raise a serious risk of lost evidence or increased difficulties of discovery").

The absence of any prejudice to Plaintiff is especially apparent under the present circumstances. The other Defendants have only recently answered or moved to dismiss the

6

complaint, and the motions to dismiss remain pending. Even if the Clerk's Entry of Default against Defendant Wagner were not vacated, Plaintiff and the remaining Defendants would continue to litigate this action. Discovery, particularly from the other County Defendants, will likely overlap in large measure with discovery from Defendant Wagner. Plaintiff therefore cannot establish that he will suffer any prejudice. *Cf. Axos Bank v. 64-03 Realty LLC*, No. 20-cv-3549, 2022 WL 3716538, at *8 (E.D.N.Y. May 12, 2022) ("Since discovery would likely be the same whether 64-03 is included in the case or not, and the defenses of all the defendants are intertwined, plaintiff will not be prejudiced by vacatur."), *report and recommendation by* Text Order dated May 30, 2022; *Baykeeper, Inc. v. Skinnecock Baykeeper, Inc.*, No. 05-cv-4467, 2006 WL 436015, at *6 (E.D.N.Y. Feb. 22, 2006) ("[T]he Plaintiffs will suffer no prejudice by the delay which has been caused as a result of the defaults entered in light of the fact that the there are four other defendants in this matter who have either only recently answered the complaint or have not even done so yet.").

Accordingly, setting aside the Clerk's Entry of Default will not result in any prejudice to Plaintiff, and this factor also weighs in favor of setting aside the entry of default.

### III.   The Clerk's Entry of Default Should Be Set Aside Because Defendant Wagner Has Meritorious Defenses.

Defendant Wagner has a number of meritorious defenses to the claims asserted against him in the complaint, further cementing the appropriateness of setting aside the Clerk's Entry of Default and denying Plaintiff's motion for default judgment.

In this context, a defense is meritorious "if it is good at law so as to give the factfinder some determination to make." *Fisher*, 299 F.R.D. at 60. To make a sufficient showing of a meritorious defense, a defendant "need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense."

7

*Oscilloscope Pictures, Inc.*, 2019 WL 2435644, at *7 (quoting *Green*, 420 F.3d at 109). "Defenses are subject to a 'low threshold of adequacy for Rule 55 purposes.'" *Fisher*, 299 F.R.D. at 60 (quoting *Meehan*, 652 F.2d at 277).

Here, Defendant Wagner's defenses to the claims asserted against him include, for example, that: (1) Defendant Wagner is entitled to qualified immunity; (2) any claim for false arrest against Defendant Wagner fails because Defendant Wagner no involvement in any investigation into Plaintiff prior to his arrest; (3) Defendant Wagner did not fabricate or suppress any information or evidence; (4) the conspiracy claim is barred by the intra-corporate conspiracy doctrine; and (5) Defendant Wagner acted at all relevant times reasonably, in good faith, and within the normal course and scope of his employment as investigator. *See* Wagner Decl. ¶¶ 15–19. Defendant Wagner also has grounds to make a meritorious motion to dismiss the pleading against him, because the sole allegation against him—that he was directed to but did not retrieve a folder of data in or around January 2022—does not state a cause of action against him as a matter of law. For example, there is no legally cognizable theory of liability based on a "negligent investigation," and there are *no* factual allegations plausibly alleging a conspiracy claim against Defendant Wagner.[1]

Thus, Defendant Wagner has meritorious defenses that should be heard on the merits, and the Clerk's Entry of Default should be set aside.

---

[1] Plaintiff's motion for default judgment should be denied on this basis as well. Even if Defendant Wagner could be deemed to have admitted the factual allegations contained in the complaint by virtue of the Clerk's Entry of Default, those factual allegations do not establish his liability as a matter of law. *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009).

4937-1570-9491, v. 1

IV.    **The Court Should Set Aside the Clerk's Entry of Default Given the Clear Preference for Resolving Disputes on the Merits.**

As noted above, the Second Circuit has expressed a clear and strong preference for resolving disputes on the merits. *Green*, 420 F.3d at 104. The Second Circuit has also stated that default judgment is an "extreme sanction" which "must remain a weapon of last, rather than first, resort." *Sibley*, 304 F.R.D. at 130 (quoting *Meehan*, 652 F.2d at 277). Thus, "[b]ecause defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Car-Freshener Corp. v. Scented Promotions, LLC*, No. 19-cv-1158, 2020 WL 1188055, at *8 (N.D.N.Y. Mar. 12, 2020) (citation omitted). Here, as set forth above, all the "good cause" factors overwhelmingly favor Defendant Wagner. Any doubt, however, should be resolved in favor of setting aside the Clerk's Entry of Default so that this matter, which is still in its infancy, may be resolved on its merits. *SEC v. Alexander*, No. 00-cv-7290, 2003 WL 21196920, at *2 (S.D.N.Y. May 20, 2003) (finding a "sufficient basis to set aside the entry of default" in light of the fact that the plaintiff had "not yet filed a motion [for] default judgment" and "mindful that defaults are disfavored").

**CONCLUSION**

For the foregoing reasons, Defendant Jeff Wagner respectfully requests that Plaintiff's motion for default judgment (Dkt. No. 78) be denied, that the Clerk's Entry of Default (Dkt. No. 76) be set aside, and that Defendant Wagner be given thirty (30) days to answer or otherwise respond to the Complaint, together with such other and further relief that the Court deems just and proper.

9

Dated:  April 8, 2025                          Respectfully submitted,

                                               **HANCOCK ESTABROOK, LLP**

                                    By:        _____
                                               Erica L. Masler, Esq. (Bar Roll #703595)
                                               James J. O'Shea, Esq. (Bar Roll #516403)
                                               *Attorneys for Defendant Jeff J. Wagner*
                                               1800 AXA Tower I, 100 Madison Street
                                               Syracuse, New York 13202
                                               Telephone: 315-565-4500
                                               joshea@hancocklaw.com

cc: All counsel of record via CM/ECF

4937-1570-9491, v. 1