UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YARON KWELLER,<br><br>                                      Plaintiff,<br>v.<br><br>THE COUNTY OF BROOME, THE CITY OF BINGHAMTON, THE BROOME COUNTY DISTRICT ATTORNEY'S OFFICE, MICHAEL A. KORCHAK, District Attorney, individual capacity, MARK LOUGHRAN, Chief Assistant District Attorney, individual capacity, ALYSSA CONGDON, Assistant District Attorney, individual capacity, AMANDA CRONIN, Assistant District Attorney, individual capacity, JEFF J. WAGNER, District Attorney Investigator, individual capacity, JOSEPH ZIKUSKI, Binghamton Police Department Chief, individual capacity, CORY MINOR, Binghamton Police Department Captain, individual capacity, AMANDA MILLER, Binghamton Police Department Investigator, individual capacity, JOHN DOES 1–10, representing Broome County District Attorneys Office and Police Department Employees Whose Names Are Currently Unknown, HAILEY DEMKOVICH, and SAMANTHA HERCEG,<br><br>                                    Defendants. | Civil Action No.:<br>3:24-cv-01328 (AJB/ML) |

**DECLARATION**

JEFF J. WAGNER, pursuant to 28 U.S.C. § 1746, does hereby declare:

       1.       I am a named Defendant in this lawsuit. I make this declaration in support of my opposition to Plaintiff Yaron Kweller's motion for default judgment against me (Dkt. No. 78) and in support of my request to vacate the Clerk's Entry of Default (Dkt. No. 76).

       2.       I am also named as a defendant in the matter of *Rindgen v. Broome County, et al.*, N.D.N.Y. Case No. 3:24-cv-01325 (AJB/ML). As I understand it, the *Rindgen* matter and the instant lawsuit arise out of the criminal investigations and prosecutions of Plaintiff and Jordan Rindgen, both of which related to underlying events occurring on November 27, 2021. Upon

1

information and belief, there is a third related matter which names me as a defendant, although I have not been served. *Leor Kweller, et al. v. County of Broome, et al.*, N.D.N.Y. Case No. 3:25-cv-00343 (AJB/ML).

3. From November 21, 2016 until December 29, 2023, I worked as an investigator in the Broome County District Attorney's Office (the "DA's Office"). It is my understanding that the allegations and claims against me in the instant matter and *Rindgen* relate to my work as investigator for the DA's Office.

4. I am currently a part-time Broome County employee working as a Fraud Investigator in the Broome County Government Security Division, Case Integrity Unit.

5. On or about November 12, 2024, I was personally served at my residence with the summons and complaint in *Ringden*. *See Ringden* Dkt. No. 21.

6. I immediately contacted Broome County Attorney Cheryl Sullivan regarding the County's providing me with representation in *Ringden*.

7. The County did not immediately procure individual legal representation for me. I followed up with Attorney Sullivan by email on December 4 and December 12, 2024.

8. On or about December 27, 2024, Attorney Sullivan filed an answer in the *Rindgen* matter on my behalf (and for other Broome County defendants). *See Rindgen* Dkt. No. 48.

9. In January 2025, Attorney Sullivan advised me that she was continuing to work on securing me legal representation in *Rindgen*.

10. On or about February 4, 2025, Plaintiff served me in the instant action by delivering the summons and complaint to my wife at our residence. *See* Dkt. No. 72.

11. Once again, I immediately contacted Attorney Sullivan in an attempt to secure individual representation for this matter and to advise her that I had been served.

2

12. Based on my communications with the County Attorney and her office, and based on the fact that the County Attorney's Office filed an answer on my behalf in *Rindgen*, I understood and anticipated that the County would secure legal representation for me in this matter.

13. It was not until March 24, 2025 that Attorney Sullivan informed me that she had secured an outside firm to represent me in this matter and in *Rindgen*. This is the same date that I was served with Plaintiff's motion for default judgment by mail.

14. I did not deliberately fail to appear in this action or respond to the complaint. There was simply some delay and confusion in the process of securing legal representation.

15. I had no involvement in any investigation into Plaintiff prior to his arrest in or around February 2022.

16. The complaint's allegations that "Defendant Congdon directed Defendant Wagner to retrieve the Saitta Folder from Mr. Saitta" in or around January 2022 and that I failed to retrieve the folder (*see* Dkt. No. 1 ¶¶ 117–119) are untrue. Again, I had no involvement with any investigation into Plaintiff (or Mr. Rindgen or Leor Kweller) prior to Plaintiff's arrest, which I understand to have occurred in February 2022.

17. I did not fabricate or suppress any evidence or information concerning Plaintiff or his associates during the course of the investigation or prosecution.

18. I had no interaction with the Binghamton City Police Department regarding the investigation or prosecution of Plaintiff. I did not conspire with any Binghamton City employee regarding Plaintiff or his rights.

19. At all times relevant to Plaintiff's action against me I acted reasonably, in good faith, and within the normal course and scope of my employment as investigation with the DA's Office.

I declare under the penalty of perjury that the foregoing is true and correct.

DATED: April 7, 2025					By: _____
							Jeffrey J. Wagner