UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

YARON KWELLER,

Plaintiff

Case No. 3:24-cv-01328-ECC-ML

- against -

THE COUNTY OF BROOME, THE CITY OF BINGHAMTON, THE BROOME COUNTY DISTRICT ATTORNEY'S OFFICE, DISTRICT ATTORNEY MICHAEL A. KORCHAK, CHIEF ASSISTANT DISTRICT ATTORNEY MARK LOUGHRAN, ASSISTANT DISTRICT ATTORNEY ALYSSA CONGDON, ASSISTANT DISTRICT ATTORNEY AMANDA CRONIN, DISTRICT ATTORNEY INVESTIGATOR JEFF J. WAGNER, BINGHAMTON POLICE DEPARTMENT CHIEF JOSEPH ZIKUSKI, BINGHAMTON POLICE DEPARTMENT CAPTAIN CORY MINOR, BINGHAMTON POLICE DEPARTMENT INVESTIGATOR AMANDA MILLER, all in their individual capacities, and JOHN DOES 1-10, representing Broome County District Attorney's Office and Police Department Employees Whose Names Are Currently Unknown, HAILEY DEMKOVICH, and SAMANTHA HERCEG,

Defendants.

**DEFENDANT BROOME COUNTY'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS**

Respectfully submitted,

The Wladis Law Firm, P.C.
*s/Christopher J. Baiamonte*
Christopher J. Baiamonte, Esq. (702528)
*s/Timothy J. Lambrecht*
Timothy J. Lambrecht (510390)
*Attorneys for Defendant Broome County*
P.O. Box 245
Syracuse, NY 13214
(315) 445-1700 (Office)
cbaiamonte@wladislawfirm.com
tlambrecht@wladislawfirm.com

## TABLE OF CONTENTS

INTRODUCTION ........................................................................................................ 1
ARGUMENT ............................................................................................................ 1
I. PLAINTIFF'S FIFTH CAUSE OF ACTION ........................................................ 1
II. PLAINTIFF'S SEVENTH CAUSE OF ACTION .................................................. 3
III. PLAINTIFF'S EIGHTH CAUSE OF ACTION ...................................................... 4
IV. PLAINTIFF'S NINTH CAUSE OF ACTION ........................................................ 5
V. PLAINTIFF'S TENTH CAUSE OF ACTION ........................................................ 6
VI. PLAINTIFF'S ELEVENTH CAUSE OF ACTION ................................................ 7
VII. PLAINTIFF FAILS TO ADDRESS THE COUNTY'S ARGUMENTS THAT ITS STATE LAW CLAIMS ARE BARRED ........................................................ 8
CONCLUSION ......................................................................................................... 9

**CASES**

*Baez v. Hennessy*, 853 F.2d 73, 77 (2d Cir. 1988) .......... 2

*Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 410–11 (1997) .......... 3

*Bryant v. Ciminelli*, 267 F. Supp. 3d 467, 479 (W.D.N.Y. 2017) .......... 9

*Burroughs v. Mitchell*, 325 F. Supp. 3d 249, 85 (N.D.N.Y. 2018) .......... 9

*City of Canton v. Harris*, 489 U.S. 378 (1989) .......... 2

*Cunninham v. New York City*, No. 04-CV-10232, 2007 WL 2743580 at *5 (S.D.N.Y.) .......... 5

*Ferreira v. City of Binghamton*, 38 N.Y.3d 298, 313 (2022) .......... 8

*Gabriel v. City of New York*, 89 A.D.3d 982, 983 (2d Dep't 2011) .......... 8

*Howell v. New York Post Co.*, 81 N.Y.2d 115, 122 (1993) .......... 5

*Jeffes v. Barnes*, 208 F.3d 49, 57 (2d Cir. 2000) .......... 2

*Karaduman v. Newsday, Inc.*, 51 N.Y.2d 531, 546 (1980) .......... 7

*Lipton v. Cnty. of Orange*, 315 F. Supp. 2d 434, 446 (S.D.N.Y. 2004) .......... 8

*Lowth v. Town of Cheektowaga*, 82 F.3d 563, 571 (2d Cir. 1996) .......... 5

*Maldovan v. Cnty. of Erie*, 39 N.Y.3d 166, 171 (2022) .......... 8

*Martinez v. City of Schenectady*, 97 N.Y.2d 78, 83 (2001) .......... 6

*McLean v. City of New York*, 12 N.Y.3d 194, 203 (2009) .......... 8

*Mesiti v. Wegman*, 307 A.D.2d 339 (N.Y. App. Div. 2003) .......... 5

*Savino v. City of New York*, 331 F.3d 63, 72–73 (2d Cir. 2003) .......... 4

*St. Louis v. Praprotnik*, 485 U.S. 112 (1988) .......... 2

*Taylor v. City of New York*, 269 F. Supp. 2d 68, 75 (E.D.N.Y. 2003) .......... 8

