UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

**YARON KWELLER,**

             *Plaintiff*,

    *vs.*

**BROOME COUNTY, et al.**,

             *Defendants*.

Civil Action No.:
3:24-cv-01328-ECC-ML

### DEFENDANTS MICHAEL A. KORCHAK AND MARK LOUGHRAN'S REPLY MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFF'S OPPOSITION AND IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT

**BARCLAY DAMON LLP**
*Attorneys for Defendants Michael A. Korchak and Mark Loughran*
Office and Post Office Address
Barclay Damon Tower
125 East Jefferson Street
Syracuse, New York 13202

31237111.1

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT IN REPLY ...................................................................1

ARGUMENT ...........................................................................................................1

    POINT I:      ABSOLUTE PROSECUTORIAL IMMUNITY BARS
                   PLAINTIFF'S CLAIMS ....................................................1

           A.  Allegations against Korchak and Loughran ....................................4

    POINT II:     THE FIRST, EIGHTH, AND TENTH CAUSES OF
                   ACTION MUST  BE DISMISSED WHERE PROBABLE
                   CAUSE EXISTED ...........................................................8

    POINT III:    THE SECOND CAUSE OF ACTION IS BARRED BY
                   ABSOLUTE IMMUNITY AND FAILS TO STATE A
                   CLAIM AS A MATTER OF LAW .........................................12

    POINT IV:    THE THIRD CAUSE OF ACTION FOR FAILURE
                   TO INTERVENE IS NOT PROPER AS AGAINST
                   KORCHAK AND LOUGHRAN AND REQUIRES
                   DISMISSAL AS A MATTER OF LAW .....................................15

    POINT V:     PLAINTIFF'S FOURTH CAUSE OF ACTION FAILS
                   TO ALLEGE INDIVIDUAL ACTIONS OF KORCHAK
                   AND LOUGHRAN WHICH VIOLATE PLAINTIFF'S
                   CONSTITUTIONAL RIGHTS ..............................................15

    POINT VI:    THE SEVENTH CAUSE OF ACTION FOR CONSPIRACY
                   FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN
                   BE GRANTED ...............................................................17

    POINT VII:   THE NINTH CAUSE OF ACTION IS DEFEATED BY
                   PROBABLE CAUSE AND REQUIRES DISMISSAL AS A
                   MATTER OF LAW ..........................................................19

    POINT VIII:  THE TWELFTH CAUSE OF ACTION FAILS TO MEET
                   THE HIGH PLEADING BURDEN FOR MALICIOUS ABUSE
                   OF PROCESS AND IS FACIALLY INSUFFICIENT AS A
                   MATTER OF LAW ..........................................................20

    CONCLUSION.....................................................................................20

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Anilao v. Spota*,
    27 F.4th 855 (2d Cir. 2022) ....................................................................................2

*Baltas v. Jones*,
    2021 U.S. Dist. LEXIS 245532 (D. Conn. December 27, 2021)............................14

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)..............................................................................................18

*Bernard v. United States*,
    25 F.3d 98 (2d Cir. 1994)........................................................................................8

*Betts v. Shearman*,
    751 F.3d 78 (2d Cir. 2014)......................................................................................8

*Bhatia v. Gaetano*,
    2008 U.S. Dist. LEXIS 25304 (D. Conn. March 31, 2008)...................................2

*Bodie v. Morgenthau*,
    342 F. Supp. 2d 193 (S.D.N.Y. 2004)..................................................................3, 4

*Bouchard v. Olmsted*,
    775 F. App'x 701 (2d Cir. 2019) ...............................................................3, 5, 6, 16

*Breton v. City of New York*,
    404 F. Supp. 3d 799 (S.D.N.Y. 2019)...................................................................15

*Brown v. Village of Endicott*,
    2025 U.S. Dist. LEXIS 49880 (N.D.N.Y. March 19, 2025).........................3, 11, 13

*Buari v. City of New York*,
    530 F. Supp. 3d 356 (S.D.N.Y. 2021)...................................................................14

*Campbell v. Giuliani*,
    2000 U.S. Dist. LEXIS 1617 (E.D.N.Y. February 16, 2000) ................................14

*City of Canton v. Harris*,
    489 U.S. 378 (1989)...............................................................................................17

*Coderre v. City of Wallingford*,
    668 F. App'x 399 (2d Cir. 2016) ...........................................................................19

31237111.1

*Crews v. County of Nassau*,
 2007 U.S. Dist. LEXIS 94597 (E.D.N.Y. December 27, 2007) .............................................14

*Espada v. Schneider*,
 522 F. Supp. 2d 544 (S.D.N.Y. 2007) .........................................................................................8

*Garnett v. Undercover Officer C0039*,
 838 F.3d 265 (2d Cir. 2016) ........................................................................................................15

*Giraldo v. Kessler*,
 694 F.3d 161 (2d Cir. 2012) .........................................................................................................2

*Gonzalez v. City of Schenectady*,
 728 F.3d 149 (2d Cir. 2013) ........................................................................................................8

*Hansel v. Sheridan*,
 991 F. Supp. 69 (N.D.N.Y. 1998) .............................................................................................19

*Harig v. City of Buffalo*,
 574 F. Supp. 3d 163 (W.D.N.Y. 2021), *aff'd*, 2023 U.S. App. LEXIS 12463
 (2d Cir. May 22, 2023) ..................................................................................................................8

*Hernandez v. United States*,
 939 F.3d 191 (2d Cir. 2019) ........................................................................................................17

*Heyliger v. Krygier*,
 335 F. Supp.3d 482 (W.D.N.Y. 2018) ......................................................................................16

*Hill v. City of New York*,
 45 F.3d 653 (2d Cir. 1995) ..........................................................................................................10

*Imbler v. Pachtman*,
 424 U.S. 409 (1976) ................................................................................................................9, 10

*Kanciper v. Lato*,
 989 F. Supp. 2d 216 (E.D.N.Y. 2013) ........................................................................................2

*Kellner v. City of New York*,
 2021 U.S. Dist. LEXIS 177698 (E.D.N.Y. Sept. 17, 2021) ......................................................2

*Lawlor v. Connelly*,
 471 F. App'x 64 (2d Cir. 2012) ...................................................................................................13

