**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| YARON KWELLER,<br><br>Plaintiff,<br><br>v.<br><br>THE COUNTY OF BROOME, THE CITY OF BINGHAMTON, THE BROOME COUNTY DISTRICT ATTORNEY'S OFFICE, MICHAEL A. KORCHAK, District Attorney, individual capacity, MARK LOUGHRAN, Chief Assistant District Attorney, individual capacity, ALYSSA CONGDON, Assistant District Attorney, individual capacity, AMANDA CRONIN, Assistant District Attorney, individual capacity, JEFF J. WAGNER, District Attorney Investigator, individual capacity, JOSEPH ZIKUSKI, Binghamton Police Department Chief, individual capacity, CORY MINOR, Binghamton Police Department Captain, individual capacity, AMANDA MILLER, Binghamton Police Department Investigator, individual capacity, JOHN DOES 1–10, representing Broome County District Attorneys Office and Police Department Employees Whose Names Are Currently Unknown, HAILEY DEMKOVICH, and SAMANTHA HERCEG,<br><br>Defendants. | Civil Action No.:<br>3:24-cv-01328 (AJB/ML) |

**DEFENDANT JEFF J. WAGNER'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

**HANCOCK ESTABROOK LLP**
James J. O'Shea, Esq. (Bar Roll #516403)
Lillian A. Pfohl, Esq. (admission pending)
Erica L. Masler, Esq. (Bar Roll #703595)
*Attorneys for Defendant Jeff J. Wagner*
1800 AXA Tower I, 100 Madison Street
Syracuse, New York 13202
Telephone: 315-565-4500
joshea@hancocklaw.com

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................ 1

BACKGROUND ................................................................................................................ 1

STANDARD OF REVIEW ............................................................................................... 2

ARGUMENT ..................................................................................................................... 2

    I.      Plaintiff's Claims for False Arrest, Malicious Prosecution, Unfair Trial, and Failure to Intervene Must be Dismissed for Failure to Allege any Personal Involvement by Wagner. ...... 3

    II.     Plaintiff's Claims against Wagner Must Be Dismissed as Wagner's Conduct is Protected by Qualified Immunity. ............................................................................................... 6

    III.    Plaintiff's Claims for False Arrest and Malicious Prosecution Claims must be Dismissed as both his Arrest and Prosecution were Grounded in Probable Cause. ................................... 8

    IV.    Plaintiff's Fair Trial Claims Must be Dismissed because (1) an Inadequate Investigation is Not a Constitutional Violation; and (2) there are No Allegations Wagner Fabricated Evidence. .............................................................................................................................. 12

    V.     Plaintiff's Claim for Failure to Intervene Must be Dismissed because (1) There is No Underlying Constitutional Violation; and (2) the Complaint Fails to Plead Wagner had a Reasonable Opportunity to Intervene. ........................................................................................ 14

    VI.    Plaintiff's Section 1983 Conspiracy Claim Must be Dismissed As it Fails to Adequately Allege any of the Necessary Elements. .............................................................................. 15

    VII.   Plaintiff's Claim for Emotional Distress Must be Dismissed on Multiple Grounds. ....... 17

    VIII.  Plaintiff's claim for violation of the New York State Constitution must be dismissed. . 20

CONCLUSION .................................................................................................................. 21

4936-9126-5091, v. 2

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Murphy v. Am. Home Prod. Corp.*,
    448 N.E.2d 86 (N.Y. 1983) ...........................................................................................18

*Amador v. United States*,
    2022 WL 902783 (S.D.N.Y. Mar. 28, 2022) ..........................................................12

*Anderson v. Branen*,
    17 F.3d 552 (2d Cir. 1994)..........................................................................................14

*Anderson v. City of Mount Vernon*,
    No. 23 Civ. 3963 (NSR), 2024 WL 2158390 (S.D.N.Y. May 13, 2024) ...............15

*Andrews v. Town of West Seneca*,
    21-CV-746-LJV, 23-CV-14-LJV, 2025 WL 959658
    (W.D.N.Y. Mar. 31, 2025)..........................................................................................16

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).................................................................................................2, 3

*Ashley v. City of N.Y.*,
    992 F.3d 128 (2d Cir. 2021)..................................................................................11, 13

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*,
    493 F.3d 87 (2d Cir. 2007)............................................................................................2

*Atuahene v. City of Hartford*,
    10 F. App'x 33 (2d Cir. 2001) .................................................................................4, 5

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)......................................................................................................2

*Burrell v. DOCCS*,
    655 F. Supp. 3d 112 (N.D.N.Y. 2023) .......................................................................3

*Corazzini v. Litton Loan Servicing LLP*,
    No. 09-cv-0199, 2010 WL 1132683 (N.D.N.Y. Mar. 23, 2010) ..............................4

*Cruz v. City of New York*,
    232 F. Supp. 3d 438 (S.D.N.Y. 2017)........................................................................8

*Delaney v. City of Albany*,
    No. 1:18-CV-1259, 2019 WL 125769 (N.D.N.Y. Jan. 7, 2019) ............................20

ii

*Escalera v. Lunn*,
    361 F.3d 737 (2d Cir. 2004)........................................................................8

*Forney v. Forney*,
    96 F. Supp. 3d 7 (E.D.N.Y. 2015) .............................................................14

*Francis v. Kings Park Manor, Inc.*,
    992 F.3d 67 (2d Cir. 2021)........................................................................18

*Garland v. City of New York*,
    665 F. Supp. 3d 295 (E.D.N.Y. 2023) .......................................................16

*Green-Page v. United States*,
    No. 1:20-CV-00837, 2024 WL 3584194 (W.D.N.Y. July 30, 2024) ......................18

*Harlow v. Fitzgerald*,
    457 U.S. 800 (1982)................................................................................6

*Harrington v. County of Suffolk*,
    607 F.3d 31 (2d Cir. 2010).......................................................................13

*Harrison v. Cty. of Nassau*,
    No. 15CV2712, 2016 WL 4083381 (E.D.N.Y. Aug. 1, 2016) .............................17

*Harry v. McDonald*,
    No. 3:21-CV-1355, 2022 WL 3576676 (D. Conn. Aug. 19, 2022) ........................6

*Hicks v. City of New York*,
    No. 15 Civ. 4888, 2017 WL 532304 (S.D.N.Y. Feb. 8, 2017) .............................7

*Howell v. N.Y. Post Co.*,
    81 N.Y.2d 115 (N.Y. 1993) .....................................................................17

