UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

YARON KWELLER,

                Plaintiff,

    v.                                            Case No.:  3:24-cv-01328-AJB-ML

THE COUNTY OF BROOME, et al.,

                Defendants.

## DEFENDANT COUNTY OF BROOME'S MEMORANDUM
## OF LAW IN SUPPORT OF ITS MOTION FOR RECONSIDERATION

Respectfully submitted,

**THE WLADIS LAW FIRM, P.C.**
Bar Roll No. 510390
*Attorneys for Defendant County of Broome*
P. O. Box 245
Syracuse, NY 13214
6312 Fly Rd.
East Syracuse, NY 13057
(315) 445-1700
tlambrecht@wladislawfirm.com

## **Table of Contents**

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT ......................................................................................................................... 1

    I.   Standard for Motion for Reconsideration ..................................................................... 1

    II.  Basis for Reconsideration ........................................................................................... 2

CONCLUSION ..................................................................................................................... 6

## Table of Authorities

*Anwar v. Fairfield Greenwich Ltd.*, 745 F. Supp. 2d 379, 383 (S.D.N.Y. 2010) ........................... 2

*Baez v. Hennessy*, 853 F.2d 73, 76 (2d Cir. 1988) ................................................................. 2

*Clark v. Hutchinson*, No. 24-CV-2147 (KMK), 2025 WL 1827589,
   *3 (S.D.N.Y. Jul. 2, 2025) ...................................................................................... 2

*D'Alessandro v. City of New York*, 713 F. App'x 1, 8 (2d Cir. 2017) ............................................ 5

*Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) ..................................................... 1

*Doe v. Guthrie Clinic, Ltd.*, 22 N.Y.3d 480, 484 (2014) ......................................................... 4

*Doe v. N.Y. City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.), *cert. denied*, 464 U.S. 864
   (1983) ................................................................................................................ 2

*Fisher v. State*, 10 N.Y.2d 60, 217 N.Y.S.2d 52, 176 N.E.2d 72 (1961) ...................................... 4

*Gentry v. New York*, No. 1:21-CV-0319 (GTS/ML), 2021 WL 3037709,
   at *6 (N.D.N.Y. Jun. 14, 2021) .............................................................................. 4

*Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142 (2d Cir. 2020) ................ 2

*Rindgen v. Broome County,* 3:24-cv-01325-AJB-ML ............................................................. 3

*Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) ................................................ 2

*Shmueli v. City of New York*, 424 F.3d 231, 236 (2d Cir. 2005) ............................................. 5

*Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ............................................. 2

*Singer v. Fulton County Sheriff*, 63 F.3d 110, 117 (2d Cir. 1995) ......................................... 6

*Wallace v. Kato*, 549 U.S. 384, 389–90 (2007) ................................................................. 6

*Ying Jing Gan v. City of New York*, 996 F.2d 522, 536 (2d Cir. 1993) .................................... 3

## Rules

County Law § 700(1) ................................................................................................. 5

County Law § 702(2) ................................................................................................. 5

Fed. R. Civ. P. 60(b)(1) .............................................................................................. 6

N.D.N.Y. L.R. 60.1 .................................................................................................... 1

## PRELIMINARY STATEMENT

By Decision and Order dated September 24, 2025, the Court, *inter alia*, granted defendant Broome County's ("County") motion to dismiss in part and denied it in part. The sole remaining claims against the County are plaintiff Yaron Kweller's state law false arrest and malicious prosecution claims, which the Court allows to proceed under a theory of *respondeat superior* liability based upon the alleged actions of defendant ADA Alyssa Congdon. Respectfully, the County submits that allowing these claims to proceed under such a theory is in error as under controlling Second Circuit jurisprudence ADA Congdon's prosecutorial actions are attributable to the State, not the County, and not subject to *respondeat superior* liability.

As addressed below, case law, originally cited by the County in its moving papers, holds that in New York when an ADA acts in a prosecutorial manner, he or she does so as an officer of the State, and not as an employee of the County. For this reason, the County respectfully submits that it cannot be liable through *respondeat superior* under these circumstances and respectfully requests that this Court reconsider its determination that these claims against the County should not have been dismissed.

## ARGUMENT

### I.    STANDARD FOR MOTION FOR RECONSIDERATION

Under this District's Local Rules, "a party may file and serve a motion for reconsideration or re-argument no later than fourteen days after the entry of the challenged judgment, order, or decree." N.D.N.Y. L.R. 60.1. "A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice." *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, J.) (*citing Doe v. N.Y. City*

*Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.), *cert. denied*, 464 U.S. 864 (1983)).  The County relies upon the latter prong to make this motion.

These admittedly are demanding requirements.  *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  The County understands that reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998), and that such a motion "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader*, 70 F.3d at 257.

