UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

YARON KWELLER,

                    Plaintiff,

        v.                                              Case No.:  3:24-cv-01328-AJB-ML

THE COUNTY OF BROOME, et al.,

                    Defendants.

## DEFENDANT BROOME COUNTY'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Broome County ("Defendant"), by and through its attorneys, The Wladis Law Firm, P.C., Timothy J. Lambrecht, Esq., for an Answer to the Plaintiff's Complaint for Injunctive Relief ("Complaint"), respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.    Defendant admits that this is a lawsuit brought under brought under 42 U.S.C. § 1983 and 42 U.S.C. § 1988, but otherwise denies the allegations contained in paragraph 1.

2.    Defendant denies the allegations contained in paragraph 2.

3.    Defendant denies the allegations contained in paragraph 3.

4.    Defendant admits that Mr. Kweller was acquitted by a jury, but otherwise denies the allegations contained in paragraph 4.

5.    Defendant denies the allegations contained in paragraph 5.

## JURISDICTION

6.    Defendant admits the allegations in paragraph 6.

7.      Defendant admits the allegations in paragraph 7.

8.      Defendant admits the allegations in paragraph 8.

## JURY DEMAND

9.      Defendant admits the allegations in paragraph 9.

## PARTIES

10.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10.

11.     Defendant admits that it is a municipal entity created and authorized under the laws of the State of New York, but otherwise denies the allegations contained in paragraph 11.

12.     Defendant admits that the defendant City of Binghamton ("City") is a municipal entity created and authorized under the laws of the State of New York and that it has a police department, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12.

13.     Defendant admits that defendant District Attorney Michael A. Korchak was at all times relevant to this Complaint the duly elected District Attorney of Broome County, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13.

14.     Defendant admits that defendant Chief Assistant District Mark Loughran was at all times relevant to this Complaint a duly appointed and active Assistant District Attorney, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14.

15.     Defendant admits that defendant Assistant District Attorney Alyssa Congdon was at all times relevant to this Complaint a duly appointed and active Assistant District Attorney, but

otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15.

16.    Defendant admits that defendant Assistant District Attorney Amanda Cronin was at all times relevant to this Complaint a duly appointed and active Assistant District Attorney, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16.

17.    Defendant admits that defendant District Attorney Investigator Jeff J. Wagner was at all times relevant to this Complaint a duly appointed and active District Attorney Investigator, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17.

18.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18.

19.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19.

20.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20.

21.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21.

22.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22.

## STATEMENT OF FACTS

### The Events of November 26-27, 2021

23.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23.

24.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24.

25.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25.

26.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26.

27.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27.

28.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28.

29.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29.

30.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30.

31.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31.

32.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32.

33.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33.

34.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34.

35.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35.

36.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36.

37.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37.

38.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38.

39.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39.

40.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 40.

41.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41.

42.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42.

43.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43.

44.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44.

45.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 45.

46.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 46.

47.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 47.

48.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 48.

49.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 49.

50.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 50.

51.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 51.

52.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 52.

53.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 53.

54.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 54.

55.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 55.

**Mr. Kweller Learns that Defendant's Herceg and Demkovich Were Falsely Accusing Him of Rape**

56.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 56.

57.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 57.

58.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 58.

59.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 59.

60.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 60.

61.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 61.

62.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 62.

63.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 63.

64.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 64.

65.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 65.

66.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 66.

**Defendant's Herceg and Demkovich's Electronic Communications and Data from the Night in Question and the Days Following Make Clear that Any Sexual Contact Was Consensual, but that They Believed and Agreed that a False Rape Accusation Could Benefit them Personally**

67.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 67.

68.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 68, including subsections (a)-(ff).

**BPD'S Initial Investigation Finds No Support for Defendant Herceg and Defendant Demkovich's Allegations, Instead Uncovering Many Reasons to Doubt their Veracity and Reliability**

69.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 69.

70.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 70.

71.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 71.

72.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 72.

73.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 73.

74.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 74.

75.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 75.

76.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 76.

77.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 77.

78.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 78.

79.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 79.

80.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 80.

81.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 81.

82.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 82.

83.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 83.

84.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 84.

85.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 85.

86.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 86.

87.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 87.

**Despite the Lack of Any Credible Evidence Supporting Defendant Herceg and Defendant Demkovich's False Allegations, They are Leaked to the Public, Resulting in a Frenzy of Rapidly Proliferating Lies, Destroying Plaintiff's Reputation and Livelihood**

88.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 88, including subparts (a)-(b).

