UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JORDAN RINDGEN,

                    Plaintiff,              **Action 1**
                                              **3:24-cv-01325 (AJB/MJK)**

      -against-

BROOME COUNTY, ALYSSA CONGDON,
HAILEY DEMKOVICH and
SAMANTHA HERCEG,

                    Defendants.
_____

YARON KWELLER,

                      Plaintiff,              **Action 2**
                                                **3:24-cv-01328 (AJB/MJK)**

      -against-

BROOME COUNTY, ALYSSA CONGDON,
HAILEY DEMKOVICH and
SAMANTHA HERCEG,

                    Defendants.
_____

LEOR KWELLER,

                      Plaintiff,              **Action 3**
                                                **3:25-cv-00343 (AJB/MJK)**

      -against-

ALYSSA CONGDON,
HAILEY DEMKOVICH and
SAMANTHA HERCEG,

                    Defendants.
_____

## AGREED PROTECTIVE ORDER

    IT IS HEREBY STIPULATED AND AGREED, by and among the parties hereto, that the

1

following shall govern the production, use, handling, and/or return of documents, records, depositions, deposition exhibits, and other written, recorded, or graphic material produced during discovery of this case (the Litigation) by any of the parties to this Litigation or by third parties responding to a document request or deposition subpoena (a producing party), and shall also govern the use, handling, and/or return of the information contained in such materials.

1.  "Confidential Material," as used herein, means information that a Designating Party demonstrates in good faith contains specific, non-public information the disclosure of which would likely cause a clearly defined and serious harm cognizable under Rule 26(c). For the avoidance of doubt, information shall not qualify as Confidential Material merely because it appears within, or is attached to, a document that also contains Confidential Material, absent a showing that segregation or redaction is impracticable.

2.  Confidential Material does not include information that is publicly available, previously disclosed without restriction, consists of operative facts concerning the parties' conduct, or is designated solely because it is alleged to be embarrassing, adverse, or damaging to a party's litigation position.

3.  Confidential Material includes personally identifying information such as Social Security numbers or taxpayer-identification numbers, dates of birth, names of minor children, financial account numbers, and non-public home addresses; information protected by the Health Insurance Portability and Accountability Act, 42 U.S.C. § 1320d et. seq., ("HIPAA") and by the Genetic Information Nondiscrimination Act of 2008, 42 U.S.C. § 2000ff et seq., ("GINA"); and trade secrets.

4.  A party designating material as "CONFIDENTIAL" shall limit the designation to the portions of the material that warrant protection and shall use redaction to remove Confidential Material when the remainder of the material can be produced without revealing Confidential Material. Each confidentiality designation shall constitute a certification by counsel that the material has been reviewed

and that the designation is narrowly tailored and necessary to protect against a specific harm cognizable under Rule 26(c). Blanket or strategic designation is prohibited.

5.　　　The term "Designating Party" as used herein shall mean the person or party who produces the Confidential Material or the party who chooses to designate any material as Confidential, regardless of its source. The Designating Party shall have the right to designate material as "CONFIDENTIAL" to the extent the Designating Party believes in good faith that such material contains or reflects Confidential Material as defined in Paragraph 1. At the time of designation, the Designating Party shall identify the basis for the confidentiality designation with sufficient particularity to permit the receiving party to evaluate the designation (e.g., trade secret, protected health information, names of minor children, etc.). The basis may be stated on the face of the designation (where practicable) or in the written notice of designation and shall be supplemented upon written request as needed. Failure to articulate a particularized basis for confidentiality upon request shall constitute grounds for withdrawal of the designation without prejudice to later redesignation upon a sufficient showing.

6.　　　Confidential Material shall be designated or identified as "CONFIDENTIAL." All documents labeled or identified "CONFIDENTIAL" shall refer only to material deemed by the Designating Party to be Confidential Material pursuant to the standards set forth in paragraph 1.