*Thompson v. Kline*, 504 F. Supp. 3d 200, 213–14 (W.D.N.Y. 2020) .......... 4

*Tigano v. United States*, 527 F. Supp. 3d 232, 249 (E.D.N.Y. 2021) .......... 6

*Valdez v. City of New York*, 18 N.Y.3d 69, 76–77 (2011) ............................................................. 8

*Walker v. City of New York*, 974 F.2d 293 (2d Cir. 1992) ............................................................. 2

## INTRODUCTION

Defendant County of Broome respectfully submits this reply memorandum of law in further support of its motion to dismiss the claims asserted against it in the Complaint. In its moving papers, the County demonstrated that Plaintiff has failed to state any viable claim for relief against it under federal or state law. Plaintiff's opposition largely reiterates the factual allegations from the Complaint without sufficiently addressing the legal standards applicable to his claims or the deficiencies identified in the County's motion. The County addresses Plaintiff's arguments why they should not prevent dismissal of Plaintiff's claims against the County, *in seriatim*.

## ARGUMENT

### I. PLAINTIFF'S FIFTH CAUSE OF ACTION

Plaintiff's Fifth Cause of Action is a *Monell* claim against the County based on alleged actions and omissions of the County District Attorney's office and its employees. Succinctly, Plaintiff fails to articulate any policy or custom pursuant to which any alleged violations of his constitutional rights were pursuant to, or to allege any pattern of similar conduct to justify a finding of deliberate indifference, or to show any actionable prejudice he has suffered. He cannot allege a general negligent investigation to support his claims, either, because no such cause of action exists under *Monell*. (Doc. No. 57-1 at 13–15). [1]

Plaintiff's argument mostly consists of a recitation of facts alleged in the Complaint.

---

[1] Plaintiff repeatedly argues that the County incorrectly asserted that Plaintiff's allegations rely upon "improper group pleading." (Doc. No. 80 at 8, 15–19). The County's Memorandum in Support of its motion references group pleading only once, in the context of Plaintiff's Eighth Cause of Action for False Arrest and Malicious Prosecution specifically. The County presumes Plaintiff's argument on this point was more in reference to the BPD Defendants' arguments at §§ II–III. The County endorses and incorporates those arguments.

(Doc. No. 80 at 75–80). However, it does not articulate any defined policy of the County. Instead, Plaintiff makes a blanket unsupported assertion that all of the County's attorneys named in the Complaint are "final policymakers" and that all actions taken by any policymaker are inherently a "policy or custom" for the purpose of *Monell*. *Id.* Plaintiff does not address why these County employees are policy makers or when the actions of such an employee constitute a policy or custom, but instead, Plaintiff relies on the finding of *Pembaur v. City of Cincinnati* that the City of Cincinnati was liable under § 1983 based upon the decision of the county prosecutor in that case. *Id.* (*citing* 475 U.S. 469, 481 (1986)).[2]

"Whether a particular official has final policymaking authority is a question of state law." *Praprotnik*, 485 U.S. at 123 (citations and quotations omitted). A District Attorney in New York is considered a policymaker for the State under §1983 when acting in a prosecutorial capacity, but not for the County. *Baez v. Hennessy*, 853 F.2d 73, 77 (2d Cir. 1988). To the extent the DA or his subordinates are acting in another capacity, i.e., administrative:

> the court must determine whether that official had final policymaking authority in the particular area involved. It does not suffice for these purposes that the official has been granted discretion in the performance of his duties. Only those municipal officials who have final policymaking authority may by their actions subject the government to § 1983 liability.

*Jeffes v. Barnes*, 208 F.3d 49, 57 (2d Cir. 2000).