*Manganiello v. City of New York*,
 612 F.3d 149 (2d Cir. 2010) ...................................................................................................11, 12

*McCullough v. Graves*,
 2024 U.S. App. LEXIS 27503 (2d Cir. October 30, 2024) ......................................................18

iv

*Morris v. Haas*,
  2018 U.S. Dist. LEXIS 177171 (N.D.N.Y. October 16, 2018) ...............................................10

*Newton v. City of New York*,
  566 F. Supp. 2d 256 (S.D.N.Y. 2008) .......................................................................................14

*Perez v. Carrion*,
  2022 U.S. Dist. LEXIS 182030 (S.D.N.Y. October 4, 2022) ...................................................14

*Pinter v. City of New York*,
  976 F. Supp. 2d 539 (S.D.N.Y. 2013) ........................................................................................20

*Robinson v. Rome*,
  2011 U.S. Dist. LEXIS 43784 (E.D.N.Y. April 20, 2011) .......................................................14

*Rodriguez v. City of New York*,
  590 F. Supp. 3d 518 (E.D.N.Y. 2022) .......................................................................................18

*Savino v. City of New York*,
  331 F.3d 63 (2d Cir. 2003) ........................................................................................................11

*Schnitter v. City of Rochester*,
  931 F. Supp. 2d 469 (W.D.N.Y. 2013) ......................................................................................15

*Shmueli v. City of New York*,
  424 F. 3d 231 (2d Cir. 2005) .................................................................................................2, 8

*Tangreti v. Bachmann*,
  983 F.3d 609 (2d Cir. 2020) ......................................................................................................16

*United States v. LeFebvre*,
  117 F. 4th 471 (2d Cir. 2024) ......................................................................................................8

*United States v. Murphy*,
  2024 U.S. App. LEXIS 16083 (2d Cir. July 2, 2024) ..................................................10, 12, 13

*United States v. Rowland*,
  826 F.3d 100 (2d Cir 2016) ........................................................................................................13

*Van de Kamp v. Goldstein*,
  555 U.S. 335 (2009) ......................................................................................................................3

*Vann v. City of Rochester*,
  2019 U.S. Dist. LEXIS 108033 (W.D.N.Y. June 27, 2019) ...................................................1, 4

*Waite v. Gonzalez*,
  2023 U.S. Dist. LEXIS 57530 (E.D.N.Y. March 31, 2023) ...............................................14, 18

*Warney v. Monroe County*,
    587 F.3d 113 (2d Cir. 2009)........................................................................6

*Williams v. City of N.Y.*,
    2009 U.S. Dist. LEXIS (E.D.N.Y. October 9, 2009)..................................1

*Zielinski v. Annucci*,
    547 F. Supp. 3d 227 (N.D.N.Y. 2021) .....................................................16

**Statutes**

ADA............................................................................................................ *passim*

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ..........................................................1

31237111.1

## PRELIMINARY STATEMENT IN REPLY

This Reply Memorandum of Law is submitted on behalf of Defendants Michael A. Korchak ("Korchak") and Mark Loughran ("Loughran") in response to Plaintiff's Brief in Opposition to their motion seeking dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Despite Plaintiff's emphatic opposition, the law is clear that Korchak and Loughran's only involvement in Plaintiff's prosecution was prosecutorial in nature, supervisory, and therefore protected by absolute immunity. In addition, Plaintiff's Opposition fails to refute arguments and case law in Korchak and Loughran's motion for dismissal which show that the Plaintiff's causes of action are insufficiently pled as a matter of law and require dismissal.

## ARGUMENT

### POINT I
### ABSOLUTE PROSECUTORIAL
### IMMUNITY BARS PLAINTIFF'S CLAIMS

Review of the specific allegations against Korchak and Loughran in the Complaint confirm that their alleged activities were entirely prosecutorial in nature and were not of an investigatory nature. Many of the allegations against Korchak and Loughran stem from their role as supervisors of ADA Congdon. The alleged activities by Korchak and Loughran are protected by the doctrine of absolute immunity and the Complaint must therefore be dismissed as against them in its entirety with prejudice.

"It is well established that the decision to initiate prosecution, what charges to bring, and how to perfect and consolidate those charges is a quintessential prosecutorial function." *Vann v. City of Rochester*, 2019 U.S. Dist. LEXIS 108033, *9 (W.D.N.Y. June 27, 2019) (*quoting Ogunkoya v. Monagham*, 913 F.3d 64, 71 (2d Cir. 2019)); *see also Williams v. City of N.Y.*, 2009 U.S. Dist. LEXIS, *29 (E.D.N.Y. October 9, 2009) ("Evaluating evidence and deciding whether

1

to initiate a prosecution are exactly the sort of actions for which absolute immunity shields prosecutors from liability"). This is true even where, after considering the weight of the evidence, the prosecutor decided to institute a criminal proceeding despite knowledge of evidence that witnesses were lying. *See Bhatia v. Gaetano*, 2008 U.S. Dist. LEXIS 25304 (D. Conn. March 31, 2008). The Second Circuit has held that "absolute immunity extends even to a prosecutor who 'conspir[es] to present false evidence at a criminal trial . . . because the immunity attaches to his function [as prosecutor], not to the manner in which he performed it." *Anilao v. Spota*, 27 F.4th 855, 863-64 (2d Cir. 2022). Absolute immunity attaches "regardless of any allegations that the [prosecutor's] actions were undertaken with an improper state of mind or improper motive." *Shmueli v. City of New York*, 424 F. 3d 231, 237 (2d Cir. 2005).

In contrast, where a prosecutor engages in interviews and the process of gathering evidence prior to the arrest, courts have generally concluded that such conduct is investigative in nature and not subject to absolute immunity. *See Kellner v. City of New York*, 2021 U.S. Dist. LEXIS 177698 (E.D.N.Y. Sept. 17, 2021). Investigative acts are those "undertaken in the phase of law enforcement that involves gathering and piecing together of evidence for indications of criminal activities and determination of the perpetrators." *Kanciper v. Lato*, 989 F. Supp. 2d 216, 229 (E.D.N.Y. 2013). Even still, decisions **whether to commence or continue a prosecution** are "shielded by absolute immunity when done by prosecutors." *Giraldo v. Kessler*, 694 F.3d 161, 166 (2d Cir. 2012).