*Israel v. City of New York*,
    No. 16-cv-6809 (PGG), 2018 WL 11219076 (S.D.N.Y. Sept. 29, 2018)................10

*Jaegly v. Couch*,
    439 F.3d 149 (2d Cir. 2006).....................................................................9

*Johnson v. City of New York*,
    No. 1:15CV08195(GHW), 2017 WL 2312924 (S.D.N.Y. May 26, 2017)..........6, 7

*Jovanovic v. City of New York*,
    486 Fed. App'x. 149 (2d Cir. 2012)...........................................................13

*Joyner v. County of Cayuga*,
    5:20-CV-60, 2020 WL 1904088 (N.D.N.Y. April 17, 2020) .............................19

4936-9126-5091, v. 2

*Kee v. City of New York*,
  12 F.4th 150 (2d Cir. 2021) ............................................................................9

*Kim v. Kimm*,
  884 F.3d 98 (2d Cir. 2018)..............................................................................2

*Lancellotti v. Howard*,
  155 A.D.2d 588 (2d Dep't 1989) ..................................................................19

*Lewis v. City of New York*,
  591 Fed. App'x 21 (2d Cir. Jan. 29, 2015) ...................................................12

*Livingston v. Hoffnagle*,
  No. 9:19-CV-0353, 2019 WL 7500501 (N.D.N.Y. Nov. 8, 2019) .........................17

*Matthews v. City of New York*,
  889 F. Supp. 2d 418 (E.D.N.Y. 2012) ..........................................................14

*McGown v. City of New York*,
  No. 09-CV-8646, 2010 WL 3911458 (S.D.N.Y. Sept. 9, 2010)......................18

*Mitchell v. Cnty. of Nassau*,
  786 F. Supp. 2d 545 (E.D.N.Y. 2011) ..........................................................15

*Mollica v. Volker*,
  229 F.3d 366 (2d Cir. 2000)............................................................................7

*Moore v. City of New York*,
  219 F. Supp. 2d 335 (E.D.N.Y. 2002) ..........................................................19

*Murphy v. City of Rochester*,
  986 F. Supp. 2d 257 (W.D.N.Y. 2013) ..........................................................20

*Naccarato v. Scarselli*,
  124 F.Supp.2d 36 (N.D.N.Y. 2000) ...............................................................19

*Newton v. City of New York*,
  566 F. Supp. 2d 256 (S.D.N.Y. 2008)..............................................................7

*Nunez v. City of New York*,
  No. 14-cv-4182(RJS), 2016 WL 1322448 (S.D.N.Y. Mar. 31, 2016)....................8

*People v. Lancaster*,
  69 N.Y.2d 20 (1986) .....................................................................................11

*Peterson v. Regina*,
  935 F. Supp. 2d 628 (S.D.N.Y. 2013)............................................................10

iv

*Provost v. City of Newburgh,*
   262 F.3d 146 (2d Cir. 2001)................................................................3

*Richard v. Dignean,*
   126 F. Supp. 3d 334 (W.D.N.Y. 2015) .............................................17

*Rodriguez v. City of New York,*
   623 F. Supp. 3d 225 (S.D.N.Y. 2022)................................................21

*Roe v. St. John's Univ.,*
   91 F.4th 643 (2d Cir. 2024) ................................................................2

*Rutherford v. City of Mount Vernon,*
   698 F. Supp. 3d 574 (S.D.N.Y. 2023).........................................10, 15

*Savino v. City of New York,*
   331 F.3d 63 (2d Cir.2003)..................................................................12

*Singer v. Fulton Cty. Sheriff,*
   63 F.3d 110 (2d Cir. 1995).................................................................9

*Spavone v. New York State Dept. of Corr. Servs.,*
   719 F.3d 127 (2d Cir. 2013)...............................................................3

*Stevenson v. New York Dep't of Corr. and Cmty. Supervision,*
   No. 1:21-cv-355, 2022 WL 179768 (W.D.N.Y. Jan. 20, 2022) ................4

*Stokes v. City of New York,*
   No. 05-CV-0007, 2007 WL 1300983 (E.D.N.Y. May 3, 2007) ............13

*Sylvester v. City of New York,*
   889 N.Y.S.2d 508 (Sup. Ct. 2009) .....................................................18

*Talarico v. Port Auth. of N.Y. & N.J.,*
   367 F. Supp. 3d 161 (S.D.N.Y. 2019).................................................20

*Tangreti v. Bachmann,*
   983 F.3d 609 (2d Cir. 2020)................................................................3

*Terebesi v. Torreso,*
   764 F.3d 217 (2d Cir. 2014)...............................................................14

*Torres v. Jones,*
   26 N.Y.3d 742 (2016) ........................................................................10

*United States v. Barlow,*
   732 F. Supp. 2d 1 (E.D.N.Y. 2010) ...................................................13

v

*Warren v. Fischl*,
    33 F. Supp. 2d 171 (E.D.N.Y. 1999) ...................................................................16

*Webb v. Goord*,
    340 F.3d 105 (2d Cir. 2003).........................................................................16

*Werner v. Selene Fin., LLC*,
    No. 17-CV-06514, 2019 WL 1316465 (S.D.N.Y. Mar. 22, 2019) ...................................18, 19

*Weyant v. Okst*,
    101 F.3d 845 (2d Cir. 1996)...........................................................................8

*White v. Cty. of Dutchess*,
    No. 15 CV 8744 (VB), 2016 WL 4449720 (S.D.N.Y. Aug. 23, 2016) ...................................17

*Williams v. Carpenter*,
    214 F. Supp. 3d 197 (W.D.N.Y. 2016) .................................................................12

*Williams v. Novoa*,
    No. 19CV11545(PMH), 2022 WL 161479 (S.D.N.Y. Jan. 18, 2022)......................................6

*Wilson v. Faulkner*,
    1:20-cv-0104(GTS/DJS), 2024 WL 1285459 (N.D.N.Y. Mar. 26, 2024) ...............................8

*Yang Feng Zhao v. City of New York*,
    656 F. Supp. 2d 375 (S.D.N.Y. 2009)..................................................................20

*Zalewski v. T.P. Builders, Inc.*,
    No. 1:10-CV-876, 2011 WL 3328549 (N.D.N.Y. Aug. 2, 2011) ........................................4

## Other Authorities

Fed. R. Civ. P. Rule 8 .................................................................................4

New York State Constitution Article I, §§ 6, 12..........................................................3, 20

## PRELIMINARY STATEMENT

Plaintiff Yaron Kweller ("Plaintiff") commenced this civil rights action against numerous defendants, asserting a variety of claims under 42 U.S.C. § 1983 and state law. He alleges that he, his brother, and his business partner were falsely accused of rape. (Dkt. 1 at ¶ 1). He further alleges that the police and district attorney's office failed to conduct a proper investigation, resulting in his arrest without probable cause and his prosecution in violation of his constitutional and civil rights. (*Id.* at ¶ 2). Acquitted after a jury trial, Plaintiff alleges he suffered harm to his reputation and business. (*Id.* at ¶ 3).