That said, reconsideration may be warranted "to prevent manifest injustice."  *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142 (2d Cir. 2020).  This includes instances where inartful or poor briefing did not give the Court "all relevant and necessary information" when it issued its decision.  *Clark v. Hutchinson*, No. 24-CV-2147 (KMK), 2025 WL 1827589, *3 (S.D.N.Y. Jul. 2, 2025) (*citing Anwar v. Fairfield Greenwich Ltd.*, 745 F. Supp. 2d 379, 383 (S.D.N.Y. 2010) (granting reconsideration to prevent manifest injustice where "technicality" and unclear briefing caused court to dismiss negligence claims that were properly pled).

Respectfully, such is the situation here and reconsideration is appropriate.

## II.     BASIS FOR RECONSIDERATION

The sole remaining claims against the County are vicarious in nature.  The Court has allowed plaintiff's State law false arrest and malicious prosecution claims to go forward based upon the alleged actions of defendant Congdon, a County ADA.

As the County explained in its initial motion papers, in *Baez v. Hennessy*, 853 F.2d 73, 76 (2d Cir. 1988), *cert. denied*, 488 U.S. 1014 (1989), the Second Circuit holds that in New York, a county district attorney's "prosecutorial acts may not 'fairly be said to represent official policy' of

the County." *See* County Mem. of Law at 4. It made this point while addressing plaintiff's *Monell* claim, but the reasoning applies with the same force to bar plaintiff's surviving *respondeat superior* claims.

In *Baez*, one of the chief issues was whether Onondaga County could be held liable for the actions of its District Attorney and an ADA based on an indictment error. The District Court denied Onondaga County's motion for summary judgment, but the Second Circuit reversed. It held that in New York, a district attorney's prosecutorial acts are undertaken on behalf of the State, not the County.[1] *See id.* ("when prosecuting a criminal matter, a district attorney in New York State, acting in a quasi-judicial capacity, represents the State, not the county"); *see also Ying Jing Gan v. City of New York*, 996 F.2d 522, 536 (2d Cir. 1993) (holding DA entitled to Eleventh Amendment immunity because "in spite of the statutory classification a District Attorney is not an officer or employee of the municipality . . . but is instead a quasi-judicial officer *acting for the state* in criminal matters")(citations omitted) (emphasis supplied). Thus, even if ADA Congdon is deemed a County employee for administrative matters (*e.g.*, payroll, etc.), that status does not affect her legal capacity as a State officer when performing prosecutorial acts.

There is sound logic in this reasoning:

[a] county has no right to establish a policy concerning how either official should prosecute violations of State penal laws. . . . Indeed, it would be a violation of a

---

[1] The Court authored a 94 page decision. It knows first-hand that there were many claims and legal points the parties had to address in their motion papers and the Court had to review. That said, the County ideally could have been much clearer when citing the *Baez* decision in its initial motion papers, especially because it did address *Baez*'s impact on the *respondeat superior* claim in *Rindgen v. Broome County*, 3:24-cv-01325-AJB-ML, *see* dkt. 106 at 7, which is based on virtually the same set of facts.

Still, this matter is at its outset. If the County's analysis of *Baez* is correct and it can be dismissed from this lawsuit as a matter of law, then respectfully it is better to determine that at this early stage than in subsequent motion practice. Extending litigation unnecessarily only adds costs to the public till, which would be the kind of manifest injustice that a motion for reconsideration is meant to redress. Absent reconsideration, the County will remain in this litigation on claims that controlling precedent forecloses as a matter of law—an archetypal form of manifest injustice.

district attorney's ethical obligations as counsel for the State in a criminal proceeding to permit himself to be influenced in the performance of his duties by so-called policies of a county. . . . Where, as here, controlling law places limits on the County's authority over the district attorney, the County cannot be said to be responsible for the conduct at issue.

*Baez*, 853 F. 2d at 77 (citations omitted).

For *respondeat superior*, liability attaches "for the tortious acts of . . . employees only if those acts were committed in furtherance of the employer's business and within the scope of employment." *Doe v. Guthrie Clinic, Ltd.*, 22 N.Y.3d 480, 484 (2014). As for the applicability of *respondeat superior* to District Attorneys in New York, the *Baez* court noted:

[o]ur interpretation of New York law has been made with full cognizance of the New York Court of Appeals' holding in *Fisher v. State*, 10 N.Y.2d 60, 217 N.Y.S.2d 52, 176 N.E.2d 72 (1961), that the State is not liable on a theory of *respondeat superior* for the tortious acts of a prosecuting district attorney. The *Fisher* court carefully refrained from deciding whether any other branch of the government would be liable for a district attorney's torts in situations where those officers conduct criminal prosecutions. *Id*. at 63, 217 N.Y.S.2d 52, 176 N.E.2d 72. However, lower New York courts, recognizing that a district attorney is a quasi-judicial officer acting for the State in criminal matters, *have refused to impose either tort or section 1983 liability locally for his prosecutorial acts*. . . . . *We find these cases persuasive.*