89.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 89.

90.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 90.

91.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 91.

92.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 92.

93.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 93.

94.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 94.

95.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 95.

96.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 96.

97.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 97.

98.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 98.

99.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 99.

100.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 100.

101.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 101.

102.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 102.

103.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 103.

### The Broome County District Attorney's Office Joins the Investigation into Defendant's Herceg and Demkovich's Allegations

104.     Defendant admits that defense counsel for plaintiff and Leor Kweller contacted the Broome County District Attorney's Office ("BCDAO") to advise it of counsel's representation, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 104.

105.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 105.

106.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 106.

107.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 107.

108.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 108.

109.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 109.

110.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 110.

111.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 111.

112.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 112.

113.    Defendant admits that defense counsel for plaintiff and his brother, Leor Kweller, filed an Order to Show Cause seeking preservation of the electronic data belonging to defendants Herceg and Demkovich, which BCDAO opposed, and on which oral argument was heard, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 113.

114.    Defendant admits that BCDAO opposed the motion, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 114.

115.    Defendant admits that while the Order to Show Cause was pending, BCDAO continued to seek defendants Herceg and Demkovich's consent to extract their electronic data, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 115.

116.    Defendant admits the allegations in paragraph 116 that either or both defendants Herceg and Demkovich retained Thomas Saitta, Esq. as counsel.

117.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 117.

118.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 118.

119.    Defendant admits that defense counsel for plaintiff, Leor Kweller and Jordan Rindgen ultimately obtained the Saitta Folder by judicial subpoena *duces tecum*, but lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 119, including subparts (a) – (e).

120.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 120.

121.    Defendant admits the allegations in paragraph 121.

122.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 122.

123.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 123.

124.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 124.

125.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 125.

126.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 126.

127.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 127.

**Mr. Kweller Is Arrested Without Probable Cause**

128.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 128.

129.    Defendant admits to the allegations in paragraph 129.

130.    Defendant denies the allegations in paragraph 130.

131.    Defendant denies the allegations in paragraph 131.

132.    Defendant denies the allegations in paragraph 132.

133.    Defendant admits that criminal charges were filed against plaintiff, Leor Kweller, and Jordan Rindgen in local court and that each of them asserted their innocence and pleaded not guilty, but otherwise  lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 133.

134.    Defendant admits the allegations in paragraph 134.

135.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 135.

136.    Defendant admits that plaintiff was charged with Rape in the Third Degree in violation of New York Penal Law section 130.25 and that it is a Felony.  With regard to the statutory language in this paragraph, the language calls for a legal conclusion to which no response is required.  To the extent a response is required, defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 136.

137.    The language in this paragraph calls for a legal conclusion to which no response is required.  To the extent a response is required, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 137.

138.    Defendant admits that plaintiff was charged with Rape in the Third Degree, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 138.

139.    The language in this paragraph calls for a legal conclusion to which no response is required.  To the extent a response is required, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 139.

140.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 140.

141.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 141.

142.    Defendant admits that plaintiff made the court filings identified in subparagraphs (a) – (c), but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 142, including subparts (a) – (c).

143.    Defendant denies the allegations contained in paragraph 143.

144.    Defendant denies the allegations contained in paragraph 144.

145.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 145.

146.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 146.

147.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 147.

**The Baseless Prosecution Proceedings**

148.    Defendant denies the allegations contained in paragraph 148.

149.    Defendant denies the allegations contained in paragraph 149.

150.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 150.

151.    Defendant admits the allegation in paragraph 151 that after plaintiff was arrested, he sought discovery.

152.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 152.

153.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 153.

154.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 154.

155.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 155.

156.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 155, including subparts (a) – (b).

157.    Defendant admits that plaintiff was charged with Rape in the Third Degree in violation of New York Penal Law section 130.25 and that it is a Felony.  With regard to the statutory language in this paragraph, the language calls for a legal conclusion to which no response is

required.  To the extent a response is required, defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 157.

158.    Defendant admits the allegations in paragraph 158.

159.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 159.

160.    Defendant admits the allegations in paragraph 160.

161.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 161, including subparts (a) – (e).

162.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 162.

**A Forensic Image of Defendant Demkovich's phone – and its Exculpatory Contents – is Finally Produced to Plaintiff, Leor Kweller, and Jordan Rindgen**

163.    Defendant admits to the allegations contained in paragraph 163.

164.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 164.