7.　　　Nothing in this Order restricts the use of Confidential Material where disclosure is required by law, court order, ethical obligation, or regulatory process, provided reasonable notice is given where practicable. Otherwise, Confidential Material shall only be used for the purpose of this Litigation and shall not be disclosed or shown to anyone other than:

   (a)  the Court or persons employed by the Court and the jury;

   (b)  the other parties to this Litigation;

   (c)  designated employees or agents of the parties to this Litigation who reasonably

need access to such materials for the prosecution or defense of this Litigation;

(d)    the parties' in-house and outside counsel (including counsel's partners, associates, employees, and staff);

(e)    witnesses or deponents, and their counsel, during the course of or, to the extent necessary, in the course of discovery, preparations for depositions or testimony in this Litigation;

(f)    independent experts, including their staff, retained by the other party and having no permanent employment or permanent consulting relationship with that other party;

(g)    any qualified court reporter, translators, and videographers participating in the proceedings;

(h)    any copy services, document-imaging services, litigation-support services, and database-coding services employed in connection with this Litigation, provided that these individuals or an appropriate company official executes an Agreement to Maintain Confidentiality attached hereto as Exhibit 1; and

(i)    any mediator agreed upon by the parties, provided such person executes an Agreement to Maintain Confidentiality attached hereto as Exhibit 1.

8.    In no event shall any of the materials designated or identified as "CONFIDENTIAL" by any party be disclosed to or used by anyone outside this Litigation or by anyone other than those identified in Paragraph 7(a)-(i). Under no circumstances shall any of the materials designated as "CONFIDENTIAL" be used for any business, commercial, or competitive purpose whatsoever either during the pendency of this Litigation or after this Litigation has been concluded. Nothing in this Order restricts the use of Confidential Material for impeachment, rebuttal, or to establish the truth or falsity of testimony, nor does it restrict reference to information that is independently obtained or lawfully available

through public records.

9. The designation or identification of discovery material as "CONFIDENTIAL" for the purposes of this Order shall be made in the following manner:

(a) In the case of tangible things, by written notice, sent to all counsel of record upon disclosure or production;

(b) In the case of documents and other materials, by affixing the legend "CONFIDENTIAL" to each page containing any Confidential Material, or by identifying by written notice, sent to all counsel of record, the materials as Confidential Material;

(c) In the case of depositions or other pre-trial testimony, designation of the transcript or the portion of the transcript (including exhibits) which contains Confidential Material shall be made: (i) by a statement on the record, by counsel, during the course of the deposition as to which portion(s) are being designated; or (ii) by written notice, sent to all counsel of record within twenty (20) business days after receiving a copy of the transcript thereof; and in both of the foregoing instances, by directing that an appropriate confidentiality legend be affixed to each page of the original and all copies of the transcript containing any Confidential Material.

(d) Confidentiality shall apply only to the specific portions of documents or testimony that contain Confidential Material, and no page, exhibit, or transcript shall be deemed Confidential in its entirety absent a showing that redaction is impracticable.

10. The designation of material as Confidential shall not, by itself, constitute good cause or compelling reasons for sealing. Any party seeking to file material under seal bears the burden of satisfying the applicable legal standard. If a Party wishes to file with the Court documents or things (including

Motions) containing or referring to Confidential Material, the Party shall comply with the Court's applicable rules and procedures for filing materials under seal and shall seek leave of Court where required. Whenever practicable and consistent with applicable rules, the filing party shall file a public version with targeted redactions of Confidential Material and file an unredacted version under seal. If filed in hard copy, the submission shall be filed in a sealed envelope bearing the caption of this action and a notice in the following form:

**CONFIDENTIAL INFORMATION**
**[Caption of Case]**
**This envelope, which is being filed under seal,**
**contains documents that are subject to a Protective**
**Order governing the use of confidential discovery material.**

11.    If counsel for a party receiving documents or information designated as Confidential objects to such designation of any or all such items, the following procedure shall apply:

(a)    Counsel for the objecting party ("Challenging Party"), within 30 days after receiving the Discovery Material at issue or otherwise learning of the basis for the objection, shall notify the Designating Party in writing of its objection and identify the specific Discovery Material at issue and the basis for the objection.  The parties shall meet and confer in good faith in an effort to resolve the dispute.

(b)    If the parties are unable to resolve the dispute through the meet-and-confer process, the Challenging Party shall timely request a conference with the Court by letter in accordance with Local Rule 37.1 of the Local Rules of the Northern District of New York.  The Challenging Party shall not file a motion regarding the challenged designation unless authorized by the Court following the Local Rule 37.1 process.

(c)    Pending resolution of the dispute by agreement of the parties or order of the Court, the Discovery Material at issue shall continue to be treated as designated under this

Order.