Plaintiff has not alleged anything demonstrating that any County employees named in the Complaint have final policy making authority. Additionally, "[t]he fact that a particular

---

[2] Plaintiff correctly identifies the test annunciated in *Pembaur*: "municipal liability under § 1983 attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." However, the Supreme Court soon thereafter began to clarify this arguably "too broad" standard. *Walker v. City of New York*, 974 F.2d 293 (2d Cir. 1992) (*citing St. Louis v. Praprotnik*, 485 U.S. 112 (1988); *City of Canton v. Harris*, 489 U.S. 378 (1989)).

official—even a policymaking official—has discretion in the exercise of particular functions does not, without more, give rise to municipal liability." *Pembaur*, 475 U.S. at 481–82. *Monell* claims relying solely on hiring or delegation decisions are be rejected, absent a pattern of misconduct or a showing that the policymaking official's decision evidenced a conscious disregard for "an obvious risk that the [employee] would subsequently inflict a particular constitutional injury." *See Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 410–11 (1997). Even assuming that District Attorney Korchak or any other senior County employee was acting as a policymaker *for the County* in exercising supervisory authority over the handling of the investigation, Plaintiff has not plausibly alleged that assigning ADA Cronin or ADA Congdon—each of whom had significant criminal law experience—was unreasonable or reflected deliberate indifference. (Doc. No. 1 at ¶¶ 109, 129).

Plaintiff's attempt to construct a policy from this one-off event—grounded in supervisory delegation to prosecutors with years of relevant experience—falls far short of the "rigorous standards of culpability and causation" required to impose municipal liability. *Brown*, 520 U.S. at 405. Accordingly, Plaintiff's policymaker theory—and hence his *Monell* claim—fails as a matter of law.

## II.    PLAINTIFF'S SEVENTH CAUSE OF ACTION

Plaintiff's seventh cause of action alleges that all Defendants are liable for engaging in a conspiracy to deprive Plaintiff of his constitutional rights. (Doc. No. 1 at ¶¶ 263–66). This theory is logically incoherent. To hold a municipality liable under § 1983 for conspiracy, Plaintiff must plausibly allege that the alleged constitutional violations were undertaken pursuant to a municipal policy or custom. *See Monell*, 436 U.S. at 694. Plaintiff attempts to ground the alleged policy in the County's purportedly negligent supervisory decision to assign ADAs Cronin and

Congdon—repeatedly characterized as incompetent—to handle a complex criminal investigation. Yet Plaintiff simultaneously claims that these same prosecutors engaged in a deliberate, coordinated conspiracy with City officials and private complainants to suppress evidence and violate his rights. These two theories are mutually exclusive. If, as Plaintiff claims, Cronin and Congdon were unqualified and ill-equipped to manage the investigation, then how were they also capable of executing a sophisticated, multi-party conspiracy, and why would they have needed to? This contradiction is fatal to Plaintiff's *Monell*-based conspiracy theory.

Most importantly, Plaintiff fails to identify any facts suggesting that the County adopted a policy or custom of assigning prosecutors to with the intent or expectation that they would conspire to violate constitutional rights. *See Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 325 (2d Cir. 2002) (requiring more than "vague and conclusory" allegations to support a § 1983 conspiracy claim). The instant claim fails as a matter of law.

**III. PLAINTIFF'S EIGHTH CAUSE OF ACTION**

Plaintiff's claims for false arrest and malicious prosecution under New York law should be dismissed because there was probable cause for the arrest and because Plaintiff has not alleged any facts that demonstrate actual malice.

Plaintiff attempts to meet his burden (*Savino v. City of New York*, 331 F.3d 63, 72–73 (2d Cir. 2003)) to overcome the presumption created by Plaintiff's indictment that probable cause existed by asserting that the arrest was effectuated because the Defendants knew they did not have the evidence to establish probable cause, so they needed to get him in custody to collect evidence. (Doc. No. 80 at 33). Yet, Plaintiff was arrested and charged with a violation of New York Penal Law § 130.25(d). (Doc. No. 1 at ¶ 136). The bare ascription to any of the defendants of improper motives for this charge is exactly the type of "conjecture and surmise" that courts do

not allow to form the basis of a malicious prosecution claim. *See Thompson v. Kline*, 504 F. Supp. 3d 200, 213–14 (W.D.N.Y. 2020). If permitted on these grounds, this type of circular reasoning could form the basis for innumerable similar claims any time the arresting authorities happen to collect additional evidence of guilt after an arrest. Additionally, with respect to the County as a municipal entity, the Complaint does not allege anything tying it to the decision to arrest Plaintiff. (Doc. No. 1 at ¶¶ 128–133).

Continuing on the theme of circular reasoning, Plaintiff asserts that the Complaint successfully alleges "actual malice" by alleging absence of probable cause. (Doc. No. 80 at 60–61). The cases Plaintiff relies on to suggest that this is sufficient are distinguishable, mostly in that they contain something other than mere lack of probable cause *e.g.*, independent evidence of some wrong or improper motive. *See Lowth v. Town of Cheektowaga*, 82 F.3d 563, 571 (2d Cir. 1996) (incident giving rise to alleged overcharge involved Plaintiff attempting to drive away in police vehicle and engaging in physical altercation with charging officer); *Cunningham v. New York City*, No. 04-CV-10232, 2007 WL 2743580 at *5 (S.D.N.Y.) (charging officer alleged to have injured Plaintiff with baton and needed charge to justify same); *Mesiti v. Wegman*, 307 A.D.2d 339 (N.Y. App. Div. 2003) (evaluating whether to overturn a jury verdict—utilizing a different and more deferential standard).