A District Attorney or Chief Assistant District Attorney acting in a supervisory capacity enjoys absolute immunity for activities which "require legal knowledge and the exercise of related discretion . . ." but will not be afforded absolute immunity for administrative duties involving "workplace hiring, payroll administration, the maintenance of physical facilities, and the like."

2

*Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009). Notably, where supervision of ADAs or office policies relate to the prosecutorial decisions for which ADAs have absolute immunity, "then those derivative allegations against supervisors must also be dismissed on the ground that the supervising district attorneys have absolute immunity for the prosecution-related decisions of their subordinates . . ." *Bodie v. Morgenthau*, 342 F. Supp. 2d 193, 205 (S.D.N.Y. 2004).

Importantly, "suits challenging the training and supervision of prosecutors are barred by absolute prosecutorial immunity." *Bouchard v. Olmsted*, 775 F. App'x 701, 704 (2d Cir. 2019).

In a pending matter, this Court recently issued a ruling on a motion for summary judgment which held that supervising District Attorneys require a separate analysis of their activities for purposes of applying absolute immunity, compared with the assistant district attorney assigned to handle the case. *See Brown v. Village of Endicott*, 2025 U.S. Dist. LEXIS 49880 (N.D.N.Y. March 19, 2025). In *Brown*, the Court held that "Cornwell is entitled to absolute immunity for the actions taken in his capacity as Broome County District Attorney, supervising [ADA] Milks' decisions in Plaintiff's criminal case." *Id.* at *66. The Court also held that the factual assertions against DA Korchak (Cornwell's successor) were only in his capacity as Milks' supervisor and the Court therefore dismissed the Complaint as against the District Attorneys as barred by absolute immunity. *Id.* at *66-67.

In the instant matter, Plaintiff has improperly combined the activities of ADA Congdon and the supervisory activities of Korchak and Loughran together in his Complaint and Opposition to the motion to dismiss, arguing that all of the activities of the "District Attorney Defendants" were investigatory in nature and therefore not subject to absolute immunity. The above cited cases make clear, however, that there is a separate analysis with respect to the application of the absolute immunity doctrine for District Attorneys and Chief Assistant District Attorneys acting as

3

supervisors. Notably, Plaintiff concedes in his Complaint that as of December 8, 2021, "Korchak and/or Defendant Loughran assigned Defendant Congdon to the investigation . . . and Defendant Korchak would be available for guidance," (Dkt. 1, ¶ 108) and "Defendant Korchak and Loughran ceded ultimate decision-making authority over the investigation to Defendant Congdon." Dkt. 1, ¶ 127. Therefore, any activity of Korchak and Loughran alleged to have taken place after December 8, 2021 was prosecutorial in nature since their only role was to act as Congdon's supervisors.

**A. Allegations against Korchak and Loughran**

Plaintiff states in his Opposition that Korchak and Loughran "personally approved and authorized Plaintiff's arrest . . ." referring to paragraphs 129-132 of the Complaint (Dkt. 80, p. 39); however, no such allegation is contained in the Complaint. Even assuming this were true, the decision **whether to initiate a prosecution** is protected by absolute immunity (*Vann v. City of Rochester*, *supra*) and as her supervisors, Korchak and Loughran enjoy the same absolute immunity. *Bodie*, *supra.* The remainer of page 39 of Plaintiff's Opposition points to activities of ADA Congdon and Cronin, not Korchak and Loughran. Dkt. 80, p. 39-40.

Plaintiff attempts to circumvent the absolute immunity protecting Korchak and Loughran by asserting allegations against the Broome County District Attorney's Office ("BCDAO") as a whole. Plaintiff refers to paragraphs 104 through 127 as allegations of the investigatory activities of the "District Attorney Defendants," which improperly combines the actions of Korchak, Loughran, Congdon, and Cronin together when the law requires a separate analysis for Korchak and Loughran as supervisors. Dkt. 80, p. 41. Looking at paragraphs 104 through 127 of the Complaint the allegations against Korchak and Loughran are supervisory in nature and/or do not demonstrate any malfeasance:

- Korchak asked Defendant Congdon to attend a meeting with the Binghamton Police Department ("BPD"). Dkt. 1, ¶ 105. As her supervisors, Korchak and Loughran assigned this matter to ADA Congdon. This is not an investigative activity by Korchak or Loughran and absolute immunity is therefore applicable as a matter of law.

- Korchak, Loughran and Congdon attended the December 8, 2021 meeting with BPD. Dkt. 1, ¶ 106. While this activity may be investigative in nature, there is no allegation of malfeasance here, and Korchak and Loughran would be entitled to qualified immunity regardless.

- Loughran stated in the meeting that the contents of Herceg and Demkovich's phones should be obtained. Dkt. 1, ¶ 107. Again, there is no malfeasance here.

- Plaintiff makes a generic allegation that no one at the BCDAO made any efforts to obtain the electronic data from Herceg and Demkovich's phones. Dkt. 1, ¶ 110. However, Plaintiff then contradicts himself by alleging in the very next paragraph that on December 14, 2021, Loughran, Congdon and members of the BPD met with Herceg and Demkovich to obtain consent to extract electronic data from their phones. Dkt. 1, ¶ 111. Again, while this activity could be considered investigatory in nature, there is no malfeasance or wrongdoing alleged.

- Congdon made "Loughran and/or Korchak" aware of the Saitta folder containing printouts from the cell phones. Dkt. 1, ¶ 119. This allegations shows that Congdon was reporting back to her supervisors the status of the case to keep them informed. Additionally, there is no malfeasance alleged here.

- Plaintiff makes generic allegations that "no one" from the BCDAO made efforts to obtain the Saitta folder or make Plaintiff's counsel aware of it. Dkt. 1, ¶ 119. He relies on this to argue that Korchak and Loughran allegedly committed a *Brady* violation. However, no one at BCDAO had any knowledge as to the contents of a folder not in their possession. The contents were obtained after the grand jury indictment and in advance of trial, so there was no *Brady* violation as it relates to the contents of the Saitta folder, and even if there were, such activity was prosecutorial in nature and protected by absolute immunity.