Defendant Jeff J. Wagner was an investigator for the Broome County District Attorney's Office. (*Id.* at ¶ 17). Of the 302 paragraphs set forth in the complaint, just two detail Wagner's role in the circumstances at issue, to wit: that he failed to pick up a folder containing evidence Plaintiff maintains was exculpatory. (*Id.* at ¶¶ 118-119). Because the complaint fails to set out in any meaningful way Wagner's personal involvement in the events in question, and for the other reasons set forth below, the claims against Wagner must be dismissed with prejudice.

## BACKGROUND

Following a night of partying in late November 2021, defendants Hailey Demkovich and Samatha Herceg accused Plaintiff of rape. (*Id.* at ¶¶ 1, 23). The accusations culminated in criminal charges, arrest, and prosecution. (*Id.* at ¶ 3). In relevant part, Plaintiff alleges that Herceg and Demkovich's attorney emailed defendant Assistant District Attorney Alyssa Congdon in January 2022 informing her that he had a "folder containing printouts of electronic data" from Herceg and Demkovich's telephones (what the complaint dubs the "Saitta Folder"). (*Id.* at ¶ 117). The complaint further alleges that "Defendant Congdon directed Defendant Wagner to retrieve the Saitta Folder from Mr. Saitta," but "[n]either Defendant Wagner, Defendant Congdon or anyone else from [Broome County District Attorney's Office] or

1

[Binghamton Police Department] ever retrieved the Saitta Folder." (*Id.* at ¶¶ 118, 119). Plaintiff's counsel ultimately received the records in Saitta's possession before trial, by subpoena, in July 2023. (*Id.* at ¶ 182).

Plaintiff was arrested in February 2022 and charged with rape in the third degree. (*Id.* at ¶¶ 128–30, 136). In October 2023, Plaintiff was acquitted of all charges following a jury trial. (*Id.* at ¶¶ 183–84).

## STANDARD OF REVIEW

When the legal sufficiency of a complaint is challenged under Rule 12(b)(6), a district court must accept as true all well-pleaded facts and draw all reasonable inferences in the favor of the pleader. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). A complaint must contain sufficient factual allegations to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "a complaint 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Kim v. Kimm*, 884 F.3d 98, 103 (2d Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although factual allegations in the complaint are assumed true, this rule does not extend to legal conclusions. *See Roe v. St. John's Univ.*, 91 F.4th 643, 651 (2d Cir. 2024). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Iqbal*, 556 U.S. at 678).

## ARGUMENT

As against Wagner, Plaintiff asserts causes of action for (1) false arrest and malicious prosecution under both 42 U.S.C. § 1983 and state law (first and eighth causes of action) (Dkt. 1 at ¶¶ 191-197, 267-280); (2) deprivation of liberty without due process of law and denial of a fair

2

trial pursuant to 42 U.S.C. § 1983 (second cause of action) (*id*. at ¶¶ 198-205); (3) failure to intervene pursuant to 42 U.S.C. § 1983 (third cause of action) (*id.* at ¶¶ 206-210); (4) conspiracy pursuant to 42 U.S.C. § 1983 (seventh cause of action) (*id*. at ¶¶ 263-266); (5) intentional, reckless, or negligent infliction of emotional distress (ninth cause of action) (*id*. at ¶¶ 281-285); (6) and violation of Article I, §§ 6, 12 of the New York State Constitution (tenth cause of action) (*id*. at ¶¶ 286-289). None of Plaintiff's causes of action alleges a legally viable claim against Wagner, such that all claims against Wagner should be dismissed with prejudice.

## I. Plaintiff's Claims for False Arrest, Malicious Prosecution, Unfair Trial, and Failure to Intervene Must be Dismissed for Failure to Allege any Personal Involvement by Wagner.

Individual defendants may not be held liable under Section 1983 unless the plaintiff pleads and proves personal involvement in the alleged constitutional deprivation. *See Spavone v. New York State Dept. of Corr. Servs*., 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (quoting *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). Plaintiffs must plead and prove "that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)); *see also Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020). "Personal involvement" means direct participation, such as "personal participation by one who has knowledge of the facts that rendered the conduct illegal," or indirect participation, such as "ordering or helping others to do the unlawful acts." *Provost v. City of Newburgh*, 262 F.3d 146, 155 (2d Cir. 2001) (citations and footnote omitted). "[T]o prevail on a Section 1983 cause of action against an individual, a plaintiff must show 'a tangible connection between the acts of a defendant and the injuries suffered.'" *Burrell v. DOCCS*, 655 F. Supp. 3d 112, 124 (N.D.N.Y. 2023) (quoting *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986)).

3

"[B]ecause the personal involvement of a defendant is a prerequisite to an award of damages under § 1983, a plaintiff cannot rely on a group pleading against all defendants without making specific individual factual allegations." *Stevenson v. New York Dep't of Corr. and Cmty. Supervision*, No. 1:21-cv-355, 2022 WL 179768, at *10 (W.D.N.Y. Jan. 20, 2022); *see also Corazzini v. Litton Loan Servicing LLP*, No. 09-cv-0199, 2010 WL 1132683, at *10 (N.D.N.Y. Mar. 23, 2010) ("[T]he complaint lumps together all of the defendants in each claim without providing any factual allegations to distinguish their conduct, and accordingly dismissal of the complaint in its entirety is warranted."); *Zalewski v. T.P. Builders, Inc.*, No. 1:10-CV-876, 2011 WL 3328549, at *5 (N.D.N.Y. Aug. 2, 2011) ("The court will not accept . . . vague group pleading to serve as a basis for liability.").