*Id*. at 78, fn. 2 (emphasis supplied). Thus, tort allegations related to prosecutorial actions by ADA Congdon cannot be attributed to the County because by law those defendants are deemed to have undertaken such actions acting on behalf of the State, not the County. *See Gentry v. New York*, No. 1:21-CV-0319 (GTS/ML), 2021 WL 3037709, at *6 (N.D.N.Y. Jun. 14, 2021) (recommending dismissal of plaintiff's malicious prosecution claims against defendant assistant district attorneys in their official capacities, which were effectively claims against the State of New York, as barred by the Eleventh Amendment), *report and recommendation adopted*, 2021 WL 3032691 (N.D.N.Y. Jul. 19, 2021). *Baez*'s reasoning logically precludes any vicarious liability, because if the DA or an ADA acts as a State officer, there is no master-servant relationship with the County.

4

Additionally, the holding in *Baez* analysis applies to district attorneys and assistant district attorneys alike.   Under County Law § 700(1), the district attorney "shall . . . conduct all prosecutions" and under County Law § 702(2) assistants perform duties "as . . . directed by the district attorney."   Together, these statutes show that ADAs prosecute as the DA's delegates—*i.e.*, in the State's capacity.   The Second Circuit recognizes as much.   *See D'Alessandro v. City of New York*, 713 F. App'x 1, 8 (2d Cir. 2017) ("[I]f a district attorney *or an assistant district attorney* acts as a prosecutor, she is an agent of the state, and therefore immune from suit in her official capacity") (*citing See Ying Jing Gan*, 996 F.2d at 536; *Baez*, 853 F.2d at 77) (emphasis supplied).

Here, there is no question that in bringing a prosecution, ADA Congdon was acting in her prosecutorial role.   The Second Circuit holds that "[u]nder our case law, a prosecutor unquestionably acts as an advocate . . . when she initiates and pursues a criminal prosecution."   *See Shmueli v. City of New York*, 424 F.3d 231, 236 (2d Cir. 2005).   Indeed, "a prosecutor still acts within the scope of her duties even if she makes false statements during judicial proceedings . . . knowingly uses false testimony . . . *deliberately withholds exculpatory evidence . . . engages in malicious prosecution* . . . or attempts to intimidate an individual into accepting a guilty plea."   *Id.* at 237-38 (citations omitted) (emphasis supplied).

If plaintiff would argue his *respondeat superior* false arrest claim could survive under *Baez*, the County disagrees.   To the extent that defendant Congdon was acting in her prosecutorial duties, the same logic applies.   *See id.*   Additionally, according to the complaint, plaintiff's arrest was pursuant to legal process, not a warrantless street seizure.   He admits that he was produced by counsel and charged and arraigned in Binghamton City Court on felony complaints on the same date.   *See* Complaint at ¶¶ 134-136.   Once a criminal defendant is arraigned or held pursuant to process, any claim for unlawful detention must be pursued as malicious prosecution, not false

arrest. *See Wallace v. Kato*, 549 U.S. 384, 389–90 (2007) (false arrest covers detention without process; once process issues, claim becomes one for malicious prosecution);[2] *Singer v. Fulton County Sheriff*, 63 F.3d 110, 117 (2d Cir. 1995) (holding same). For that additional reason, plaintiff's *respondeat superior* false arrest claim cannot survive.

## **CONCLUSION**

For the foregoing reasons, pursuant to Fed. R. Civ. P. 60(b)(1) and Local Rule 60.1 reconsideration is warranted and plaintiff's *respondeat superior* claims should be dismissed against the County in their entirety.

DATED: October 8, 2025              Respectfully submitted,
East Syracuse, New York

                                    THE WLADIS LAW FIRM, P.C.
                                    */s/ Timothy J. Lambrecht*
                                    Timothy J. Lambrecht, Esq.
                                    Bar Roll No. 510390
                                    *Attorneys for Defendant County of Broome*
                                    P. O. Box 245
                                    Syracuse, NY 13214
                                    6312 Fly Rd.
                                    East Syracuse, NY 13057
                                    (315) 445-1700
                                    tlambrecht@wladislawfirm.com

TO: All Counsel of Record via CM/ECF

---

[2] "If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more. From that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself." *Id*.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 8, 2025, I caused the foregoing document to be filed electronically with the Clerk of the District Court, Northern District of New York, using the CM/ECF system, which sent automatic and contemporaneous notification of such filing to all counsel who have made an appearance in this action.

*/s/ Timothy J. Lambrecht*

Timothy J. Lambrecht, Esq. (510390)