165.    Defendant admits the allegation in paragraph 166 that BCDAO received a hard drive with the extractions of the cell phones of defendants Herceg and Demkovich, but lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 165.

166.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 166.

167.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 167.

168.    Defendant admits that counsel for plaintiff, Leor Kweller and Jordan Rindgen had requested access to the hard drive materials, which BCDAO would only agree to produce if a protective agreement was executed, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 168.

169.    Defendant admits to the allegations contained in paragraph 169.

170.    Defendant admits to the allegations contained in paragraph 170.

171.    Defendant admits to the allegations contained in paragraph 171.

172.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 172.

173.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 173.

174.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 174.

175.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 175.

176.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 176.

177.    Defendant admits to the allegations contained in paragraph 177.

178.    Defendant admits that the Hon. Judge Carol A. Cocchiola of the Broome County Court dismissed the charges against Leor Kweller, but refers to the Court's decision regarding the reasoning. To the extent a response is required, defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 178.

179.    Defendant refers to the Court's decision regarding its reasoning.  To the extent a response is required, defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 179.

180.    Defendant admits that the sexual assault charges against plaintiff and Jordan Rindgen were not dismissed, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 180.

181.    Defendant admits that plaintiff obtained a subpoena for the records in Mr. Saitta's possession, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 181.

182.    Defendant admits that the trial court issued a subpoena for the records, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 182.

**The Case Against Plaintiff and Jordan Rindgen Proceeds to Trial, Despite All of the Evidence Exonerating Them and Revealing the Falsity of Defendant Herceg and Defendant Demkovich's Allegation, and They are Promptly Acquitted**

183.    Defendant admits to the allegations contained in paragraph 183.

184.    Defendant admits to the allegations contained in paragraph 184.

185.    Defendant denies the allegations contained in paragraph 185.

186.    Defendant denies the allegations contained in paragraph 186.

187.    Defendant denies the allegations contained in paragraph 187.

## **DAMAGES**

188.    Defendant denies the allegations contained in paragraph 188.

189.    Defendant denies the allegations contained in paragraph 189.

190.    Defendant denies the allegations contained in paragraph 190.

## FEDERAL CLAIMS

### FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983
### Fourth and Fourteenth Amendment False Arrest and Malicious Prosecution

191.    This cause of action has been dismissed as against defendant.  That said, defendant hereby incorporates by reference all of the foregoing paragraphs and further responds as follows:

192.    Defendant denies the allegations contained in paragraph 192.

193.    Defendant denies the allegations contained in paragraph 193.

194.    Defendant denies the allegations contained in paragraph 194.

195.    Defendant denies the allegations contained in paragraph 195.

196.    Defendant admits that the prosecution terminated in plaintiff's favor when he was acquitted by a jury after trial, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 196.

197.    Defendant denies the allegations contained in paragraph 197.

### SECOND CAUSE OF ACTION

### 42 U.S.C. § 1983
### Fourteenth Amendment Deprivation of Liberty Without Due Process of Law and Denial of a Fair Trial by Fabricating Evidence, Withholding Material Exculpatory and Impeachment Evidences, and Deliberately Failing to Conduct a Constitutionally Adequate Investigation
### *Against Defendant Korchak, Congdon, Cronin, Wagner, Minor and Miller*

198.    Defendant hereby incorporates by reference all of the foregoing paragraphs and further responds as follows:

199.    Defendant denies the allegations contained in paragraph 199.

200.    Defendant denies the allegations contained in paragraph 200.

201.    Defendant denies the allegations contained in paragraph 201.

20

202.    Defendant denies the allegations contained in paragraph 202.

203.    Defendant denies the allegations contained in paragraph 203.

204.    Defendant admits that the prosecution terminated in plaintiff's favor when he was acquitted by a jury after trial, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 204.

205.    Defendant denies the allegations contained in paragraph 205.

## THIRD CAUSE OF ACTION

### 42 U.S.C. § 1983
### Failure to Intervene
### *Against Defendant County of Broome, City of Binghamton, Lorchak, Loughran, Congdon, Cronin, Wagner, Minor, Miller and Zikuski*

206.    This cause of action has been dismissed as against defendant.  That said, defendant hereby incorporates by reference all of the foregoing paragraphs and further responds as follows:

207.    Defendant denies the allegations contained in paragraph 207.

208.    Defendant denies the allegations contained in paragraph 208.

209.    Defendant admits that the prosecution terminated in plaintiff's favor when he was acquitted by a jury after trial, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 209.