12.     Notwithstanding any challenge to the designation of material as Confidential Material, all material designated as Confidential shall be treated as Confidential Material unless and until one of the following occurs:

(a)     the Designating Party who claims that the material is Confidential Material withdraws such designation in writing; or

(b)     the Court rules the challenged Discovery Material is not Confidential Material.

13.     Every person given access, pursuant to this Order, to Confidential Material, or information derived therefrom, shall be advised that the material or information is being disclosed pursuant to and subject to the terms of this Order and may not be disclosed other than pursuant to the terms thereof. All persons listed in Paragraph 7(c), (e), 7(f), 7(h), and 7(i) above, who are given access to Confidential Material or information derived therefrom pursuant to this Order, shall be required to confirm their understanding and agreement to abide by the terms of this Agreement by signing a copy of Exhibit 1, provided that non-party witnesses to whom Confidential Material is first disclosed at a deposition need not be required to sign a copy of Exhibit 1 in order to be bound by the terms hereof.  Counsel shall keep and safeguard, during the pendency of the Litigation, any copies of Exhibit 1 that counsel shall cause to be executed.  Such executed documents shall be required to be disclosed only upon further order of the Court.

14.     Producing or receiving Confidential Material, or entering into, or agreeing to, or otherwise complying with the terms of this Order, shall not:

(a)     Preclude any party from seeking additional protection for discovery materials other than accorded herein and/or designating materials previously produced as Confidential;

7

(b)    Prejudice in any way the rights of a producing party to object to the production of documents they consider not subject to discovery; or

(c)    Prevent the parties to this Litigation from agreeing to alter or waive the provisions of protection provided herein with respect to any particular discovery material; and

(d)    Prevent a party from objecting to designation of information as Confidential or seeking a court order modifying the designation.

15.    This Protective Order has no effect upon, and shall not apply to, the parties' use of their own Confidential Material for any purpose.

16.    If a document or other material is inadvertently produced without any designation of confidentiality, a party may nevertheless thereafter assert the confidentiality of the documents or material, and the parties shall thereafter treat the documents or material as Confidential Material consistent with the party's designation.

17.    If a party learns that Confidential Material received in discovery pursuant to this Order has been the subject of a data breach, that party must promptly notify the Designating Party of the breach and cooperate with the Designating Party to address the breach.

18.    The inadvertent or mistaken production of any information, document, or thing protected by attorney-client privilege or work-product immunity in this Litigation shall not constitute a waiver of any attorney-client privilege or work-product protection that may be asserted by the producing party either in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). When the inadvertent or mistaken production or disclosure of any information, document, or thing protected by attorney-client privilege or work-product protection is discovered by or brought to the attention of the producing party, the treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). That treatment

shall be deemed to comply with any obligations the producing party would otherwise have had pursuant to Fed. R. Evid. 502(b) or under the common law. Nothing herein restricts the right of the receiving party to challenge the producing party's claim of attorney-client privilege or work-product protection within a reasonable time after receiving notice of the inadvertent or mistaken production or disclosure.

19.    If a non-party serves a party in this Litigation with a request, subpoena, or order ("demand") for disclosure of Confidential Material, the party receiving the demand, if not prohibited under applicable law, shall promptly deliver a copy of the demand to the Designating Party's counsel, and shall notify the non-party who served the demand that some or all of the materials sought are subject to this Order. The party receiving the demand, unless required by law, shall not disclose any Confidential Material prior to the date specified for disclosure, or prior to resolution of any dispute regarding production of such material in response to the demand, whichever is later. In its sole discretion and at its own cost, the Designating Party may oppose or seek to limit the demand in any legal manner.

20.    Any party appearing pro se in this Litigation shall be bound by the terms of this Order and shall be required to execute the Agreement to Maintain Confidentiality attached hereto as Exhibit 1 prior to receiving any Confidential Material. A pro se party's access to Confidential Material shall be subject to the same restrictions applicable to represented parties under Paragraph 7. Any pro se party who violates the terms of this Order shall be subject to sanctions as the Court deems appropriate.

21.    This Order, insofar as it restricts the communication and use of Confidential Material, shall continue to be binding throughout and after the conclusion of this Litigation, including any appeals. Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the producing party all materials and documents containing Confidential Material, and to certify to the

producing party that this destruction or return has been done. However, outside counsel for any party is entitled to retain all discovery products, court papers, trial transcripts, exhibits, and attorney work product provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.  This obligation shall not apply to materials retained pursuant to ethical obligations, insurance requirements, or lawful record-keeping practices, provided such materials remain subject to this Order.