**IV. PLAINTIFF'S NINTH CAUSE OF ACTION**

The County's Motion to Dismiss Plaintiff's Ninth Cause of Action for Intentional Emotional Distress is premised on the fact that the alleged conduct, even if assumed to be true, is both more closely associated with other forms of tort liability and not sufficiently outrageous in character or so extreme in degree to meet the high standard therefore. *See Howell v. New York*

*Post Co.*, 81 N.Y.2d 115, 122 (1993).[3] The County's basis for its Motion with respect to negligent or reckless infliction of emotional Distress is that Complaint fails to allege any facts that establish a duty owed specifically to him by the County, let alone facts demonstrating that the County or caused him to fear for his own physical safety. These are the well-established bases on which such a claim must be premised under New York law. *See Tigano v. United States*, 527 F. Supp. 3d 232, 249 (E.D.N.Y. 2021) (finding duty to criminal defendant plaintiff not violated by various administrative and procedural delays which allegedly prolonged the investigation and prosecution of his criminal process by many months).

## V. PLAINTIFF'S TENTH CAUSE OF ACTION

Plaintiff's reliance on Article I, Sections 6 and 12 of the New York State Constitution as independent causes of action against the County is unavailing. As courts in this Circuit have repeatedly recognized, claims under the New York State Constitution are unavailable when the plaintiff has an adequate alternative remedy at law, such as a tort claim under state common law or a § 1983 action. *See Martinez v. City of Schenectady*, 97 N.Y.2d 78, 83 (2001).

Plaintiff cites *Rodriguez v. City of New York* to suggest that the County's argument is deficient for failure to identify for the Plaintiff's benefit an alternative cause of action based in *respondeat superior*. (Doc. No. 80 at 88 (citing 623 F. Supp. 3d 225 (S.D.N.Y. 2022)). His reliance on this case is misplaced. The *Rodriguez* court expressly agreed with the County's position here that the plaintiff's claims under Art. I, Section 12 were duplicative of his state

---

[3] Plaintiff characterizes the County's motion as "essentially argu[ing] that Mr. Kweller's emotional distress is not extreme enough." ECF 80 at 85. The County's memorandum does not make this point. However, the County endorse and incorporates this argument, will defer to the arguments proffered by its codefendants for support therefore, and respectfully directs the Court to its memorandum for evaluation of its stated bases for dismissal of this claim. *See* ECF 57-1 at 22–23.

malicious prosecution claims, and dismissed them accordingly. *Rodriguez*, 623 F. Supp. at 260. Additionally, to the extent that a separate cause of action is deemed to be necessary to be identified particularly, Plaintiff's eleventh cause of action claiming blanket *respondeat superior* liability, without identifying any specific tort, should be construed as attaching to Plaintiff's other claims, including his eighth cause of action for false arrest and malicious prosecution,.

Here, Plaintiff has brought multiple tort and constitutional claims for the same alleged conduct, including malicious prosecution, abuse of process, and denial of due process under § 1983. (*See* Doc. No. 1 at 58 ("42 U.S.C. § 1983 *Monell* Claim Against Defendant County of Broome for the Actions and Omissions of the Broome County DA's Office and its employees")). As such, any separate claim under the New York Constitution is duplicative and barred. *See also Allen v. Antal*, 665 F. App'x 9, 13 (2d Cir. 2016). Accordingly, Plaintiff's tenth cause of action under the New York Constitution must be dismissed.

**VI. PLAINTIFF'S ELEVENTH CAUSE OF ACTION**

Plaintiff's eleventh cause of action seeks to impose liability on the County of Broome under a theory of respondeat superior, based on the alleged tortious conduct of its employees. While respondeat superior may support liability for certain state law torts when committed by municipal employees acting within the scope of their employment, Plaintiff's theory suffers from two fundamental flaws.