- Plaintiff alleges in paragraph 122 of the Complaint that BCDAO and BPD "worked closely during the investigatory period . . ." Dkt. 1, ¶ 122. However, the remainder of the allegations of this paragraph do not pertain to Korchak or Loughran, because Korchak and Loughran were not involved with the investigation.

- Plaintiff alleges that Korchak and Loughran failed to correct "mistakes of law" made by Congdon (Dkt. 1, ¶ 123, 124); however, claims regarding supervision and training of an assistant district attorney are barred by absolute immunity. *Bouchard, supra.*

- In paragraph 125 of the Complaint, Plaintiff alleges multiple meetings between Korchak, Loughran, and Congdon regarding this case, which were prosecutorial in

5

nature since there was no participation in the investigation and no involvement of the BPD in these meetings. Dkt. 1, ¶ 125. Since the meetings were prosecutorial in nature, absolute immunity applies.

- Plaintiff alleges that Korchak and Loughran assigned the prosecution of this matter to Congdon despite knowing that she was not experienced. Dkt. 1, ¶ 127. However, actions challenging the training and supervision of assistant district attorneys are barred by absolute immunity. *Bouchard*, *supra.* Separately, there is no basis, and none is alleged, for the conclusory statement that Congdon was not competent to prosecute the case.

Additionally, Plaintiff makes sweeping allegations in his Opposition which are inconsistent with the allegations made in the Complaint. Plaintiff alleges that prior to Plaintiff's arrest, the "District Attorney Defendants" knew of the DNA results from the rape kits which allegedly contradicted Herceg and Demkovich's accounts, that Demkovich questioned whether the contact was consensual, that there was allegedly no evidence to corroborate their claims, and surveillance video contradicted their claims. Dkt. 80, p. 41. Plaintiff further alleges all of this information was withheld from Plaintiff during the investigation and is a *Brady* violation. Dkt. 80, ¶ 41. Even if it were true that the DNA test results were not timely disclosed, which is denied, such an activity is protected by absolute prosecutorial immunity. *Warney v. Monroe County*, 587 F.3d 113, 123-24 (2d Cir. 2009).

However, the Complaint details a markedly different timeline of events. Korchak and Loughran assigned the case and ceded decision-making authority to ADA Congdon on December 8, 2021. Dkt. 1, ¶ 108, 127. Plaintiff was arrested in February 2022. Dkt. 1, ¶ 134. Plaintiff was not ruled out as a contributor to the DNA of the Herceg rape test kit until July 2022. Dkt. 1, ¶ 161. Additionally, BCDAO did not possess or have knowledge of the full contents of Herceg's and Demkovich's cell phones until the data was extracted in November 2022, eight months after the grand jury issued an indictment. Dkt. 1, ¶ 165. Even then, Demkovich had obtained a new phone in March 2022 so the data from November 2021 through March 2022 was not present on the hard

6

drive. Dkt. 1, ¶ 171. The contents of the Saitta Folder which showed printouts from Herceg's and Demkovich's phone was not obtained and in the possession of the BCDAO until June 2023. Dkt. 1, ¶ 176. Therefore, Plaintiff's claims in his Opposition to Korchak and Loughran's motion to dismiss contradict his own allegations in the Complaint and clearly show that the alleged contradictory materials were not in the possession of ADA Congdon and/or the BPD until months after the Plaintiff's arrest and the grand jury indictment.

Korchak and Loughran did not have knowledge of the DNA results, the surveillance videos, or text messages prior to Plaintiff's arrest because they acted as supervisors in this prosecution—available if ADA Congdon required their counsel and advice. Korchak and Loughran did not handle the day to day activities of the case, especially where it concerned investigation of the Plaintiff. Neither Korchak nor Loughran undertook to obtain the Saitta Folder, reviewed, or knew of its contents, obtained DNA from any of the suspects, nor obtained nor reviewed the surveillance videos. These were all activities assigned to and performed by ADA Congdon and/or the BPD in their investigation. The case law is quite clear that claims based upon the supervision and training of a district attorney are barred by absolute immunity, as they should be barred in the instant matter and the Complaint dismissed in its entirety as against Korchak and Loughran with prejudice.

Even were any of the activities alleged by Korchak and Loughran to be deemed investigative in nature, it is submitted that the Plaintiff's claims against them are barred by the doctrine of qualified immunity as more fully set forth in our original moving papers. Plaintiff does not address Korchak and Loughran's arguments regarding their entitlement to qualified immunity and that part of their motion should therefore be granted as a matter of law.

While Korchak and Loughran submit that they are entitled to absolute immunity on all of Plaintiff's causes of action, should the Court disagree, Defendants offer the below arguments as to why the Plaintiff's causes of action require dismissal regardless.

## POINT II
### THE FIRST, EIGHTH, AND TENTH CAUSES OF ACTION MUST BE DISMISSED WHERE PROBABLE CAUSE EXISTED

Plaintiff's Opposition fails to show a lack of probable cause for arrest and fails to rebut the presumption of probable cause established by the Grand Jury indictment. The Eighth and Tenth Causes of Action are made pursuant to state law and Korchak and Loughran are entitled to absolute immunity from these claims. *Shmueli v. City of N.Y.*, 424 F.3d 231, 238 (2d Cir. 2005).

<u>False Arrest</u>

The Second Circuit has held that probable cause is in fact a "complete defense to an action for false arrest." *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994); *Betts v. Shearman*, 751 F.3d 78, 82 (2d Cir. 2014). "When information is received from a putative victim or an eyewitness, probable cause exists, unless the circumstances raise doubt as to the person's veracity." *United States v. LeFebvre*, 117 F. 4th 471, 476 (2d Cir. 2024) *quoting Curley v. Village of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001). Importantly, "facts gleaned **after** an arrest are not material to Plaintiff's false arrest claims because they cannot supply or defeat probable cause as that determination must be based upon the facts known or knowable at the time of the arrest." *Harig v. City of Buffalo*, 574 F. Supp. 3d 163, 189 (W.D.N.Y. 2021), *aff'd*, 2023 U.S. App. LEXIS 12463 (2d Cir. May 22, 2023) (emphasis added); *see also Espada v. Schneider*, 522 F. Supp. 2d 544, 552 (S.D.N.Y. 2007). The question, therefore, is whether the facts known to the arresting officer, **at the time of the arrest**, objectively provided probable cause to support an arrest. *Gonzalez v. City of Schenectady*, 728 F.3d 149, 155 (2d Cir. 2013).