Group pleading violates Fed. R. Civ. P. Rule 8. "Although [Rule] 8 does not demand that a complaint be a model of clarity or exhaustively present the facts alleged, it requires, at a minimum, that a complaint give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (summary order) (quotation marks omitted). A plaintiff cannot satisfy this minimal standard "[b]y lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct." *Id.*

Here, the complaint pleads exactly one factual allegation against Wagner: that "Defendant Congdon directed Defendant Wagner to retrieve the Saitta Folder from Mr. Saitta," and that "[n]either Defendant Wagner, Defendant Congdon or anyone else . . . ever retrieved the Saitta Folder." (Dkt. No. 1 at ¶¶ 118, 119(a)). There are no other allegations of any action or conduct undertaken by Wagner. Rather, at most Wagner is simply "lump[ed] in" with other

4

defendants, with no indication of what alleged personal conduct he undertook or how that alleged personal conduct caused the alleged constitutional violations:

- In the claim for false arrest and malicious prosecution, Plaintiff alleges that "Defendants Korchak, Congdon, Cronin, Wagner, Minor, Zikuski, and Miller . . . acting individually and in concert, caused [Plaintiff] to be falsely arrested, charged, and prosecuted . . ." (*Id.* at ¶ 192). The supporting allegations only name those listed as a group ("these Defendants"). (*Id.* at ¶¶ 193, 194, 195, 197). There is no allegation distinguishing Wagner's conduct from the conduct of the other defendants.

- In the claim alleging deprivation of liberty and denial of a fair trial, Plaintiff alleges that "Defendants Korchak, Congdon, Cronin, Wagner, Minor, and Miller, acting individually and in concert, deprived [Plaintiff] of his clearly established constitutional right . . . to a fair trial." *Id.* The supporting allegations only name those listed as a group ("these Defendants"). (*Id.* at ¶¶ 200-205). There is no allegation distinguishing Wagner's conduct from the conduct of the other defendants.

- In the claim alleging failure to intervene, Plaintiff alleges that "Defendants Korchak, Laughran, Congdon, Cronin, Wagner, Minor, Miller, and Zikuski had opportunities to intervene on behalf of [Plaintiff] to prevent his false arrest . . ." (*Id.* at ¶ 207). The supporting allegations only name those listed as a group ("these Defendants"). (*Id.* at ¶¶ 208, 210). There are no allegations distinguishing Wagner's conduct from the conduct of the other defendants.

In the absence of any allegations of personal, individual actions or conduct undertaken by *Wagner* which state a claim, the Section 1983 claims for false arrest and malicious prosecution, deprivation of liberty and denial of a fair trial, and failure to intervene must be dismissed with prejudice. *See Harry v. McDonald*, No. 3:21-CV-1355 (SALM), 2022 WL 3576676, at *4 (D. Conn. Aug. 19, 2022) (dismissing Section 1983 claims "for failure to allege the personal involvement of defendants"); *see also Williams v. Novoa,* No. 19CV11545(PMH), 2022 WL 161479, at *10 (S.D.N.Y. Jan. 18, 2022); (dismissing Section 1983 action against individual defendants where complaint "fail[ed] to explain what each Board Member did to violate Plaintiff's rights") (collecting cases); *Johnson v. City of New York*, No. 1:15CV08195(GHW), 2017 WL 2312924, at *10 (S.D.N.Y. May 26, 2017) (dismissing Section 1983 claim where complaint "fails to satisfy the personal-involvement requirement because [it] relies entirely on impermissible group pleading and fails to specify which defendant or defendants were involved" (footnote omitted)).

## II.   Plaintiff's Claims against Wagner Must Be Dismissed as Wagner's Conduct is Protected by Qualified Immunity.

Qualified immunity protects a public official from liability for conduct that "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A constitutional right is "clearly established" for the purposes of determining whether an officer is entitled to qualified immunity when the "contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that *in the light of pre-existing law the unlawfulness must be apparent*."

*Mollica v. Volker*, 229 F.3d 366, 370-71 (2d Cir. 2000) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)) (emphasis in original).

Here, Wagner's conduct—the failure to pick up a folder Plaintiff maintains contained exculpatory evidence—is not a violation of a clearly established constitutional right. Indeed, the opposite is true: there is no constitutional right to an adequate investigation. *See Newton v. City of New York*, 566 F. Supp. 2d 256, 278 (S.D.N.Y. 2008). In *Robinson v. City of New York*, the district court found a police officer entitled to qualified immunity where plaintiff alleged that the officer failed to conduct an adequate investigation. No. 15 CIV. 5850 (LGS), 2017 WL 2414811, at *6 (S.D.N.Y. June 2, 2017). There, as part of a police investigation following plaintiff's indictment on drug charges, a police officer went "to the New York Times building to request video footage that might have confirmed or disproved" whether plaintiff exchanged drugs for money. *Id*. at *2. However, the video was not available—more than 30 days had passed, and the video was written over in the normal course of business. *Id*. Plaintiff was acquitted, and brought a variety of Section 1983 claims against the police officer and others involved in his arrest and indictment. *Id*. at *1-2. The district court found the officer tasked with obtaining the security footage was entitled to qualified immunity on plaintiff's fair trail claim, in relevant part because the officer was not under a legal duty to obtain the tape. *Id.* at *6. It was therefore "objectively reasonable" for the officer "to believe that his actions were lawful at the time of the challenged act." *Id.*; *see also Hicks v. City of New York,* No. 15 Civ. 4888, 2017 WL 532304, at *10 (S.D.N.Y. Feb. 8, 2017) ("[T]here is no constitutional right to an adequate investigation. A police officer's failure to pursue a particular investigative path is not a constitutional violation.") (internal quotation marks and citation omitted). Because it was "objectively reasonable" for

7

Wagner "to believe his actions were lawful at the time of the challenged act," he is entitled to qualified immunity on each of the Section 1983 claims alleged against him, with prejudice.

### III.    Plaintiff's Claims for False Arrest and Malicious Prosecution Claims must be Dismissed as both his Arrest and Prosecution were Grounded in Probable Cause.

To prevail on a claim for false arrest, both under 42 U.S.C. § 1983 and New York law, a plaintiff must establish that "the defendant intentionally confined him without his consent and without justification." *Escalera v. Lunn*, 361 F.3d 737, 743 (2d Cir. 2004); *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (noting that a Section 1983 claim for false arrest is "substantially the same as a claim for false arrest under New York law"). The existence of probable cause to arrest "constitutes justification and is a complete defense to an action for false arrest." *Weyant*, 101 F.3d at 852 (quotation marks omitted). "Probable cause to arrest exists when the arresting officer has knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Escalera*, 361 F.3d at 743 (citation and internal quotation marks omitted).