210.    Defendant denies the allegations contained in paragraph 210.

## FOURTH CAUSE OF ACTION

### 42 U.S.C. § 1983
### Supervisory Liability
### *Against Defendant Korchak, Defendant Loughran, Defendant Minor, and Defendant Zikuski*

211.    Defendant hereby incorporates by reference all of the foregoing paragraphs and further responds as follows:

212.    Defendant denies the allegations contained in paragraph 212.

213.    Defendant denies the allegations contained in paragraph 213.

214.    Defendant denies the allegations contained in paragraph 214.

215.    Defendant denies the allegations contained in paragraph 215.

216.    Defendant admits that the prosecution terminated in plaintiff's favor when he was acquitted by a jury after trial, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 216.

217.    Defendant denies the allegations contained in paragraph 217.

## FIFTH CAUSE OF ACTION

### 42 U.S.C. § 1983
### *Monell* Claim
### *Against Defendant County of Broome for Actions and Omissions of the Broome County DA's Office and its employees*

218.    This cause of action has been dismissed as against defendant.  That said, defendant hereby incorporates by reference all of the foregoing paragraphs and further responds as follows:

219.    Defendant admits the allegations that Broome County District Attorney and his authorized delegates, at all relevant times, had final authority with respect to the training, supervision, discipline, and overall management of personnel employed by or assigned to the BCDAO with respect to some of the office's functions, but denies the remainder of paragraph 219.

220.    Defendant admits the allegations contained in paragraph 220.

221.    Defendant denies the allegations contained in paragraph 221.

222.    The language in this paragraph calls for a legal conclusion to which no response is required.  To the extent a response is required, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 222.

223.    The language in this paragraph calls for a legal conclusion to which no response is required.  To the extent a response is required, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 223.

224.    The language in this paragraph calls for a legal conclusion to which no response is required.  To the extent a response is required, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 224.

225.    The language in this paragraph calls for a legal conclusion to which no response is required.  To the extent a response is required, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 225.

226.    The language in this paragraph calls for a legal conclusion to which no response is required.  To the extent a response is required, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 226.

227.    The language in this paragraph calls for a legal conclusion to which no response is required.  To the extent a response is required, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 227.

228.    The language in this paragraph calls for a legal conclusion to which no response is required.  To the extent a response is required, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 228.

229.    The language in this paragraph calls for a legal conclusion to which no response is required.  To the extent a response is required, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 229.

230.    The language in this paragraph calls for a legal conclusion to which no response is required.  To the extent a response is required, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 230.

231.    The language in this paragraph calls for a legal conclusion to which no response is required.  To the extent a response is required, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 231.

232.    The language in this paragraph calls for a legal conclusion to which no response is required.  To the extent a response is required, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 232.

233.    The language in this paragraph calls for a legal conclusion to which no response is required.  To the extent a response is required, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 233.

234.    Defendant denies the allegations contained in paragraph 234.

235.    Defendant denies the allegations contained in paragraph 235.

236.    Defendant denies the allegations contained in paragraph 236.

237.    Defendant denies the allegations contained in paragraph 237.

238.    Defendant denies the allegations contained in paragraph 238.

239.    Defendant denies the allegations contained in paragraph 239.

240.    Defendant denies the allegations contained in paragraph 240.

241.    Defendant denies the allegations contained in paragraph 241.

242.    Defendant denies the allegations contained in paragraph 242.

## SIXTH CAUSE OF ACTION

### *Monell* Claim for the Unconstitutional BPD Custom or Policy
### *Against Defendant's City of Binghamton, Zikuski, and Minor*

243.    Defendant hereby incorporates by reference all of the foregoing paragraphs and further responds as follows:

244.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 244.

245.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 245.

246.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 246.

247.    The language in this paragraph calls for a legal conclusion to which no response is required.  To the extent a response is required, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 247.

248.    The language in this paragraph calls for a legal conclusion to which no response is required.  To the extent a response is required, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 248.

249.    The language in this paragraph calls for a legal conclusion to which no response is required.  To the extent a response is required, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 249.

250.    The language in this paragraph calls for a legal conclusion to which no response is required.  To the extent a response is required, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 250.