22.    Any dispute concerning the application of this Order shall be heard by the Court upon notice by the objecting party.

Dated this __9th__ day of __June_____, 2026.


_____
HONORABLE MITCHELL KATZ
UNITED STATES MAGISTRATE

**AGREED TO AND ACCEPTED:**

ZIFF LAW FIRM, LLP

By:_____*/s/Michael Brown*_____
        Michael Brown
Bar Roll No. 5105440
*Attorneys for Plaintiff Jordan Rindgen*
303 William Street
Elmira, New York 14902
mbrown@zifflaw.com

THE FAST LAW FIRM, P.C.

By:_____*/s/Elena Fast*_____
        Elena Fast
Bar Roll No. 702080
*Attorneys for Plaintiff Yaron Kweller*
521 Fifth Avenue – 17th Floor
New York, NY  10175
elena@fastlawpc.com

NEWIRTH LINEHAN, PLLC

By:____/s/Karen Newirth_____
         Karen Newirth
Bar Roll No. 705865
*Attorneys for Plaintiff Yaron Kweller and Leor Kweller*
99 Park Avenue, PH
New York, NY  10016
karen@newirthlinehan.com


MICHELEN LAW, P.C.

By:____/s/Oscar Michelen_____
         Oscar Michelen
Bar Roll No. 705863
*Attorneys for Plaintiffs Yaron Kweller and Leor Kweller*
200 Old Country Road - Suite 2 South
Mineola, NY 11501
oscar@michelenlaw.com


SARAFA ZELLEN, PLLC

By:_____/s/Andrea L. Zellan_____
         Andrea L. Zellan
Bar Roll No. 705985
*Attorneys for Plaintiff Leor Kweller*
43 West 43rd Street, Suite 370
New York, NY  10036
azellan@sarafazellan.com


THE WLADIS LAW FIRM, PC

By:____/s/Timothy J. Lambrecht_____
         Timothy J. Lambrecht
Bar Roll No. 510390
*Attorneys for Defendant Broome County*
P.O. Box 245
Syracuse, NY  13214
tlambrecht@wladisfirm.com


HACKER MURPHY, LLP

By:__/s/ James C. Knox_____
         James C. Knox, Esq.
Bar Roll No. 517109
*Attorneys for Defendant Alyssa Congdon*
Office & P.O. Address

11

28 Second Street
Troy, New York   12180
jknox@hackermurphy.com


By:___/s/Hailey Demkovich_____
HAILEY DEMKOVICH
*Pro Se Defendant*
422 Payne Road
Endicott, NY 13760
Hdemkovich1125@yahoo.com

BOUSQUET HOLSTEIN PLLC

By:____/s/Kavitha Janardhan_____
        Kavitha Janardhan
Bar Roll No. 519962
*Attorneys for Defendant Samantha Herceg*
110 West Fayette Street
One Lincoln Center, Suite 1000
Syracuse, NY 13202
kjanardhan@bhlawpllc.com
lordway@bhlawpllc.com

12

# EXHIBIT 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JORDAN RINDGEN,

                        Plaintiff,                **Action 1**
                                                   **3:24-cv-01325 (AJB/MJK)**

      -against-

BROOME COUNTY, ALYSSA CONGDON,
HAILEY DEMKOVICH and
SAMANTHA HERCEG,

                        Defendants.
_____

YARON KWELLER,

                        Plaintiff,                **Action 2**
                                                     **3:24-cv-01328 (AJB/MJK)**

      -against-

BROOME COUNTY, ALYSSA CONGDON,
HAILEY DEMKOVICH and
SAMANTHA HERCEG,

                        Defendants.
_____

LEOR KWELLER,

                        Plaintiff,                **Action 3**
                                                     **3:25-cv-00343 (AJB/MJK)**

      -against-

ALYSSA CONGDON,
HAILEY DEMKOVICH and
SAMANTHA HERCEG,

                        Defendants.
_____

## AGREEMENT TO MAINTAIN CONFIDENTIALITY

    I have read the Protective Order (the "Order") in the above captioned litigation. I understand that,

14

under the terms of the Order, I may have access to Confidential Material.  I agree to be bound fully by the terms and conditions of the Order.  I hereby submit to the jurisdiction of the United States District Court for the Northern District of New York for the purposes of the enforcement of the Order.

Signature: _____

Print Name: _____

Date: _____