As to the state law torts, Plaintiff's argument fails because he has not plausibly alleged that the County's employees committed any actionable tort within the scope of their employment. For example, Plaintiff's malicious prosecution claim fails for lack of any factual showing of actual malice or the absence of probable cause. Without a viable underlying tort, there can be no derivative liability against the County under respondeat superior. *See Karaduman*

*v. Newsday, Inc.*, 51 N.Y.2d 531, 546 (1980). Moreover, Plaintiff's vague and conclusory references to misconduct by "County Defendants" fail to specify the alleged tortfeasor, the tortious act, or how the conduct fell within the scope of employment. In the absence of such specificity, respondeat superior liability cannot be sustained.

## VII. PLAINTIFF FAILS TO ADDRESS THE COUNTY'S ARGUMENTS THAT ITS STATE LAW CLAIMS ARE BARRED

In Section VII of its initial memorandum, the County argues that all of Plaintiff's state law causes of action must be dismissed under two well-established doctrines: the governmental immunity doctrine and the special duty rule. Plaintiff offers no meaningful rebuttal to this argument in his opposition. As such, the Court should deem the point conceded and dismiss the claims on this basis. *See Lipton v. Cnty. of Orange*, 315 F. Supp. 2d 434, 446 (S.D.N.Y. 2004); *Taylor v. City of New York*, 269 F. Supp. 2d 68, 75 (E.D.N.Y. 2003).

As set forth in the County's motion, New York law immunizes municipalities from tort liability arising out of their discretionary governmental functions—that is, decisions involving judgment, resource allocation, or policy implementation. *See Valdez v. City of New York*, 18 N.Y.3d 69, 76–77 (2011). Plaintiff's tort-based state law claims focus on decisions such as the selection and supervision of assistant district attorneys, and the prosecutorial or investigative strategy employed in his criminal case. These are classic examples of discretionary functions that fall squarely within the zone of immunity. *See McLean v. City of New York*, 12 N.Y.3d 194, 203 (2009); *Gabriel v. City of New York*, 89 A.D.3d 982, 983 (2d Dep't 2011) (decisions regarding how to conduct an investigation are discretionary and not actionable in tort).

Plaintiff does not contest that the conduct at issue was discretionary, nor does he demonstrate that the Complaint offers facts or legal argument to support an alternative theory that the County performed a ministerial function giving rise to liability. However, even if the

conduct were deemed ministerial, Plaintiff's claims would still fail because he does not allege facts sufficient to establish a "special duty," which is a threshold requirement for municipal tort liability based on ministerial acts. *See Ferreira v. City of Binghamton*, 38 N.Y.3d 298, 313 (2022). A special duty arises only in limited circumstances, such as when a statute imposes an obligation for the benefit of a particular class of persons, when the municipality voluntarily assumes a duty creating justifiable reliance, or when it exercises control over a known, dangerous condition. *See Maldovan v. Cnty. of Erie*, 39 N.Y.3d 166, 171 (2022). Plaintiff alleges none of these.

Courts in this Circuit consistently dismiss state law claims where a plaintiff fails to plead facts establishing a special duty. *See, e.g., Bryant v. Ciminelli*, 267 F. Supp. 3d 467, 479 (W.D.N.Y. 2017) (dismissing negligent infliction of emotional distress claim where plaintiff only alleged a generalized duty owed to the public); *Burroughs v. Mitchell*, 325 F. Supp. 3d 249, 85 (N.D.N.Y. 2018) (dismissing state law tort claims against municipality for failure to allege special duty).

Plaintiff has had ample opportunity to allege or argue the existence of a special duty and has failed to do so. Nor has he challenged the County's showing that the decisions at issue were discretionary. In light of this silence, and the well-established principles immunizing municipalities from tort liability in these circumstances, the Court should dismiss all state law causes of action asserted against the County.

**CONCLUSION**

For the foregoing reasons, the County respectfully requests an order dismissing the complaint in its entirety with prejudice.

DATED: April 24, 2025

Respectfully submitted,

The Wladis Law Firm, P.C.
*s/Christopher J. Baiamonte*
Christopher J. Baiamonte, Esq. (702528)
*s/Timothy J. Lambrecht*
Timothy J. Lambrecht (510390)
*Attorneys for Defendant Broome County*
P.O. Box 245
Syracuse, NY 13214
(315) 445-1700
cbaiamonte@wladislawfirm.com
tlambrecht@wladislawfirm.com

TO: All Counsel of Record via CM/ECF

**CERTIFICATE OF SERVICE**

I hereby certify that on April 24, 2025, I caused the foregoing document to be filed electronically with the Clerk of the District Court, Northern District of New York, using the CM/ECF system, which sent automatic and contemporaneous notification of such filing to all counsel who have made an appearance in this action.

/*s/Christopher J. Baiamonte*
Christopher J. Baiamonte, Esq. (702528)