8

Probable cause existed at the time of Plaintiff's arrest based upon the statements of the complaining witnesses, Herceg and Demkovich. The decision to arrest Plaintiff was made by ADA Congdon together with the BPD, not Korchak or Loughran, and was, as a matter of law, a prosecutorial activity protected by absolute immunity. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). While Plaintiff claims the decision to arrest was "approved" by Korchak and Loughran in his Opposition, no such allegation exists in the Complaint. Even had Korchak and Loughran "approved" of the arrest, such a decision is protected by absolute immunity. At the time of the arrest, there was no basis to question the veracity of the complaining witnesses. Plaintiff alleges there were text messages and DNA testing that contradicted statements made by Herceg and Demkovich. However, that information was not obtained by the BDP and/or ADA Congdon until several months after Plaintiff had been arrested and therefore cannot be used to analyze probable cause at the time Plaintiff was arrested.

Many of the allegations in support of Plaintiff's First, Eighth and Tenth Causes of Action are made lumping Korchak and Loughran into the BCDAO as a whole; however, this is improper since Korchak and Loughran's only involvement in the prosecution was to act as ADA Congdon's supervisors. Plaintiff claims that the "District Attorney Defendants" intentionally ignored surveillance footage which is alleged to have contradicted Herceg and Demkovich's accounts; however, Korchak and Loughran were not involved in the obtaining and reviewing of the surveillance footage as it was collected and reviewed by the BPD during the investigation. Additionally, Plaintiff claims that the "District Attorney Defendants" intentionally ignored DNA test results which contradicted statements made by Herceg. However, as set forth in the Complaint, the DNA results from Leor Kweller were not obtained until he submitted voluntarily to testing in

9

June 2022. Dkt. 1, ¶ 161. Korchak and Loughran were not alleged to have been involved in the collection of the DNA, its testing, or the results of said testing.

Plaintiff also claims that Korchak and Loughran as "District Attorney Defendants" ignored and failed to disclose exculpatory evidence contained in Herceg and Demkovich's cell phones. However, the Complaint also alleges that such materials were not obtained by the BCDAO until November 2022. Dkt. 1, ¶ 165. The alleged exculpatory and/or contradictory materials were obtained by ADA Congdon, not Korchak or Loughran, and were obtained several months after the Grand Jury had issued its indictment establishing the presumption of probable cause. In sum, Korchak and Loughran's alleged activities were protected by absolute immunity and the false arrest claims asserted against them must therefore be dismissed.

<u>Malicious Prosecution</u>

"[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." Imbler v. Pachtman, 424 U.S. 409, 431 (1976). "Absolute immunity covers conduct of prosecutors that is 'intimately associated with the judicial phase of the criminal process.'" Morris v. Haas, 2018 U.S. Dist. LEXIS 177171, *4 (N.D.N.Y. October 16, 2018) quoting Buckley v. Fitzimmons, 509 U.S. 259, 270 (1993). During a grand jury presentation, the prosecutor has "no legal obligation to present exculpatory evidence to the grand jury because such an obligation would be incompatible with the grand jury system." United States v. Murphy, 2024 U.S. App. LEXIS 16083, *11 (2d Cir. July 2, 2024). "Prosecutors are immune from § 1983 liability for their conduct before a grand jury." Hill v. City of New York, 45 F.3d 653, 661 (2d Cir. 1995).

Because lack of probable cause is an element in a malicious prosecution claim, "the existence of probable cause is a complete defense to a claim of malicious prosecution."

*Manganiello v. City of New York*, 612 F.3d 149, 162 (2d Cir. 2010). Importantly, "once probable cause has been established, it is impossible for plaintiff to prevail on a malicious prosecution claim as a matter of law." *Brown v. Village of Endicott*, 2025 U.S. Dist. LEXIS 49880, *92 (N.D.N.Y. March 19, 2025) *quoting Stansbury v. Wertman*, 721 F.3d 84, 95 (2d Cir. 2013); *see also Savino v. City of New York*, 331 F.3d 63 (2d Cir. 2003).

Plaintiff claims that the indictment from the Grand Jury was obtained through "misconduct" of the prosecutors. Dkt. 80, p. 31. He alleges that the "Defendants" omitted exculpatory evidence from the Grand Jury including the surveillance video of the night in question which allegedly contradicted Herceg and Demkovich's statements. Dkt. 80, p. 31. Plaintiff also alleges that "Defendants" suppressed exculpatory DNA evidence and that the rape kit results contradicted Herceg and Demkovich's accounts of what happened. Dkt. 80, p. 32. The materials extracted from the Herceg and Demkovich cell phones were also alleged to be exculpatory and withheld from the Grand Jury. Dkt. 80, p. 32.

There are three major problems with the allegations in Plaintiff's Opposition. First, he has alleged that the "Defendants" partook in these activities, without any specificity as to which defendant to whom he is referring. Korchak did not partake in any efforts to obtain surveillance footage, DNA testing, or electronic data extractions from the cell phones, he did not make the determination to arrest Plaintiff, and he did not participate in any Grand Jury preparation or presentation. Loughran was nominally involved in efforts to obtain the cell phone data by meeting with ADA Congdon and the complaining witnesses, Herceg and Demkovich, to seek their voluntary permission for extraction of data from the phones, which activity is protected by qualified immunity. He was involved in preparing for and presenting the case to Grand Jury, which activities are protected by absolute immunity.

11

The second major problem with these allegations is that Plaintiff's timing does not make any sense. He alleges that exculpatory evidence was "suppressed" or "withheld" from the Grand Jury; however, the Complaint also alleges that the DNA evidence and text messages which allegedly contradict Herceg and Demkovich's statements were not obtained by ADA Congdon and/or the BPD until several months after the indictment was issued. Dkt. 1, ¶ 161, 162, 165. That being the case, ADA Congdon and the BPD did not and could not have intentionally withheld exculpatory materials and therefore did not procure an indictment of the Grand Jury through "fraud, suppression of evidence, material omissions or other misconduct." *Magnaniello v. City of New York*, 612 F.3d 149 (2d Cir. 2010).