Here, the complaint lacks any allegations that Wagner played any role in Plaintiff's arrest, requiring dismissal of both false arrest claims against him. *See Nunez v. City of New York*, No. 14-cv-4182(RJS), 2016 WL 1322448, at *6 (S.D.N.Y. Mar. 31, 2016) (dismissing false arrest claim against assistant district attorney where "the Amended Complaint [] fails to plead any facts suggesting that she was personally involved in the decision to arrest Plaintiff or to detain him pre-arraignment"); *see also Wilson v. Faulkner*, 1:20-cv-0104(GTS/DJS), 2024 WL 1285459 at *10 (N.D.N.Y. Mar. 26, 2024) (summary judgment granted for failure to demonstrate personal involvement in arrest) (collecting cases); *Cruz v. City of New York*, 232 F. Supp. 3d

438, 455 (S.D.N.Y. 2017) (false arrest claim dismissed for lack of personal involvement by officer where officer did not come into contact with plaintiff until after plaintiff was arrested).

Moreover, the allegations in the complaint indicate that Plaintiff's arrest was amply supported by probable cause, and "the existence of probable cause is an absolute defense to a false arrest claim." *Jaegly v. Couch*, 439 F.3d 149, 152 (2d Cir. 2006). Demkovich and Herceg both gave sworn testimony to the Binghamton Police Department that they were sexually assaulted by Plaintiff and his co-defendants. (Dkt. 1 at ¶¶ 69-72). The two were interviewed by Binghamton Police officers, and underwent forensic rape kits.  (*Id.* at ¶¶ 71, 161(a)). Both provided the police with text messages and photographs demonstrating they were with the Plaintiff and his co-defendants. (*Id.* at ¶ 72). And while there was some surveillance footage, there were no cameras where the assault allegedly occurred. (*Id.* at ¶¶ 43-52, 80-81). Officers are "not required to explore and eliminate every plausible claim of innocence before making an arrest." *Jaegly*, 439 F.3d at 153. On the facts as pleaded in the complaint, then, there was probable cause supporting Plaintiff's arrest. *See, e.g.*, *Singer v. Fulton Cty. Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995) ("An arresting officer advised of a crime by a person who claims to be the victim, and who has signed a complaint or information charging someone with the crime, has probable cause to effect an arrest absent circumstances that raise doubts as to the victim's veracity.").

To plead a claim for malicious prosecution under both New York law and federal law, "a plaintiff must show: (1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding and (4) actual malice." *Kee v. City of New York*, 12 F.4th 150, 161-62 (2d Cir. 2021) (quotation marks omitted). To satisfy the first

9

element of a malicious prosecution claim against a police officer, the "plaintiff must show that the officer brought formal charges and had the person arraigned, or filled out complaining and corroborating affidavits or swore to and signed a felony complaint." *Israel v. City of New York*, No. 16-cv-6809 (PGG), 2018 WL 11219076, at *6 (S.D.N.Y. Sept. 29, 2018) (cleaned up). "[A] defendant other than a public prosecutor may be liable [for malicious prosecution] for supplying false information to the prosecutor in substantial furtherance of a criminal action against the plaintiff." *Torres v. Jones*, 26 N.Y.3d 742, 760-61 (2016).

The complaint here is devoid of any allegations that Wagner "brought formal charges and had [Plaintiff] arraigned," or that he "filled out complaining and corroborating affidavits or swore to and signed a felony complaint." *Israel*, 2018 WL 11219076, at *6 (quotation marks omitted). Nor are there any allegations that Wagner "initiate[d] a prosecution by creating material, false information and forwarding that information to a prosecutor or by withholding material information from a prosecutor." *Id.* (quotation marks omitted); *see also Rutherford v. City of Mount Vernon*, 698 F. Supp. 3d 574, 602–03 (S.D.N.Y. 2023) (dismissing claims against defendants who did not actively participate in plaintiff's arrest).

The malicious prosecution claim also fails because the complaint pleads that Plaintiff was indicted by a grand jury (Dkt. 1 at ¶ 157), and "[t]he existence of probable cause to pursue a prosecution is presumed when an individual is indicted by a grand jury." *Peterson v. Regina*, 935 F. Supp. 2d 628, 642 (S.D.N.Y. 2013) (collecting cases). "This presumption is rebuttable only 'by evidence that the indictment was procured by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith." *Id.* (citing *Savino v. City of New York*, 331 F.3d 63, 69 (2d Cir.2003)). "The required showing must be of misconduct so serious as to 'erode the premise that the grand jury acts judicially.'" *Id.* (citing *Rothstein v. Carriere*, 373 F.3d 275, 284

(2d Cir. 2004)) (internal quotation marks and citation omitted). Here, the complaint lacks any allegations of misconduct necessary to rebut the presumption of probable cause.

Plaintiff attempts to ground both his false arrest and malicious prosecution claims against Wagner on conclusory allegations that he both fabricated evidence and withheld exculpatory evidence. "To succeed on a fabricated-evidence claim, a plaintiff must establish that an (1) investigating official (2) fabricate[d] information (3) that is likely to influence a jury's verdict, (4) forward[ed] that information to prosecutors, and (5) the plaintiff suffer[red] a deprivation of life, liberty, or property as a result." *Ashley v. City of N.Y.,* 992 F.3d 128, 139 (2d Cir. 2021) (internal quotation marks omitted). The complaint offers no insight into what evidence Wagner allegedly fabricated, or what evidence he withheld, as the failure to retrieve a folder cannot be considered a fabrication of evidence, or even a withholding of evidence.

Plaintiff also rests his claim on a failure to conduct an adequate investigation, but as discussed above, there is no constitutional right to an adequate investigation. Moreover, even assuming arguendo that such a right exists, simply failing to retrieve a folder is not enough to establish such a violation. The complaint does not even allege that Wagner knew the folder contained allegedly exculpatory material—it simply alleges that ADA Congdon directed Wagner to collect the folder, and that he failed to do so. (Dkt. 1 at ¶¶ 118, 119(a)). It is questionable whether being asked to retrieve a folder, without more, even constitutes investigatory activity.