251.   The language in this paragraph calls for a legal conclusion to which no response is required.  To the extent a response is required, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 251.

252.   The language in this paragraph calls for a legal conclusion to which no response is required.  To the extent a response is required, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 252.

253.   The language in this paragraph calls for a legal conclusion to which no response is required.  To the extent a response is required, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 253.

254.   The language in this paragraph calls for a legal conclusion to which no response is required.  To the extent a response is required, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 254.

255.   The language in this paragraph calls for a legal conclusion to which no response is required.  To the extent a response is required, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 255.

256.   The language in this paragraph calls for a legal conclusion to which no response is required.  To the extent a response is required, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 256.

257.   The language in this paragraph calls for a legal conclusion to which no response is required.  To the extent a response is required, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 257.

258.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 258.

259.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 259.

260.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 260.

261.    The language in this paragraph calls for a legal conclusion to which no response is required.  To the extent a response is required, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 261.

262.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 262.

## SEVENTH CAUSE OF ACTION

### 42 U.S.C. § 1983 Civil Rights Conspiracy
### *Against All Defendants*

263.    This cause of action has been dismissed as against defendant.  That said, defendant hereby incorporates by reference all of the foregoing paragraphs and further responds as follows:

264.    Defendant denies the allegations contained in paragraph 264.

265.    Defendant denies the allegations contained in paragraph 265, including subsections (a) – (d).

262[Sic].    Defendant admits that the prosecution terminated in plaintiff's favor when he was acquitted by a jury after trial, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 262[sic].

266.    Defendant denies the allegations contained in paragraph 266.

27

**STATE LAW CLAIMS**

**EIGHTH CAUSE OF ACTION**

**False Arrest and Malicious Prosecution**
*Against All Defendants*

267.    Defendant hereby incorporates by reference all of the foregoing paragraphs and further responds as follows:

268.    Defendant denies the allegations contained in paragraph 268.

269.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 269.

270.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 270.

271.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 271.

272.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 272.

273.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 273.

274.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 274.

275.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 275.

276.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 276.

277.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 277.

278.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 278.

279.    Defendant admits that the prosecution terminated in plaintiff's favor when he was acquitted by a jury after trial, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 279.

280.    Defendant denies the allegations contained in paragraph 280.

## NINTH CAUSE OF ACTION

### Intentional, Reckless, or Negligent Infliction of Emotional Distress
### *Against All Defendants*

281.    This cause of action has been dismissed as against defendant.  That said, defendant hereby incorporates by reference all of the foregoing paragraphs and further responds as follows:

282.    Defendant denies the allegations contained in paragraph 282.

283.    Defendant denies the allegations contained in paragraph 283.

284.    Defendant denies the allegations contained in paragraph 284.

285.    Defendant denies the allegations contained in paragraph 285.

## TENTH CAUSE OF ACTION

### Article I, §§ 6 and 12 of the New York State Constitution
### *Against All Defendants*

286.    This cause of action has been dismissed as against defendant.  That said, defendant hereby incorporates by reference all of the foregoing paragraphs and further responds as follows:

287.    Defendant denies the allegations contained in paragraph 287.

288.    Defendant admits that the prosecution terminated in plaintiff's favor when he was acquitted by a jury after trial, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 288.

289.    Defendant denies the allegations contained in paragraph 289.

## ELEVENTH CAUSE OF ACTION

### *Respondeat Superior*
### *Against City of Binghamton and County of Broome*

290.    Defendant hereby incorporates by reference all of the foregoing paragraphs and further responds as follows:

291.    Defendant denies the allegations contained in paragraph 291.

292.    Defendant denies the allegations contained in paragraph 292.

293.    Defendant denies the allegations contained in paragraph 293.

294.    Defendant denies the allegations contained in paragraph 294.

## TWELFTH CAUSE OF ACTION

### Abuse of Process
### *Against The City of Binghamton and Defendants Korchak and Zikuski*

295.    Defendant hereby incorporates by reference all of the foregoing paragraphs and further responds as follows:

296.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 296.

297.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 297.

298.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 298.

299.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 299.

300.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 300.

301.    Defendant admits the allegations contained in paragraph 301.

302.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 302.