Lastly, the third major problem with Plaintiff's allegations is that the law is clear that the prosecutor has no legal obligation at grand jury to present exculpatory evidence. *United States v. Murphy*, 2024 U.S. App. LEXIS 16083, *11 (2d Cir. July 2, 2024). Therefore, even if the allegedly contradictory DNA evidence or cell phone data had been in the possession of ADA Congdon at the time of her grand jury presentation in March 2022, she was not obligated to utilize that information and present it to the Grand Jury.

The Grand Jury indictment in this case was proper and was not based upon any alleged misconduct or fraud. Plaintiff has failed to rebut the presumption of probable cause and for all of these reasons, Plaintiff's claims of malicious prosecution fail as against Korchak and Loughran and must be dismissed as a matter of law.

## POINT III
### THE SECOND CAUSE OF ACTION IS BARRED BY ABSOLUTE IMMUNITY AND FAILS TO STATE A CLAIM AS A MATTER OF LAW

The Second Cause of Action by Plaintiff, asserted against Korchak, but not Loughran, claims that "Defendants" fabricated evidence, withheld exculpatory evidence, and deliberately

12

failed to investigate; each of these claims is barred by absolute immunity. Korchak is entitled to absolute immunity as to the alleged *Brady* violation and any claims relating to the grand jury presentation. First, there is no legal obligation of a prosecutor to present exculpatory evidence to the grand jury. *United States v. Murphy*, 2024 U.S. App. LEXIS 16083, *11 (2d Cir. July 2, 2024). Second, "a prosecutor's failure to disclose exculpatory evidence is protected by absolute immunity." *Lawlor v. Connelly*, 471 F. App'x 64, 65 (2d Cir. 2012).

Korchak's role with respect to the prosecution and preparation of the case for trial was as ADA Congdon's supervisor. In that capacity, he was not involved in obtaining any evidentiary materials, exculpatory or otherwise, and was not responsible for making *Brady* disclosures to Plaintiff. Even if he had, it is asserted that those functions are prosecutorial in nature and therefore protected by absolute immunity. Any claims asserted against Korchak based upon improper or insufficient training and/or supervision of ADA Congdon are prohibited by absolute immunity. *Brown,* 2025 U.S. Dist. LEXIS 49880, *66 (N.D.N.Y. March 19, 2025). We incorporate the arguments set forth hereinabove in Point I as to the specific activities of Korchak despite Plaintiff's improper attempts to circumvent absolute immunity by lumping him in with the other Defendants.

Even were absolute immunity inapplicable, which is denied, the claims under this Cause of Action still fail as a matter of law. "[E]vidence is not considered to have been suppressed within the meaning of the *Brady* doctrine if the defendant or his attorney either knew, or should have known, of the essential facts permitting him to take advantage of that evidence." *United States v. Rowland*, 826 F.3d 100, 113 (2d Cir 2016) *quoting United States v. Paulino*, 445 F.3d 211, 225 (2d Cir. 2006).

Plaintiff knew and had opportunities to obtain evidence which he claimed was "suppressed" by the "Defendants." Additionally, Plaintiff's Second Cause of Action fails because

Plaintiff was in fact provided with the materials which he claims were "suppressed" by the "Defendants" before he was tried in October 2023. In his Opposition, Plaintiff claims that he was "deprived of critical exculpatory material—including surveillance footage, DNA evidence, and electronic messages. . ." Dkt. 80, p. 53. However, Plaintiff's own Complaint belies these allegations. Plaintiff received the DNA results in July 2022. Dkt. 1, ¶ 161a-d. The electronic messages were turned over to Plaintiff in February 2023. Dkt. 1, ¶ 167-172. In June 2023, Plaintiff obtained a subpoena for the Saitta Folder which contained printouts of electronic data Herceg and Demkovich's cell phones. Dkt. 1, ¶ 181. As for the surveillance footage, there is no claim in the Complaint that Plaintiff was not provided with the surveillance materials and instead refers to the contents of the surveillance video obtained by BPD. Dkt. 1, ¶ 80-87.

As to the alleged claim of "failure to investigate," the Plaintiff himself admits that the Second Circuit does not recognize a claim for a failure to investigate all aspects of a crime. Dkt. 80, p. 54. *See Perez v. Carrion*, 2022 U.S. Dist. LEXIS 182030, *7 (S.D.N.Y. October 4, 2022); *Buari v. City of New York*, 530 F. Supp. 3d 356, 389 (S.D.N.Y. 2021); *Newton v. City of New York*, 566 F. Supp. 2d 256, 278 (S.D.N.Y. 2008); *Campbell v. Giuliani*, 2000 U.S. Dist. LEXIS 1617, *12 (E.D.N.Y. February 16, 2000); *Baltas v. Jones*, 2021 U.S. Dist. LEXIS 245532, *35 (D. Conn. December 27, 2021).

Even if it were a viable cause of action, "courts within the Second Circuit have consistently found that a prosecutor's failure to sufficiently investigate a case post-arrest is protected by absolute immunity." *Waite v. Gonzalez*, 2023 U.S. Dist. LEXIS 57530, *22 (E.D.N.Y. March 31, 2023) *quoting Soley v. Cnty. of Nassau*, 2022 U.S. Dist. LEXIS 132604, *5-6 (E.D.N.Y. July 26, 2022); *Robinson v. Rome*, 2011 U.S. Dist. LEXIS 43784, *10 (E.D.N.Y. April 20, 2011); *Crews*

*v. County of Nassau*, 2007 U.S. Dist. LEXIS 94597, *51-52 (E.D.N.Y. December 27, 2007); *Schnitter v. City of Rochester*, 931 F. Supp. 2d 469, 474 (W.D.N.Y. 2013).

There being no legitimate basis for the alleged *Brady* violation against Korchak, and there being no cognizable cause of action for a "failure to investigate," the Plaintiff's Second Cause of Action must be dismissed as a matter of law.