Plaintiff's allegations that the indictment was obtained by fraud, or by withholding exculpatory evidence from the grand jury (Dkt. 1 at ¶ 155), cannot overcome the presumption of probable cause. Prosecutors "enjoy wide discretion in presenting their case to the Grand Jury" and "are not obligated to search for evidence favorable to the defense or to present all evidence in their possession that is favorable to the accused." *People v. Lancaster*, 69 N.Y.2d 20, 25-26

11

(1986); *see also Savino v. City of New York*, 331 F.3d 63, 75 (2d Cir. 2003) (noting the district attorney "had the discretion and authority to decide what evidence to present to the grand jury," and "was under no duty to present every item of arguably exculpatory evidence in seeking an indictment").

Finally, Plaintiff fails to adequately allege actual malice by Wagner as required to state a malicious prosecution claim. "Actual malice does not require spite or hatred, but only allegations that 'the defendant must have commenced the criminal proceeding due to a wrong or improper motive, something other than a desire to see the ends of justice served.'" *Amador v. United States*, 2022 WL 902783, at * 6 (S.D.N.Y. Mar. 28, 2022) (quoting *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 573 (2d Cir. 1996). There are no allegations in the complaint plausibly suggesting Wagner was involved in the initiation of the criminal proceeding against Plaintiff, much less that Wagner acted with malice.  *See, e.g.*, *Lewis v. City of New York*, 591 Fed. App'x 21, 22 (summary order) (2d Cir. Jan. 29, 2015) ("[C]onclusory allegations are insufficient to counter the presumption of probable cause, and to allow a court to draw the reasonable inference that the grand jury's indictment was a result of fraud or other misconduct.").

At bottom, "[e]ven giving plaintiff's allegations the most generous reasonable construction, he alleges no more than poor police work. That is not enough to support a malicious-prosecution claim, or a § 1983 claim in general." *Williams v. Carpenter*, 214 F. Supp. 3d 197, 201 (W.D.N.Y. 2016).

### IV. Plaintiff's Fair Trial Claims Must be Dismissed because (1) an Inadequate Investigation is Not a Constitutional Violation; and (2) there are No Allegations Wagner Fabricated Evidence.

"A person suffers a constitutional violation if an (1) investigating official (2) fabricates evidence (3) that is likely to influence a jury's decision, (4) forwards that information to

prosecutors, and (5) the plaintiff suffers a deprivation of liberty as a result." *Jovanovic v. City of New York*, 486 Fed. App'x. 149, 152 (summary order) (2d Cir. 2012).

The conclusory allegations of the complaint fail to state a claim for denial of a fair trial as against Wagner. Even assuming arguendo that not picking up a folder containing allegedly exculpatory evidence constitutes a substantive investigative task, the claim would still fail because there is no constitutional right to an adequate investigation. *See, e.g.*, *Harrington v. County of Suffolk*, 607 F.3d 31, 35 (2d Cir. 2010) (holding that there is no constitutionally protected right to have a government investigation of alleged wrongdoing); *Stokes v. City of New York*, No. 05-CV-0007, 2007 WL 1300983, at *6 (E.D.N.Y. May 3, 2007) ("[I]t is well-settled that there is no independent claim for a police officer's purported failure to investigate.").

The complaint also fails to state a claim that Wagner fabricated evidence. "To establish fabrication, plaintiff must show that "defendant[s] knowingly [made] a false statement or omission." *Ashley*, 992 F.3d at 143. There are no allegations in the complaint that Wagner made a knowingly false statement. Nor does the complaint adequately plead Wagner knowingly omitted information. Even accepting Plaintiff's contention that the Saitta Folder contained exculpatory information, there is no allegation that Wagner knew what the contents of the Saitta Folder were. The complaint simply alleges Wagner was directed to pick up the folder, and that he failed to do so. Without any allegations such as what evidence was fabricated or withheld, or how Wagner participated in such alleged misconduct, the claim for denial of a fair trial must be dismissed with prejudice.

To the extent that the contents of the folder were exculpatory, Plaintiff obtained the folder before trial and had the opportunity to present the information contained therein to the jury, meaning he was not prejudiced by Wagner's alleged failure to pick up the folder. *United*

*States v. Barlow*, 732 F. Supp. 2d 1, 19 (E.D.N.Y. 2010) (no prejudice on *Brady* claim where exculpatory information was "presented in its entirety to the jury"). The fair trail claim against Wagner must be dismissed with prejudice.

> **V.    Plaintiff's Claim for Failure to Intervene Must be Dismissed because (1) There is No Underlying Constitutional Violation; and (2) the Complaint Fails to Plead Wagner had a Reasonable Opportunity to Intervene.**

"It is widely recognized that all law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence." *Terebesi v. Torreso*, 764 F.3d 217, 243 (2d Cir. 2014) (quoting *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994)). "An officer who fails to intercede is liable for the preventable harm caused by the actions of the other officers where that officer observes or has reason to know: (1) that excessive force is being used; (2) that a citizen has been unjustifiably arrested; or (3) that any constitutional violation has been committed by a law enforcement official." *Anderson*, 17 F.3d at 557 (internal citations omitted). "In order for liability to attach, there must have been a realistic opportunity to intervene to prevent the harm from occurring." *Id.*

If the Court dismisses the other Section 1983 claims, then the failure to intervene claim must be dismissed because there are no underlying constitutional violations. *See Forney v. Forney*, 96 F. Supp. 3d 7, 11 (E.D.N.Y. 2015) ("there can be no failure to intervene claim without a primary constitutional violation"); *Matthews v. City of New York*, 889 F. Supp. 2d 418, 443–44 (E.D.N.Y. 2012) ("[T]he failure to intervene claim is contingent upon the disposition of the primary claims underlying the failure to intervene claim.").

Further, there are no facts alleged in the complaint that would suggest Wagner knew, or had reason to know, that the alleged constitutional violations were to occur.  Simply being an investigator for the District Attorney's office who failed to pick up a folder is not enough to

plausibly allege that Wagner knew, or had reason to know, that the subsequent alleged

constitutional violations would occur. Again, the complaint does not allege that Wagner knew

what the contents of the folder were, or that he knew the folder contained allegedly exculpatory

material. The complaint does not allege that Wagner was present at Plaintiff's arrest, that he

participated in the decision to arrest Plaintiff, or that he participated in the decision to prosecute

Plaintiff. Absent such allegations, it is impossible to draw the inference that Wagner had a

"realistic opportunity to intervene to prevent the harm from occurring." *Rutherford*, 698 F. Supp.