### AFFIRMATIVE DEFENSES

303.    Without assuming any burden of proof not otherwise imposed by law, defendant asserts the following affirmative defenses to plaintiff's complaint:

### FIRST AFFIRMATIVE DEFENSE

304.    The complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

305.    To the extent plaintiff seeks to hold defendant liable under 42 U.S.C. § 1983 or under *respondeat superior* for acts or omissions of the District Attorney or Assistant District Attorneys undertaken in a prosecutorial capacity, such claims are barred because those individuals acted as State officers rather than County policymakers or employees, and the County as a defendant cannot be held vicariously liable therefor.

### THIRD AFFIRMATIVE DEFENSE

306.    Plaintiff's claims are barred, in whole or in part, by the doctrines of absolute prosecutorial immunity and qualified immunity, insofar as the challenged conduct consisted of

discretionary functions or actions intimately associated with the judicial phase of the criminal process.

## FOURTH AFFIRMATIVE DEFENSE

307.    Plaintiff's claims for false arrest and malicious prosecution are barred, in whole or in part, by the existence of probable cause or arguable probable cause, which constitutes justification and a complete defense under federal and state law.

## FIFTH AFFIRMATIVE DEFENSE

308.    Plaintiff's claims are barred to the extent they are untimely under the applicable statutes of limitations, including but not limited to the three-year statute of limitations for claims brought under 42 U.S.C. § 1983 and the one year and ninety day statute of limitations for state law tort claims asserted against a municipal entity.

## SIXTH AFFIRMATIVE DEFENSE

309.    Plaintiff's state law claims are barred, in whole or in part, to the extent he failed to comply with the notice of claim requirements of New York General Municipal Law §§ 50–e and 50–i.

## SEVENTH AFFIRMATIVE DEFENSE

310.    To the extent any deprivation of rights or injuries occurred, they were proximately caused, in whole or in part, by the intervening, superseding, and independent acts of third parties over whom defendant exercised no control, including but not limited to private complainants, the media, and other law enforcement entities.

### EIGHTH AFFIRMATIVE DEFENSE

311.    Defendant did not promulgate or maintain any policy, practice, or custom that was the moving force behind the alleged constitutional deprivations, and therefore cannot be held liable under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

### NINTH AFFIRMATIVE DEFENSE

312.    Plaintiff has not suffered any cognizable injury or damages proximately caused by defendant.  Any damages alleged are speculative, remote, or otherwise not recoverable against defendant.

### TENTH AFFIRMATIVE DEFENSE

313.    Plaintiff's claims for punitive or exemplary damages are barred as a matter of law, because punitive damages are not recoverable against municipal entities under 42 U.S.C. § 1983 or state law.

### ELEVENTH AFFIRMATIVE DEFENSE

314.    Plaintiff's claims are barred, in whole or in part, by the doctrines of collateral estoppel and issue preclusion, based on determinations made in the course of his underlying criminal proceedings.

### TWELFTH AFFIRMATIVE DEFENSE

315.    To the extent plaintiff sustained any injury or damages, such injury or damages were caused or contributed to by the acts or omissions of other persons or entities over whom defendant had no control and for whom defendant bears no responsibility.  Any recovery by plaintiff must therefore be barred or reduced in proportion to plaintiff's own conduct and/or the comparative fault of such other persons or entities.

316.    Defendant reserves the right to assert such additional defenses as may become available during discovery or further proceedings in this action.

## **DEMAND FOR RELIEF**

WHEREFORE, defendant requests this Court to dismiss the complaint and action against it with prejudice and award such other and further relief as the Court deems fair and proper.


DATED:  October 8, 2025                    Respectfully submitted,
East Syracuse, New York

                                           THE WLADIS LAW FIRM, P.C.
                                           */s/ Timothy J. Lambrecht*
                                           Timothy J. Lambrecht, Esq.
                                           Bar Roll No. 510390
                                           *Attorneys for Defendant Broome County*
                                           P. O. Box 245
                                           Syracuse, NY 13214
                                           6312 Fly Rd.
                                           East Syracuse, NY 13057
                                           (315) 445-1700
                                           tlambrecht@wladislawfirm.com


TO:  ***ALL COUNSEL OF RECORD VIA CM/ECF***

***[Certificate of Service Follows]***

34

## CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2025, I caused the foregoing document to be filed electronically with the Clerk of the District Court, Northern District of New York, using the CM/ECF system, which sent automatic and contemporaneous notification of such filing to all counsel who have made an appearance in this action.

*/s/ Timothy J. Lambrecht*
Timothy J. Lambrecht, Esq.
(Bar Roll No. 510390)