## POINT IV
### THE THIRD CAUSE OF ACTION FOR FAILURE TO INTERVENE IS NOT PROPER AS AGAINST KORCHAK AND LOUGHRAN AND REQUIRES DISMISSAL AS A MATTER OF LAW

Plaintiff's Opposition fails to address Korchak and Loughran's motion to dismiss the Third Cause of Action. As set forth in our original moving papers, the cause of action for failure to intervene is more properly directed at law enforcement officers. *See Garnett v. Undercover Officer C0039*, 838 F.3d 265 (2d Cir. 2016). In addition, since Korchak and Loughran served as supervisors of the prosecution, action for failure to intervene cannot be brought against those involved in the prosecution. *Breton v. City of New York*, 404 F. Supp. 3d 799, 814 (S.D.N.Y. 2019). There being no opposition, Korchak and Loughran should be granted dismissal of this cause of action against them since it is improperly asserted as a matter of law.

## POINT V
### PLAINTIFF'S FOURTH CAUSE OF ACTION FAILS TO ALLEGE INDIVIDUAL ACTIONS OF KORCHAK AND LOUGHRAN WHICH VIOLATE PLAINTIFF'S CONSTITUTIONAL RIGHTS

Plaintiff brings a claim for supervisory liability under § 1983 in his Fourth Cause of Action. Plaintiff's Fifth and Sixth Causes of Action (for *Monell* liability) are not brought against Korchak and Loughran and are therefore not addressed herein. As in our original moving papers, Plaintiff has failed to identify the **personal** involvement of Korchak or Loughran in any alleged violation of Plaintiff's constitutional rights.

15

At the outset, it should be noted that any claim regarding the training or supervision of a district attorney is barred by absolute immunity. *Bouchard v. Olmsted*, 775 F. App'x 701, 704 (2d Cir. 2019). "[A] supervisor may not be held liable under Section 1983 merely because his subordinate committed a constitutional tort." *Zielinski v. Annucci*, 547 F. Supp. 3d 227, 237 (N.D.N.Y. 2021) *quoting Poe v. Leonard*, 282 F.3d 123, 140 (2d Cir. 2002). "The supervisor must have committed the violation himself or herself, not by the supervision of others who committed the violation." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020). "A general allegation that [a supervisor] failed to train subordinates . . . is insufficient to establish personal involvement, absent some factual connection between their failure to train and the harm that eventually befell Plaintiff." *Heyliger v. Krygier*, 335 F. Supp.3d 482, 498 (W.D.N.Y. 2018) *quoting Samuels v. Fischer*, 168 F. Supp. 3d 625, 639 (S.D.N.Y. 2016).

Plaintiff cites to paragraphs 123-124, 129-132, 156, 188-190 and 211-213 of the Complaint as the allegations specifically against Korchak. Paragraphs 123-124 pertain to an alleged "lack of training, supervision . . ." and are therefore not applicable because of absolute immunity. Paragraphs 129-132 do not allege Korchak's **individual actions** sufficient to attach any sort of liability. Paragraph 156 generically alleges that Korchak supervised the presentation to the Grand Jury, which is a clear prosecutorial function protected by absolute immunity. Paragraphs 188 to 190 do not contain Korchak's name and are a statement of Plaintiff's alleged damages. Paragraphs 211-213 is a generic statement that Korchak allegedly acted with gross negligence, recklessness, and/or deliberate indifference, none of which is supported by any factual allegations citing Korchak's **individual** or **personal** actions.

As to Loughran, Plaintiff cites to paragraphs 106-108, 118-119, 129-132, 153, 156, and 211-214 of the Complaint. Paragraphs 106 to 108 allege that Loughran attended a meeting to

discuss the investigation and suggested the electronic data from the Herceg and Demkovich phones should be obtained. Even if this were investigatory in nature, which is denied, there is no malfeasance in these allegations and such activities are protected by qualified immunity.

Paragraphs 129-132 do not allege Loughran's **individual actions** sufficient to attach any sort of liability. Paragraph 153 makes allegations concerning the supervision and/or training of ADA Congdon which are prosecutorial functions protected by absolute immunity. Paragraph 156 pertains to the presentation of the case to the Grand Jury which is a prosecutorial function and therefore protected by absolute immunity. Paragraphs 211-214 again make allegations as to training and supervision of ADA Congdon, and generically allege that Loughran acted with gross negligence, recklessness, and/or deliberate indifference none of which is supported by any factual allegations citing Loughran's **individual** or **personal** actions.

Lastly, as set forth in our original moving papers, Plaintiff has failed to address our argument that he has not pleaded a pattern of constitutional violations by ADA Congdon sufficient to establish deliberate indifference. Without proof (or even a plausible allegation) of deliberate indifference, there is no municipal liability for the actions of the alleged inadequately trained individual. *See City of Canton v. Harris*, 489 U.S. 378, 392 (1989); *Hernandez v. United States*, 939 F.3d 191, 206 (2d Cir. 2019). For these reasons, the Fourth Cause of Action is insufficiently pled as against Korchak and Loughran and is barred by absolute immunity, requiring dismissal as a matter of law.

### POINT VI
### THE SEVENTH CAUSE OF ACTION FOR CONSPIRACY FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Plaintiff's Opposition fails to refute the arguments posited in Korchak and Loughran's motion to dismiss, particularly that Plaintiff fails entirely to allege an agreement or even a "tacit

17

understanding" between Korchak and Loughran and the BPD or Herceg and Demkovich. At the outset, Korchak and Loughran, acting only as supervisors and in their capacities as prosecutors, are entitled to absolute immunity against the conspiracy claim. *See Waite v. Gonzalez*, 2023 U.S. Dist. LEXIS 57530, *22 (E.D.N.Y. March 31, 2023).