3d at 608 (police officer cannot be held for failure to intervene when he was not present at the

time the alleged constitutional violations took place). Similarly, here the complaint does not

allege what opportunity Wagner had to intervene, and thus the claim against Wagner must be

dismissed with prejudice. *See, e.g.*, *Anderson v. City of Mount Vernon*, No. 23 Civ. 3963 (NSR),

2024 WL 2158390, at *2-3 (S.D.N.Y. May 13, 2024) (dismissing failure to intervene claim

where complaint fails to "specif[y]which Defendants failed to intervene, the opportunity they

had to intervene, or what constitutional rights were violated") (collecting cases).

### VI.    Plaintiff's Section 1983 Conspiracy Claim Must be Dismissed As it Fails to Adequately Allege any of the Necessary Elements.

As explained above, there is no underlying constitutional violation here, which is fatal to

Plaintiff's § 1983 conspiracy claim. *See Mitchell v. Cnty. of Nassau*, 786 F. Supp. 2d 545, 564

(E.D.N.Y. 2011) ("[A] § 1983 conspiracy claim fails as a matter of law where there is no

underlying constitutional violation.").

Additionally, the complaint fails to plead the elements necessary to set forth a cognizable

claim for Section 1983 conspiracy. "To survive a motion to dismiss on a [section] 1983

conspiracy claim, the plaintiff must allege 1) an agreement between two or more state actors, 2)

concerted acts to inflict an unconstitutional injury, and 3) an overt act in furtherance of the goal."

*Andrews v. Town of West Seneca*, 21-CV-746-LJV, 23-CV-14-LJV, 2025 WL 959658, at *16 (W.D.N.Y. Mar. 31, 2025) (citation and internal brackets omitted). "A complaint that includes vague allegations and fails to include specific instances of misconduct will not withstand a motion to dismiss." *Id.* (citation omitted); *see also Webb v. Goord*, 340 F.3d 105, 110 (2d Cir. 2003) ("plaintiff must provide some factual basis supporting a meeting of the minds") (citation and internal quotation marks omitted); *Warren v. Fischl*, 33 F. Supp. 2d 171, 177 (E.D.N.Y. 1999) (complaint must "provide some details of time and place and the alleged effects of the conspiracy") (citations and internal quotations marks omitted).

None of the factual allegations required to support a claim of Section 1983 conspiracy against Wagner appear in the complaint, which simply alleges in a conclusory fashion that a group of defendants agreed to act in concert to deprive Plaintiff of his constitutional rights.  (Dkt. 1 at ¶¶ 264-265). There are no factual allegations indicating Wagner entered into any sort of agreement—explicit or otherwise—with any of the other defendants. There are no allegations regarding any specific, concerted acts Wagner allegedly undertook as part of the conspiracy. There are no allegations of any overt acts undertaken by Wagner as part of the conspiracy. The claim should therefore be dismissed with prejudice. *See Garland v. City of New York*, 665 F. Supp. 3d 295, 311 (E.D.N.Y. 2023) (dismissing Section 1983 conspiracy claim in part for failure to "proffer any nonconclusory facts regarding the nature of the conspiracy, Defendant's membership in the conspiracy, or the overt steps taken by any by any of the Defendants in furtherance of that conspiracy").

Plaintiff's conspiracy claim, to the extent it asserts an alleged conspiracy between Wagner and other members of the District Attorney's Office, also fails under the intracorporate conspiracy doctrine. While the Second Circuit has not specifically addressed the applicability of

the intracorporate conspiracy doctrine to a Section 1983 conspiracy claim, district courts within the Circuit have applied the doctrine to such claims. *See Livingston v. Hoffnagle*, No. 9:19-CV-0353, 2019 WL 7500501 (N.D.N.Y. Nov. 8, 2019) (dismissing conspiracy claim pursuant to intracorporate conspiracy doctrine where all defendants were DOCCS employees acting within the scope of their employment); *White v. Cty. of Dutchess*, No. 15 CV 8744 (VB), 2016 WL 4449720, at *9 (S.D.N.Y. Aug. 23, 2016) (dismissing Section 1983 conspiracy claim because, as relevant here, there "can be no conspiracy between any of the officer defendants because they are all employed by the City of Poughkeepsie"); *Harrison v. Cty. of Nassau*, No. 15CV2712, 2016 WL 4083381, at *3 (E.D.N.Y. Aug. 1, 2016) (finding "that the intracorporate conspiracy doctrine prevents a finding of liability of defendants for participation in a conspiracy to deny plaintiff his constitutional rights"); *Richard v. Dignean*, 126 F. Supp. 3d 334, 338-39 (W.D.N.Y. 2015) (applying intracorporate conspiracy doctrine to Section 1983 conspiracy claim). Here, to the extent that the complaint alleges a conspiracy between Wagner and other members of the District Attorney's Office, such a claim is barred by the intracorporate conspiracy doctrine.

For all these reasons, the Section 1983 conspiracy claim against Wagner must be dismissed with prejudice.

### VII. Plaintiff's Claim for Emotional Distress Must be Dismissed on Multiple Grounds.

Intentional infliction of emotional distress ("IIED") "has four elements: (i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress." *Howell v. N.Y. Post Co.*, 81 N.Y.2d 115, 121 (N.Y. 1993). The conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized

society." *Murphy v. Am. Home Prod. Corp.*, 448 N.E.2d 86, 90 (N.Y. 1983) (internal quotation marks omitted) (quoting Restatement (Second) of Torts § 46, cmt. d (Am. L. Inst. 1965)).

As a matter of law, the alleged wrongful conduct here (the failure to pick up a folder containing allegedly exculpatory evidence) does not rise to the level of extreme or outrageous conduct that is intolerable in a civilized society. *See, e.g.*, *Green-Page v. United States*, No. 1:20-CV-00837, 2024 WL 3584194, at *14 (W.D.N.Y. July 30, 2024) (dismissing claims for emotional distress as "[t]he execution of a facially valid search warrant with firearms carried or brandished does not rise to this exacting standard."); *see also Sylvester v. City of New York*, 889 N.Y.S.2d 508, 508 (Sup. Ct. 2009) (concluding that "lawful arrest" supported by "probable cause" could "not sustain a claim of [IIED]" because emotional distress described was that "inherent in any police arrest and detention"). The "highly disfavored cause of action" for IIED is "almost never successful," and Plaintiff's case is not the exception to this rule. *McGown v. City of New York*, No. 09-CV-8646, 2010 WL 3911458, at *5 (S.D.N.Y. Sept. 9, 2010).