"In order to survive a motion to dismiss on his § 1983 conspiracy claim, [Plaintiff] must allege (1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *McCullough v. Graves*, 2024 U.S. App. LEXIS 27503, *3-4 (2d Cir. October 30, 2024) *quoting Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324-25 (2d Cir. 2002). Additionally, Plaintiff must allege "some factual basis supporting a meeting of the minds, such as that defendants entered into an agreement, express or tacit, to achieve the unlawful end, augmented by some details of time and place and the alleged effects of the conspiracy." *Waite* 2023 U.S. Dist. LEXIS 57530 at *29; *see also Rodriguez v. City of New York*, 590 F. Supp. 3d 518, 548 (E.D.N.Y. 2022). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Here, Plaintiff's only allegation of any agreement or meeting of the minds is found in paragraph 264 of the Complaint (Dkt. 1) and is a mere recitation of the elements of a civil action for conspiracy. Plaintiff's Opposition papers refer to several paragraphs of the Complaint (Dkt. 1), each of which make allegations as to the investigation of Herceg and Demkovich's statements, extraction of electronic date from their phones, collection and/or testing of DNA evidence, and the decision to arrest Plaintiff. However, none of these paragraphs allege a meeting of the minds or agreement between Korchak and Loughran, and any other person, to act together to deprive

Plaintiff of his constitutional rights. Korchak and Loughran were nominally involved in the prosecution of this matter, having assigned the handling of the matter to ADA Congdon, and only acting as her supervisors. Korchak and Loughran did not investigate the case and did not make the decision to arrest Plaintiff. Where this Cause of Action is barred by absolute immunity and is insufficiently pled, the Seventh Cause of Action requires dismissal as a matter of law.

### POINT VII
### THE NINTH CAUSE OF ACTION IS DEFEATED BY PROBABLE CAUSE AND REQUIRES DISMISSAL AS A MATTER OF LAW

Plaintiff's Ninth Cause of Action seeks damages for intentional and/or negligent infliction of emotional distress. Korchak and Loughran incorporate the arguments and case law of Point I hereinabove as if fully set forth herein. This cause of action fails as a matter of law pursuant to the application of absolute immunity.

Even were absolute immunity inapplicable, the Second Circuit has held that "claims for intentional and negligent infliction of emotional distress fail as a matter of law where [the] challenged arrest is supported by probable cause." *Coderre v. City of Wallingford*, 668 F. App'x 399 (2d Cir. 2016). Korchak and Loughran incorporate the arguments of Point II, *supra*, as if more fully set forth. Additionally, "no intentional infliction of emotional distress claim will lie where the conduct underlying the claim falls within the ambit of traditional tort liability." *Hansel v. Sheridan*, 991 F. Supp. 69 (N.D.N.Y. 1998). Where Plaintiff has brought action for false arrest and malicious prosecution, the cause of action for intentional and/or negligent infliction of emotional distress fails as a matter of law and requires dismissal.

19

## POINT VIII
## THE TWELFTH CAUSE OF ACTION FAILS TO MEET THE HIGH PLEADING BURDEN FOR MALICIOUS ABUSE OF PROCESS AND IS FACIALLY INSUFFICIENT AS A MATTER OF LAW

Plaintiff has not met the requirements for pleading a malicious abuse of process cause of action. There is no allegation in the complaint that Korchak acted "with intent to do harm without excuse or justification" to the Plaintiff, a required element of this tort, without which the claim fails and requires dismissal as facially insufficient. Further, "the weight of authority holds that the presence of probable cause negates a claim for abuse of criminal process." *Pinter v. City of New York*, 976 F. Supp. 2d 539, 568-69 (S.D.N.Y. 2013). As there was probable cause at the time of arrest and upon indictment by the Grand Jury, such probable cause negates the abuse of process claim as a matter of law and requires dismissal.

## CONCLUSION

The criminal justice system worked. Plaintiff was arrested based upon probable cause. The grand jury issued the indictment. After trial, Plaintiff received a not guilty verdict. This does not, however, equate with actual innocence. Plaintiff's claims of constitutional violations are meritless and require dismissal as a matter of law. For the reasons set forth above and in our moving papers, Defendants Michael A. Korchak and Mark Loughran seek an Order and Judgment of this Court granting their motion pursuant to F.R.C.P. 12(b)(6) to dismiss the Plaintiff's Complaint in its entirety and for such other, further, and different relief as the Court deems just and proper.

**DATED:**      April 24, 2025         **BARCLAY DAMON LLP**

By: *s/Erin M. Tyreman*
        Erin M. Tyreman, Esq.
        Robert A. Barrer, Esq.

        *Attorneys for Defendants Korchak and Loughran*

20

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2025, I filed the foregoing Reply Memorandum of Law in Support of Motion to Dismiss of Michael A. Korchak and Mark Loughran with the CM/ECF system which sent notification of such filing to the following:

**THE FAST LAW FIRM, P.C.**
Attn: Elena Fast
521 Fifth Avenue 17th Floor
New York, NY 10175

**CUOMO LLC**
Attn: Oscar Michelen
200 Old Country Road, Suite 2 South
Mineola, NY 11501

**NEWIRTH LINEHAN PLLC**
Attn: Karen A. Newirth
43 West 43rd Street, Suite 160
New York, NY 10036

**WHITEMAN OSTERMAN & HANNA LLP**
Attn: Conor Lynch, Gabriella Levine, William S. Nolan
One Commerce Plaza
Albany, NY 12260
*Attorneys for City of Binghamton Defendants*

**LAW OFFICE OF EDWARD E. KOPKO**
Attn: Edward E. Kopko
202 East State Street, Suite 403
Ithaca, NY 14850
*Attorneys for Defendant Hailey Demkovich*

**BOUSQUET HOLSTEIN PLLC**
Attn: Lawrence M. Ordway, Jr., Kavitha Janardhan
110 West Fayette Street, Suite 1000
Syracuse, NY 13202
*Attorneys for Defendant Samantha Herceg*

21

31237111.1

**THE WLADIS FIRM, PC**
Attn: Christopher Baiamonte
Timothy J. Lambrecht
6312 Fly Road
East Syracuse, NY 13057
*Attorneys for Broome County and*
*Broome County District Attorney's Office*

**HACKER MURPHY LLC**
Attn: James C. Knox
Julie A. Cociolo
Alisha Elena Bhiomani
28 Second Street
Troy, New York 12180
*Attorneys for Defendant Alyssa Congdon*

**CAPEZZA HILL, LLP**
Attn: Benjamin W. Hill
Alexandra N. von Stackelberg
30 South Pearl Street, P-110
Albany, New York 12207
*Attorneys for Defendant Amanda Cronin*

s/ Erin M. Tyreman
Erin M. Tyreman
Bar Roll No. 700711

22