"To plead a negligent infliction of emotional distress claim under New York law, a plaintiff must allege (1) a breach of a duty owed to the plaintiff; (2) emotional harm; (3) a direct causal connection between the breach and the emotional harm; and (4) circumstances providing some guarantee of genuineness of the harm." *Francis v. Kings Park Manor, Inc.*, 992 F.3d 67, 81 (2d Cir. 2021). Under New York law, a claim for negligent infliction of emotional distress ("NIED") can proceed under one of two theories: (1) the "bystander" theory or (2) the "direct duty theory." *Werner v. Selene Fin., LLC*, No. 17-CV-06514, 2019 WL 1316465, at *11 (S.D.N.Y. Mar. 22, 2019) (citing *Mortise v. United States*, 102 F.3d 693, 696 (2d Cir. 1996)). The bystander theory applies where "the defendant's negligence causes [plaintiff] to be threatened with serious physical harm and as a result [he] suffers emotion injury from witnessing

18

the death or serious bodily injury of a member of [his] immediate family." *Id.* The direct duty

theory applies when plaintiff "suffered an emotional injury from the defendant's breach of a duty

which unreasonably endangered her own physical safety." *Id.*; *see also Lancellotti v. Howard,*

155 A.D.2d 588, 589 (2d Dep't 1989) ("The circumstances under which recovery may be had

[on an NEID claim] for purely emotional harm are extremely limited and, thus, a cause of action

seeking such recovery must generally be premised upon a breach of a duty owed directly to the

plaintiff which either endangered the plaintiff's physical safety or caused the plaintiff fear for his

or her own physical safety."). Plaintiff's complaint does not allege that Plaintiff's physical safety

was threatened and he saw a family member suffer a serious physical injury. Nor does he plead a

breach of duty that "unreasonably endangered" his physical safety. His NEID claim must be

dismissed with prejudice.

Plaintiff's claims for IIED and NIED must also be dismissed because both are

duplicative of Plaintiff's tort claims. "The New York Court of Appeals has strongly cautioned

against allowing emotional distress claims to be brought where other tort remedies are

available." *Moore v. City of New York*, 219 F. Supp. 2d 335, 339 (E.D.N.Y. 2002) (citing *Fischer

v. Maloney*, 43 N.Y.2d 553, (1978)). "[IIED] is a theory of recovery that is to be invoked only as

a last resort,' when traditional tort remedies are unavailable." *Naccarato v. Scarselli*, 124

F.Supp.2d 36, 44 (N.D.N.Y. 2000) (quoting *EEOC v. Die Fliedermaus*, 77 F. Supp. 2d 460, 472

(S.D.N.Y. 1999)). Thus, "[i]t is well settled that a "plaintiff seeking damages for an injury

resulting from a wrongful arrest and detention may not recover under broad general principles of

negligence . . . but must proceed by way of the traditional remedies of false arrest and

imprisonment." *Joyner v. County of Cayuga*, 5:20-CV-60, 2020 WL 1904088, at * 11 (N.D.N.Y.

April 17, 2020).

19

Here, Plaintiff's claims for emotional district fall squarely "within the ambit of his claims" for false arrest, falsified evidence, and malicious prosecution; therefore, the emotional distress claims as against Wagner should be dismissed with prejudice. *See, e.g.*, *Delaney v. City of Albany*, No. 1:18-CV-1259 (LEK/ATB), 2019 WL 125769, at *5 (N.D.N.Y. Jan. 7, 2019) ("The conduct of which Plaintiff complains falls within the ambit of his claims for false arrest and unreasonable search; accordingly, the Court dismisses the related IIED claim."); *Murphy v. City of Rochester*, 986 F. Supp. 2d 257, 271 (W.D.N.Y. 2013) ("the allegedly outrageous conduct complained of by [the plaintiff] falls within the scope of the other traditional torts he has pleaded (i.e., false arrest; malicious prosecution; abuse of process; negligent hiring, supervision and training; and defamation by libel and slander")); *Yang Feng Zhao v. City of New York*, 656 F. Supp. 2d 375, 405 (S.D.N.Y. 2009) ("In this case the alleged conduct fits well within the traditional tort theories of false arrest, malicious prosecution, and assault and battery. Accordingly, the claim of intentional infliction of emotional distress will not fly.").

## VIII.    Plaintiff's claim for violation of the New York State Constitution must be dismissed.

In the tenth cause of action, Plaintiff asserts a claim against Wagner for violation of Article I §§ 6 and 12 of the New York State Constitution, which protect the rights to due process and to be free from unreasonable searches and seizures. (Dkt. No. 1 at ¶¶ 286–89).

"[D]istrict courts in this circuit have consistently held that there is no private right of action under the New York State Constitution where, as here, remedies are available under [Section] 1983." *Talarico v. Port Auth. of N.Y. & N.J.*, 367 F. Supp. 3d 161, 171 (S.D.N.Y. 2019) (citation omitted) (collecting cases). Thus, "where a complaint alleges no theories of liability that are cognizable exclusively under the New York State Constitution, any claims brought under the state constitution are ordinarily dismissed." *Id.* at 171–72 (collecting cases).

20

Here, the violations of the state constitution Plaintiff alleges can be remedied by his claims brought pursuant to Section 1983, including his false arrest, malicious prosecution, and denial of fair trial claims. *See Rodriguez v. City of New York*, 623 F. Supp. 3d 225, 260 (S.D.N.Y. 2022) (granting motion to dismiss state constitutional claim where the plaintiff "ha[d] an adequate alternative remedy at law" by virtue of a false imprisonment claim).

To the extent the Court independently considers Plaintiff's state constitutional claims, they fail for the same reasons set forth above in connection with Plaintiff's Section 1983 and other state-law claims.

## CONCLUSION

For the foregoing reasons, Jeff Wagner respectfully requests that the Court grant the relief requested herein, together with such other and further relief that the Court deems just and proper.

Dated: May 15, 2025                          Respectfully submitted,

**HANCOCK ESTABROOK, LLP**

By: _____
James J. O'Shea, Esq. (Bar Roll #516403)
Lillian A. Pfhol, Esq. (admission pending)
Erica L. Masler, Esq. (Bar Roll #703595)
*Attorneys for Defendant Jeff J. Wagner*
1800 AXA Tower I, 100 Madison Street
Syracuse, New York 13202
Telephone: 315-565-4500
joshea@hancocklaw.com

cc: All counsel of record via CM/ECF

4936-9126-5091, v. 2